IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC.; and INTELIQUENT, INC., <br><br> Defendants. | Hon. John Z. Lee <br><br> Case No. 1:19-cv-07190 |

**INTELIQUENT, INC.'S MOTION TO DISMISS**
**FIRST AMENDED CLASS ACTION COMPLAINT**

Inteliquent, Inc. ("Inteliquent"), respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the First Amended Class Action Complaint ("complaint"). The reasons set forth in detail in Inteliquent's accompanying memorandum of law warrant dismissal. In addition, Inteliquent states the following in support of its motion to dismiss:

1. Each of the counts against Inteliquent in the complaint fails to state a claim upon which relief can be granted.

2. Inteliquent joins the motion to dismiss under Rule 12(b)(6) and 12(b)(1) filed by defendant T-Mobile, USA, Inc. ("T-Mobile") and each of the arguments T-Mobile makes in its separate memorandum supporting T-Mobile's motion to dismiss (pertaining to the Counts that are brought against Inteliquent and T-Mobile). For example, the arguments that Inteliquent joins include, without limitation, the arguments in T-Mobile's motion that: (i) the complaint does not plausibly allege any injury resulting from T-Mobile's alleged conduct; (ii) Counts II-III alleging violations of the Communications Act do not plausibly state violations and are also time-barred;

1

(iii) Count IV should be dismissed because the plaintiffs fail to allege proximate cause, it does not allege any predicate act with specificity, and it does not allege the use of the wires intended to deprive anyone of property or money; (iv) Count V should be dismissed because the plaintiffs fail to allege any RICO conspiracy; (v) plaintiffs' prayer for punitive damages in Counts IV and V should be dismissed; (vi) Count VII alleging violations of the Illinois Consumer Fraud Act should be dismissed because the plaintiffs lack standing as non-consumers; and (vii) Count VIII alleging civil conspiracy should be dismissed. Inteliquent joins these and any other arguments T-Mobile raises that apply to the Counts against Inteliquent.

3. Inteliquent's separate memorandum of law in further support of this motion addresses the Counts alleged against it.

4. As the defendants stated to the Court in their December 9, 2019 motion for extension of time (ECF 21), they have worked to avoid undue repetition in their motion to dismiss briefs.

5. Inteliquent has also filed a separate motion for primary jurisdiction referral. That motion is made in the alternative in the event that the Court does not grant the motion to dismiss. As explained in the motion to dismiss briefs, there is no basis in law for the Court to rule that the complaint has stated a claim against Inteliquent, and the complaint therefore should be dismissed. If the Court has any lingering question whether there was any issue that could supply any claim here (there is none), then the only appropriate action would be to refer certain questions to the Federal Communications Commission before permitting any claims against Inteliquent to proceed.

WHEREFORE, Inteliquent requests that this Court grant this Motion, and order any other such relief that the Court deems just and proper.

**Dated**: January 15, 2020 Respectfully submitted,

By: */s/ John J. Hamill*
John J. Hamill
john.hamill@dlapiper.com
Michael S. Pullos
michael.pullos@us.dlapiper.com
Devin Carpenter
devin.carpenter@us.dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.7036/2176
Fax: 312.251.5809/312.630.6350

*Attorneys for Inteliquent, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney, on oath, certifies that on January 15, 2020, he served the foregoing **Motion to Dismiss First Amended Class Action Complaint** via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Northern District of Illinois.

By: */s/ John J. Hamill*
John J. Hamill