IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) ) | |
| Defendants. | ) | |

## T-MOBILE USA, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, T-Mobile USA, Inc. (TMUS), by and through its attorneys, respectfully submits this Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 19 ("FAC")) pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6).

This putative class action lawsuit in an opportunistic attempt by Plaintiffs to parlay a negotiated Consent Decree between TMUS and the Federal Communications Commission into an unwarranted windfall for them. The Consent Decree, which Plaintiffs make the centerpiece of the FAC, does not even reference Plaintiffs or address any conduct that TMUS directed towards Plaintiffs. And, although Plaintiffs claim a variety of alleged injuries that they supposedly sustained, the Consent Decree does not make findings as to, or support, any of them.

Plaintiffs are "local exchange carriers" in Indiana and Minnesota whose business is to deliver calls, including long-distance calls from wireless carriers such as TMUS, to Plaintiffs' customers' landlines. Plaintiffs define the putative class as:

> All local exchange carriers that had calls placed to their customers from a [TMUS] customer which had fake ring tones [described in the Consent Decree as "Local Ring Back Tones" or "LRBT"] inserted into the call that masked the blocked or delayed delivery of the call to the local exchange carrier's network.

(FAC ¶ 318.)

When they were in use by TMUS, LRBT would sometimes be heard by a caller if, after some time, a call had not yet reached the intended call recipient. Without LRBT, the caller would have heard prolonged dead air. The callers who heard LRBT were TMUS customers, not Plaintiffs or their customers. Thus, whatever impact, if any, hearing LRBT may have had on TMUS's own customers, it had no impact on Plaintiffs' customers or on Plaintiffs themselves.

Plaintiffs allege eight counts against TMUS: Counts I-III assert violations of Sections 201(b) and 202(a) of the Communications Act (FAC ¶¶ 329–51); Count IV asserts a RICO violation (*id.* ¶¶ 352–90); Count V asserts a conspiracy to violate RICO (*id.* ¶¶ 391–400); Count VI asserts a claim for tortious interference with contract (*id.* ¶¶ 401–06); Count VII asserts a violation of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (*id.* ¶¶ 407–16); and Count VIII asserts a claim for civil conspiracy (*id.* ¶¶ 417–23).

Notwithstanding the length and seeming complexity of the sprawling FAC, it should be dismissed for the simple reason that Plaintiffs have failed to plead a plausible theory of injury. Simply put, Plaintiffs do not—because they cannot—plausibly allege they were harmed by the use of LRBT.

The FAC should also be dismissed for a variety of additional reasons. Counts II and III (Communications Act violations) should be dismissed because the FAC does not sufficiently allege any violation of the Communications Act and the claims are barred by the applicable statute of limitations. Count IV (RICO) should be dismissed because the FAC fails to adequately allege proximate causation, any predicate acts of wire fraud with the particularity required by

Rule 9(b), or that TMUS intended to deprive Plaintiffs or anyone else of property or money, as is required to properly plead wire fraud. Count V (RICO conspiracy) should be dismissed because the FAC fails to state a viable underlying RICO claim and because the FAC does not allege the existence of an agreement with co-Defendant Inteliquent, Inc. to commit an illegal act. Count VI (tortious interference) should be dismissed because the FAC does not identify any specific valid and enforceable contract, a third party to the contract, a breach by the third party, or that TMUS intended to induce a breach of a contract. Count VII (ICFA) should be dismissed because the FAC does not allege facts that would confer standing on Plaintiffs, who are not Illinois consumers or residents and whose injury has no nexus to consumer injury. Count VIII (civil conspiracy) should be dismissed because the FAC does not adequately allege the existence of an agreement, and because the FAC neither identifies nor properly states a claim for an underlying tort.

Dated: January 15, 2020	Respectfully submitted,

*/s/ Nigel F. Telman*
Nigel F. Telman
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3550
(312) 962-3551 (fax)
ntelman@proskauer.com

Bradley I. Ruskin (admitted *pro hac vice*)
Michael T. Mervis (admitted *pro hac vice*)
Baldassare Vinti (admitted *pro hac vice*)
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3249
(212) 969-2900
bruskin@proskauer.com
mmervis@proskauer.com
bvinti@proskauer.com

## **CERTIFICATE OF SERVICE**

I, Nigel F. Telman, one of the attorneys for Defendants, T-Mobile USA, Inc., certify that I caused a copy of the attached MOTION TO DISMISS to be served by email via the Court's ECF System, upon counsel for Plaintiffs:

David T.B. Audley
Mia D. D'Andrea
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Email: audley@chapman.com
Email: dandrea@chapman.com
Cathy A. Hinger
G. David Carter
Womble Bond Dickinson (US) LLP
1200 19th Street, NW, Suite 500
Washington, DC 20036
Email: cathy.hinger@wbd.us.com
Email: david.carter@wbd.us.com
Kurt Weaver
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27061
Email: kurt.weaver@wbd-us.com
John Hamill
Michael Pullos
Counsel for Inteliquent, Inc.
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
Email: john.hamill@dlapiper.com
Email: michael.pullos@dlapiper.com

this 15th day of January, 2020.

/s/*Nigel F. Telman*