IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC., <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC.; and INTELIQUENT, INC., <br><br> Defendants. | Hon. John Z. Lee <br><br> Case No. 1:19-cv-07190 |

**INTELIQUENT, INC.'S MOTION TO DISMISS**
**SECOND AMENDED CLASS ACTION COMPLAINT**

Inteliquent, Inc. ("Inteliquent"), respectfully moves pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Second Amended Class Action Complaint ("complaint"). Inteliquent's accompanying memorandum of law sets forth in detail the reasons why Counts II, III, IV, V and VII against Inteliquent should be dismissed. Consistent with the Court's November 16, 2020 decision (ECF 91), Inteliquent does not seek dismissal of Count VIII (civil conspiracy).[1] In addition, Inteliquent states the following in support of its motion to dismiss:

1. Counts II, III, IV, V and VII against Inteliquent fail to state a claim upon which relief can be granted.

2. Inteliquent expressly joins the motion to dismiss under Rule 12(b)(1) and 12(b)(6) filed by defendant T-Mobile, USA, Inc. ("T-Mobile") and each of the arguments T-Mobile makes in its separate memorandum supporting T-Mobile's motion to dismiss (pertaining to the counts that are brought against Inteliquent and T-Mobile). For example, the arguments that Inteliquent

---

[1] Counts I and VI are again not brought against Inteliquent.

joins include, without limitation, the arguments in T-Mobile's motion and brief that: (i) the complaint again does not plausibly allege any "lost access charges" theory of injury resulting from T-Mobile's alleged conduct (Part I.A and I.B of T-Mobile's brief); (ii) Count IV and V should be dismissed because the complaint continues to fail to plead that T-Mobile acted with intent to defraud anyone of money or property (Part II of T-Mobile's brief); (iii) plaintiffs' prayer for punitive damages in Counts IV and V should be dismissed (Part II of T-Mobile's brief); and (iv) Count VII alleging violations of ICFA should be dismissed because the plaintiffs continue to lack standing as non-consumers (Part IV of T-Mobile's brief). Inteliquent joins these and any other arguments T-Mobile raises that apply to the Counts against Inteliquent.

3. Inteliquent's separate memorandum of law in further support of this motion addresses the Counts alleged against it.

4. As the defendants stated to the Court at the December 17, 2020 status hearing, they have worked to avoid undue repetition in their motion to dismiss briefs.

WHEREFORE, Inteliquent requests that this Court grant this Motion, and order any other such relief that the Court deems just and proper.

**Dated**: January 12, 2021

Respectfully submitted,

By: _/s/ John J. Hamill_____
John J. Hamill
john.hamill@dlapiper.com
Michael S. Pullos
michael.pullos@us.dlapiper.com
Devin J. Carpenter
devin.carpenter@us.dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.7036/2176
Fax: 312.251.5809/312.630.6350

*Attorneys for Inteliquent, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned attorney, on oath, certifies that on January 12, 2021, he served the foregoing **Motion to Dismiss Second Amended Class Action Complaint** via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Northern District of Illinois.

      By: _/s/ John J. Hamill_____
           John J. Hamill