THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| T-MOBILE USA, INC.; and INTELIQUENT, INC., | ) ) ) ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Notification of Docket Entry [ECF No. 95], the parties respectfully submit this Joint Status Report.

I. **CURRENT DEADLINES IMPOSED BY THE COURT AND WHETHER MATTER HAS BEEN REFERRED TO A MAGISTRATE JUDGE IN ANY FASHION**

There are currently no Court ordered deadlines and there is no scheduling order. This matter has not been referred to a Magistrate Judge for any purpose.

II. **PROGRESS OF DISCOVERY**

Discovery has not yet commenced. This case was assigned to the Mandatory Initial Discovery Pilot Project ("MIDP") [ECF No. 6]. On December 26, 2019, Plaintiffs filed a Motion to Establish Date for Initial Disclosures and to Commence Discovery [ECF No. 31] ("Motion for Discovery") seeking relief from the MIDP's general bar on discovery pending resolution of motions to dismiss. On December 30, 2019, Plaintiffs emailed Defendants proposed Rule 26(f) agreements, a proposed ESI plan and a proposed confidentiality order, together with a request for

a Rule 26(f) conference on either January 6 or 7, 2020. Defendants opposed the Motion for Discovery on January 2 and 3, 2020 based on the MIDP and the Northern District of Illinois's explanation for certain amendments to the MIDP. [ECF Nos. 36, 38]. The parties met and conferred on January 7, 2020. During that call, Defendants explained their position that substantive discussion of discovery was premature under the MIDP and that under the Court's individual rule on the MIDP, the parties need not file a joint status report for the conference scheduled on January 22, 2020. Plaintiffs disagreed and filed their sections of the joint status report on January 8, 2020. [ECF No. 45.]

Following the January 22, 2020 status conference [ECF No. 59], the Court took the Motion for Discovery under advisement, stating:

> With regard to plaintiffs' motion for discovery pending ruling on the motion to dismiss, I'm going to take that under advisement. I'm going to wait until all the briefings are in on the motions to dismiss; take a look at them; get a better sense of both sides of the issue; and, then, I'll issue a short order thereafter.

[ECF No. 60, 23:15-20.]

On July 21, 2020, the parties filed a Joint Status Report [ECF No. 89], in which Plaintiffs requested a telephonic hearing for the purpose of determining whether discovery in this matter may commence and for a determination that the MIDP rules are no longer applicable in this case. [*Id.*, § 5.] Defendants opposed this request on the grounds that the MIDP rules continue to apply. [*Id.*]

On November 16, 2020, the Court granted in part and denied in part Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint ("FAC"). Plaintiffs filed a Second Amended Complaint ("SAC") on December 12, 2020 [ECF No. 94].

On December 17, 2020, the Court held another status hearing, during which the Court asked the parties about their positions on discovery. Plaintiffs asserted, consistent with their

2

Motion for Discovery, that discovery should begin because (1) the Court had already determined that several counts in the FAC were sufficiently pled and would proceed; (2) the SAC pleads many new facts that cure the insufficiencies the Court identified with the Counts it dismissed without prejudice; and, (3) a long time had elapsed since Plaintiffs filed this class action. [ECF 96 at 5:2-13.]

Defendants indicated that they would be partially renewing their motions to dismiss the FAC because it was their belief that the SAC should be dismissed for the same reasons and to the same extent that the FAC was dismissed in the Court's November 16, 2020 decision. Defendants stated that they did not believe any of Plaintiffs' amendments stated new facts that would affect the Court's prior decision. Defendants stated that if discovery were to commence, it should be limited to the "depletion of customer service resources" injury that Plaintiffs claim they suffered and that the Court did not dismiss in its November 16, 2020 decision.

The Court directed the parties to file this joint status report on February 19, 2021 (on which date briefing on Defendants' motions to dismiss the SAC would be complete), and stated:

> Furthermore, I'd like the parties to submit a joint – to do their 26 conference and submit a joint status report by February 19th setting forth the parties' respective positions as to discovery. And I'll take a look at it. And by that time, the motion will be briefed. So, I'll take a look at the motion, and then I will issue a short order on whether I think discovery should proceed and on what basis. If I do need to talk to the parties before I make that decision, I'll just set another status hearing before I do.

[ECF No. 96 at 9:2-10.]

### III. THE STATUS OF BRIEFING ON UNRESOLVED MOTIONS

The following motions have been fully briefed and are pending:

1. Plaintiffs' Motion to Establish Date for Initial Disclosures and to Commence Discovery [ECF No. 31]

2. Inteliquent's Motion to Dismiss Second Amended Complaint [ECF No. 97]

3. T-Mobile's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 100]

## IV. STATUS OF SETTLEMENT DISCUSSIONS, IF ANY

The parties have not been engaged in any settlement discussions.

## V. AGREED PROPOSED SCHEDULE

The parties have not agreed on a proposed discovery schedule.

**Plaintiffs' Position**

Plaintiffs request that the Court should issue the following schedule:

- Defendants ordered to respond to Plaintiffs' proposed Rule 26(f) materials served on December 30, 2019 and participate in the Rule 26(f) Conference by March 5, 2021;

- Rule 26(f) Report filed by March 19, 2021;

- Pursuant to Fed. R. Civ. P. 16 (b)(1)(A), the Court issues a Scheduling Order by April 2, 2021.

In support of this proposed schedule, Plaintiffs believe that the Court should authorize the commencement of discovery. Pursuant to Fed. R. Civ. P. 16(b)(2) & (3), the Court is required to issue a scheduling order, which must include a deadline for the close of discovery, within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared. Defendants were served on November 7, 2019, and they first appeared in this action on December 9, 2019. [ECF 11, 12, 20, 23.] While this Rule may have initially been displaced by assignment of this case to the Mandatory Initial Disclosure Pilot Project ("MIDP"), assignment of cases to that program concluded on June 1, 2020 and it has not been renewed. This case has not benefitted from that program, nor will applying the MIDP rules now serve the MIDP's purpose of beta testing its application to cases over a three-year study period that has at this point expired.

Even if the program still applies as Defendants assert, Defendants were required to respond to the Mandatory Initial Disclosures ("MID") within 30 days after filing their first responsive pleading. [12/18/19 MIDP Order ¶ (A)(4).] Since Defendants filed Answers to the claims that survived their first motions to dismiss on January 12, 2021, they should have already issued responses to the MIDs. [ECF 99, 102.] They have not done so and their failure to do so should be construed as an admission by Defendants that the MIDP no longer applies in this action. The MIDP order identifies only two exceptions to non-compliance with it: (1) if the court approves a stipulated agreement; (2) the parties certify to the court they expect the matter to settle within thirty days. [12/18/19 MIDP Order ¶ (A)(4).] Neither circumstance applies here. Neither the Amended MIDP Order nor the explanatory statement of it published on the Court's website state that if an Answer is filed in response to some, but not all counts, the 30-day deadline to respond to the MID is stayed. [*Id*.] Defendants cite no authority obviating the obligation to serve MIDs within thirty days of filing their January 12, 2021 Answers. Plaintiffs disagree with Defendants' assertion that there is a default rule under the MIDP that discovery need not proceed because the MIDP says disclosures must be made after an Answer is filed, and does not address partial motions to dismiss. [ECF No. 36.] Therefore, even if the MIDP applies, a Rule 26(f) conference is required anyway, MIDs must be served as a result of the Answers, and thereafter discovery commences.

Plaintiffs did not serve MID responses either, because they believe the MIDP does not apply, not only for the foregoing reasons, but because of the Court's commentary at the recent status conference, where the Court stated, "I'd like the parties to submit a joint – to do their 26 conference and submit a joint status report," but said nothing about service of MIDs or the MIDP. [ECF 95 & 96 at 9:2-4.] The Court did not set a deadline for the Rule 26(f) conference in its December 17, 2020 Minute Order, but Plaintiffs understood its statement at the hearing to be

consistent with this case following the ordinary Federal Rules of Civil Procedure discovery process. For all of these reasons, to give effect to the Court's statement about the parties conducting a Rule 26(f) Conference, a deadline for the Rule 26(f) conference should be scheduled, with merits and class discovery proceeding thereafter.

Plaintiffs are entitled to issuance of a scheduling order and a full Rule 26(f) conference unfettered by Defendants' non-rules based "meet and confer" about conducting discovery from Plaintiffs concerning their damages only. Defendants' obvious motive in advocating for damages discovery only is to prevent Plaintiffs from obtaining evidence of the full scope and breadth of their conspiracy, without which Plaintiffs cannot fully establish the scope and breadth of their damages. Such a one-sided procedure is unheard of and finds no support in either the MIDP Orders or the Federal Rules of Civil Procedure. The Court has already decided the conspiracy and some Communications Act claims are going forward. Arbitrary delay or preemptive limitations on discovery concerning these claims would be patently unfair to Plaintiffs and the class they represent, and would contravene the rules of discovery.

### **Defendants' Position**

Regarding discovery, Plaintiffs reargue points that have already been fully briefed and presented to the Court. [*See* ECF Nos. 32, 36, 38, 60, 96.] The MIDP, to which this case has been assigned [ECF No. 6], and the Northern District of Illinois's explanation for certain amendments to the MIDP make clear that the default rule under the MIDP is that discovery need not proceed while a motion to dismiss is pending. [ECF No. 36.]

At the December 17, 2020 conference, the Court stated that the parties should set forth their respective positions as to discovery in this report and that, upon reviewing it and Defendants' currently pending motions to dismiss, the Court would "issue a short order on whether . . .

discovery should proceed and on what basis." [ECF No. 96 at 9:7-8]. To date, the Court has not ordered discovery to commence, which as discussed above, is consistent with the MIDP.

Defendants respectfully submit that all discovery continue to be stayed until resolution of Defendants' partial motions to dismiss the SAC. It is Defendants' position that the SAC suffers from the same deficiencies of the FAC. Accordingly, for purposes of efficiency Defendants do not believe it would make sense for the parties to engage in the exercise of agreeing upon a full discovery schedule and plan until the Court rules on the pending motions to dismiss the SAC which, as of this date, are fully briefed.

Should the Court believe that some discovery should go forward during the pendency of Defendants' motions to dismiss the SAC, Defendants would be amenable to having a limited meet and confer on the scope and timing of discovery on Plaintiffs' claimed "depletion of customer service resources" injury that the Court declined to dismiss in its November 16, 2020 decision, and would agree to hold that meet and confer by March 5, 2021 (the date proposed by Plaintiffs, above).

### VI. PROPOSED AMENDED SCHEDULE

This inquiry is not applicable since there is no schedule in this case.

### VII. REQUEST FOR ANY AGREED ACTION THAT THE COURT CAN TAKE WITHOUT A HEARING

The parties have not reached consensus regarding any such request.

### VIII. REQUEST FOR TELEPHONE OR IN-PERSON HEARING WITHIN NEXT 60 DAYS

**Plaintiffs' Position**

Plaintiffs respectfully request that the Court hold a telephonic hearing at the Court's earliest opportunity for oral argument on Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint. Given the voluminous record in this matter, complexity of the issues, and large number

of putative class members represented by Plaintiffs, Plaintiffs respectfully assert that oral argument may assist the Court in resolving the many issues in dispute concerning the sufficiency of the pleading. Plaintiffs also maintain that a hearing would be useful to clarify whether the MIDP rules are no longer applicable to discovery in this matter. In that regard, Plaintiffs observe that the assignment of new cases into the MIDP concluded on June 1, 2020, and it does not appear that the MIDP has been renewed. Accordingly, the parties have not benefited from assignment to the MIDP, which was intended to make discovery more efficient. For this reason, Plaintiffs request that the Court clarify that the parties no longer remain bound by the MIDP in an order, or take this matter up for discussion at a hearing also addressing Defendants' pending motions to dismiss. Given that some claims are certainly going forward, even if the Court considers the MIDP rules still applicable, they should not prohibit discovery from commencing as to those claims Defendants have answered.

**Defendants' Position**

Unless the Court believes it would be useful, Defendants do not believe there is a need for oral argument regarding Defendants' Partial Motions to Dismiss Plaintiffs' SAC, because the SAC fails to state a claim for the same reasons that this Court held the FAC failed to state a claim and the Court is fully apprised of all of the relevant arguments. There are neither any material nor relevant changes to the Plaintiffs' allegations. Similarly, with respect to the MIDP, as stated in the parties' July 21, 2020 Joint Status Report [ECF No. 89], Defendants believe that it is clear that the MIDP continues to apply in this case. The fact that new cases filed after June 1, 2020 are no longer within the scope of the initial three-year period of the MIDP has no bearing on the present matter, which was assigned into the MIDP prior to the conclusion of that initial three-year period [see ECF No. 6].

Dated: February 19, 2021        Respectfully submitted,

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Womble Bond Dickinson (US) LLP
1200 19th Street, NW, Suite 500
Washington, DC 20036
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Facsimile: 919-755-6770
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*