THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| T-MOBILE USA, INC.; and INTELIQUENT, INC., | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION FOR ORAL ARGUMENT

Pursuant to N.D. Ill. R. 78.3, Plaintiffs Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC ("Plaintiffs"), on behalf of themselves and a class of similarly-situated companies, respectfully request that this Court permit oral argument on two discrete issues raised in Defendants T-Mobile USA, Inc.'s and Inteliquent, Inc.'s Replies in Support of their Motions to Dismiss Second Amended Class Action Complaint (ECF 107 and 109).

Defendants' Replies grossly misconstrue Plaintiffs' new and additional allegations in their Second Amended Complaint ("SAC") (ECF 94), as well as their arguments in support thereof, as merely containing matters that have already been considered and decided by the Court in its prior Order (ECF 91). (*See* ECF 109, at 3; ECF 107, at 1.) This is incorrect. Defendants' Replies and rhetoric cannot overshadow the substantial changes made in and factual allegations added to the SAC which demonstrate that Plaintiffs' claims are plausible as a matter of law.

Specifically, Plaintiffs request the opportunity to correct Defendants' misstatements of both fact and law regarding: (1) the availability of terminating access charges as damages in Counts

II and III regarding the Communications Act of 1934 ("Act"), 47 U.S.C. §§ 201(b), 202(a); and (2) Inteliquent's liability under the Act.[1]

T-Mobile's Reply wrongly (and broadly) asserts that the SAC "is not materially different" on the issue of terminating access charges, "mischaracterizes the FCC documents," and is "illogical." (ECF 109, at 3-5.) However, T-Mobile fails to deal with any of the SAC's new and specific allegations or that Plaintiffs have properly and sufficiently plead that economic damages flow from T-Mobile's wrongful conduct. For example, the SAC alleges that every time a call was not completed due to the Defendants' fake ring tone scheme, Plaintiffs were directly harmed by not receiving access charges for termination of those calls. (SAC ¶¶ 2, 10, 14, 86-87.) The fact that T-Mobile disputes Plaintiffs' allegations with only broad conclusory assertions in its Reply is a position for another day and not appropriate in a motion to dismiss context. Plaintiffs submit that oral argument will be beneficial to the Court's resolution of such disputes by allowing Plaintiffs to respond to T-Mobile's erroneous positions and demonstrate its Reply's criticisms of the SAC are not substantiated.

The issue of Inteliquent's liability under the Act also warrants oral argument to deal with Inteliquent's ill-conceived arguments on the FCC standards applicable to it. Inteliquent's Reply audaciously oversimplifies the FCC's *2012 Declaratory Ruling* as well as the FCC's complex regulatory structure by arguing Plaintiffs' position is merely "to say the same things all over again, just with more words this time." (ECF 107, at 2.) But even Inteliquent concedes that the applicable FCC standards comprise "myriad factors" and have been "methodically addressed" when it

---

[1] Notwithstanding Defendants' hyperbole and contortions of Plaintiffs' SAC as to Counts IV and V (RICO), VI (tortious interference), and VII (ICFA), Plaintiffs stand on their Responses to show Defendants' arguments are without merit. Of course, if the Court has specific questions as to those claims, Plaintiffs welcome the opportunity to be responsive.

2

previously characterized them as being "impossible" to navigate and demanding FCC referral to understand them. (ECF 51, at 2-3, 11.) Plaintiffs should be afforded oral argument to wade through the rhetoric of Inteliquent's Reply and highlight the facts in its SAC which demonstrate Inteliquent's status as a "carrier" along with its duties to not engage in the conduct alleged by Plaintiffs. (SAC ¶¶ 383-402.)

Given Defendants' Replies and their arguments to date, Plaintiffs respectfully submit that oral argument will assist the Court and is justified in order to highlight Plaintiffs' new allegations in the SAC and reveal the defects in Defendants' Reply arguments.

Dated: March 3, 2021              Respectfully submitted,

  /s/   David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
1200 19th Street, NW, Suite 500
Washington, DC 20036
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com

3


Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Facsimile: 919-755-6770
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of March, 2021, I served the foregoing **Plaintiffs' Motion for Oral Argument** via the ECF system on parties that have consented to the same in accordance with applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

By: /s/ David T.B. Audley