THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, <br> Plaintiffs, <br><br> vs. <br><br> T-MOBILE USA, INC.; and INTELIQUENT, INC., <br> Defendants. | No. 1:19-cv-07190 <br><br> Judge John Z. Lee |

## JOINT INITIAL STATUS REPORT

**I.** **The Nature of the Case.**

  **A.**  **Identify the attorneys of record for each party, including the lead trial attorney.**
<u>Counsel for Plaintiffs</u>: David T.B. Audley and Mia D. D'Andrea of Chapman and Cutler LLP; **Cathy A. Hinger (lead trial attorney)**, G. David Carter, Kurt Weaver, and Victoria Bruno of Womble Bond Dickinson (US) LLP.
<u>Counsel for Defendant T-Mobile, Inc. ("TMUS")</u>: Nigel F. Telman, Edward C. Young, Baldassare Vinti, Michael T. Mervis, and **Bradley I. Ruskin (lead trial attorney)** of Proskauer Rose LLP.
<u>Counsel for Defendant Inteliquent, Inc. ("Inteliquent")</u>: **John J. Hamill (lead trial attorney)**, Michael S. Pullos, and Devin Carpenter of DLA Piper LLP (US).

  **B.** **State the basis for federal jurisdiction:** Plaintiffs have pled subject matter jurisdiction pursuant to: 28 U.S.C. §§ 1331, 47 U.S.C. §§ 206-207, 28 U.S.C. § 1332(d), and supplemental jurisdiction under 28 U.S.C. § 1367. Defendants dispute these claims to the extent articulated in their partial motions to dismiss and answers and deny that this lawsuit is suitable to proceed as a class action.

  **C.** **Describe the nature of the claims asserted in the complaint and counterclaims.**
<u>Plaintiffs' Statement</u>: This case alleges that T-Mobile and Inteliquent violated the Communications Act of 1934, 18 U.S.C. § 1962(c) and (d) ("RICO"), and 815 ILCS 505/1, *et seq*. ("ICFA"), and conspired to injure the Plaintiff class of rural local exchange carriers ("LECs") through unlawful means. It also alleges that T-Mobile tortiously interfered with Plaintiffs' prospective economic advantage. The lawsuit alleges Defendants committed these wrongs by artificially, intentionally and illegally reducing the volume of long distance calls they were required to deliver to the switches of rural LECs by inserting fraudulent fake ring tones in interstate wires and by employing call routing strategies that prolonged, deterred or prevented completion of calls placed to rural destinations. The fake ring tones served multiple purposes in this scheme: they confuse callers into prematurely hanging up during excessive call set up times, they mask excessive least cost routing practices that caused calls not to complete, and they had the ability to prevent calls that were not completing from being handed back to find an alternate call path. This scheme allowed T-Mobile to inflate its profits and Inteliquent to counteract the negative margins it was experiencing as a result of a poorly-negotiated contract with T-Mobile. The failure to complete

calls to rural areas, failure to oversee an intermediary's completion of calls to rural areas, and the use of fake ring tones, are practices that the FCC has declared to be illegal.

Defendants' Statement: Defendants deny any liability to Plaintiffs for the reasons set forth in Defendants' motions to dismiss and answers, and the Court's order dismissing most of the prior version of the complaint and limiting the claims against each party. ECF Nos. 47, 50, 54, 91, 97, 99, 100, 102. Defendants assert numerous affirmative defenses to Plaintiffs' remaining claims as set forth in Defendants' answers. ECF Nos. 99 and 102. Defendants do not assert any counterclaims.

> **D.     A statement of the major legal and factual issues in the case to be submitted by each side in 200 words or less per side.**

Plaintiffs' Statement: T-Mobile made two admissions of unlawful conduct in the FCC's *Consent Decree*: (1) violating the FCC's prohibition on the use of fake ring tones; and (2) violating FCC rules by failing to correct problems with its intermediary providers' delivery of calls to rural areas. The FCC's FOIA production and public documents directly link T-Mobile's second admission to Inteliquent being the primary provider of degraded service to certain rural areas. Plaintiffs anticipate that the major factual and legal issues will relate to the facts underlying T-Mobile's admissions and the means by which Defendants carried out this fraudulent scheme. This will include discovery concerning the expanded use of fake ring tones in September 2015 when Inteliquent became T-Mobile's nearly-exclusive interexchange carrier, the precise nature of Inteliquent's degraded service, and Inteliquent's direct knowledge and participation in the use of fake ring tones. The number of calls impacted by the scheme, the costs avoided by the Defendants as a result of the scheme, and the access charges the class of Plaintiffs were denied will also be subjects of fact discovery. Key legal issues will also include class certification, the calculation of damages on behalf of the class and the availability of punitive damages.

Defendants' Statement: Defendants dispute any liability, including as stated in their motions to dismiss and answers, and the Court's prior order. ECF Nos. 47, 50, 54, 91, 97, 99, 100, 102. The use of LRBT—on which Plaintiffs' complaint is focused—did not cause calls not to complete and did not injure Plaintiffs. The Consent Decree relied on by Plaintiffs does not refer to or mention Plaintiffs and does not involve Inteliquent. Inteliquent did not use LRBT. The Court previously dismissed Plaintiffs' claim for "access charges" (*see* ECF No. 91), among other claims, and Plaintiffs' attempt to reassert the claims the Court dismissed without adding anything material is the subject of Defendants' pending motions to dismiss. The major legal and factual issues include: the untimeliness of Plaintiffs' claims (including when Plaintiffs had notice of their claims), the lack of any legally cognizable injury including the lack of injury relating to Plaintiffs' alleged "depletion of customer services resources", the unsuitability of the class action format, Defendants' compliance with their obligations under applicable law, and the lack of any "conspiracy" by Defendants, including lack of conspiracy to harm Plaintiffs, and the lack of any conduct attributable to Inteliquent, among other issues.

E. **Describe the relief sought by the Plaintiff(s).**

Plaintiffs seek damages including, treble damages, punitive damages, and attorneys' fees on behalf of themselves and similarly-situated rural local exchange carriers. Defendants deny any liability to Plaintiffs and deny that Plaintiffs are entitled to any damages or attorneys' fees.

II. **Pending Motions and Case Plan.**

A. **Day/date of the Initial Status Hearing**: March 24, 2021 (telephonic)

B. **Pending motions**: TMUS's and Inteliquent's Motions to Dismiss Second Amended Complaint [ECF Nos. 97, 100]

C. **Proposal for discovery plan**:

1. **The general type of discovery needed:**

Plaintiffs interpret this plan to refer to discovery that will be needed at any time in this case, not just at this stage of the case, and, therefore, incorporate by reference their summary of the general type of discovery needed as set forth in their January 8, 2020 Initial Status Report [Doc. 45] and assert that discovery may also be sought concerning any other matters that are the subject of the Second Amended Complaint or Defendants' defenses.

Defendants dispute that the topics Plaintiffs identified in ECF No. 45 are appropriate for the present stage of discovery on Counts I, II, III, and VIII as Plaintiffs' terminating access charges theory of damages was previously dismissed from Plaintiffs' First Amended Complaint by the Court and is the subject of Defendants' pending motions to dismiss Plaintiffs' Second Amended Complaint. ECF No. 91 ("The upshot is that a depletion of customer services resources is the sole injury Plaintiffs have successfully pled."); ECF No. 97; ECF No. 100. Instead, Defendants will abide by the Court's February 22, 2021 Minute Entry.

2. **The Parties' respective positions on the discovery schedule**:

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Initial Disclosures | 3/23/21 (this is the deadline required by the Rules; it can only be extended by motion which Defendants have not filed) | 3/30/2021(Defendants asked Plaintiffs for a one-week extension of the initial disclosures deadline; Plaintiffs have refused.) |
| Amendment of Pleadings | Plaintiffs assert no deadline should be set now and reserve rights under Rule 15 due to pendin g motions | 6/28/2021 (90 days after Defendants' proposed date for initial disclosures, as indicated by the model initial status report) |
| Last date to issue written discovery | 10/1/2021 | 6/16/2022 (45 days prior to close of fact discovery) |
| Close of Fact Discovery | 11/15/2021 | 8/1/2022, subject to further case management conference (45 days after class certification motion is fully briefed) |
| Plaintiffs' Rule 26(a)(2) Expert Disclosures (merits and class) | 12/15/2021 (30 days after close of fact discovery) | Class expert disclosures at the time of filing of Class Certification Motion: 2/1/2022.<br><br>Merits expert discovery to be addressed after a ruling on class certification in connection with a case |

3

| | | |
|---|---|---|
| | | management conference. In the event that the Court requires deadlines to be set in this order, Defendants propose 30 days after a ruling on class certification motion. |
| Defendants' Rule 26(a)(2) Expert Disclosures (merits and class) | 1/17/2022 (30 days after Plaintiffs' Rule 26(a)(2) Expert Disclosures) | Class expert disclosures at the time of filing of opposition to Class Certification Motion: 5/2/2022. Merits expert discovery to be addressed after a ruling on class certification in connection with a case management conference. In the event that the Court requires deadlines to be set in this order, Defendants propose 60 days after Plaintiffs' merits expert disclosures. |
| Rebuttal Expert Disclosures (merits and class) | 2/17/2022 (30 days after Defendants' Rule 26(a)(2) Expert Disclosures) | Class expert disclosures at the time of filing of opposition to Class Certification Motion: 6/16/2022. Merits expert discovery to be addressed after a ruling on class certification in connection with a case management conference. In the event that the Court requires deadlines to be set in this order, Defendants propose 30 days after Defendants' merits expert disclosures. |
| Close of Expert Discovery/Expert Depositions | 3/17/2022 (30 days after Rebuttal Expert Disclosures) | 45 days after submission of an expert report. |
| Plaintiffs' Motion for Class Certification and Expert Reports in Support of Class Certification | 4/18/2022 (30 days after close of expert discovery) | 2/1/2022 (44 weeks after Defendants' proposed date for initial disclosures) |
| Defendants' Opposition to Class Certification Motion and Expert Reports in Opposition to Class Certification | To be determined pursuant to LR5.3 presentment procedures | 5/2/2022 (90 days after Plaintiffs' motion for class certification and class expert reports) |
| Plaintiffs' Reply on Class Certification | To be determined pursuant to LR5.3 presentment procedures | 6/16/2022 (45 days after Defendants' opposition to class certification and class expert reports) |
| Last day to file dispositive motions | 45 days after Court rules on Plaintiffs' Motion for Class Certification | To be addressed after a ruling on class certification in connection with a case management conference. |

3. Other Discovery Matters: [1]
   a. Discovery Limits:

Plaintiffs' Position: Given the complexity of the claims asserted by the Second Amended Complaint and breadth of defenses asserted by Defendants' Answers, Plaintiffs propose the following deviations from the standard discovery rules:

*Interrogatories*: Plaintiffs collectively shall be entitled to propound up to forty (40) written interrogatories on any Defendant; each Defendant shall be entitled to propound up to forty (40)

---

[1] Plaintiffs' statement: Due to the five page limit on this report, Plaintiffs prepared a draft Rule 26(f) report to address other discovery matters which would be due for filing on March 23, 2021. Defendants have asserted they are not required to participate in a Rule 26(f) report. Plaintiffs disagree and will raise Rule 26(f) topics that remain unresolved at the March 24, 2021 conference.

Defendants' statement: Defendants strongly object to Plaintiffs' mischaracterization of Defendants' position. The parties held a Rule 26(f) conference on March 9, 2021. To the extent Plaintiffs believe that there are additional Rule 26(f) topics to be addressed, they should have been included in this joint submission. With respect to Plaintiffs' proposed ESI protocol, confidentiality order, and remote deposition protocol, Defendants already informed Plaintiffs that they were reviewing and will provide any comments to Plaintiffs on or before March 23, 2021. Of course, Defendants will continue to discuss discovery topics with Plaintiffs as they arise in an effort to streamline discovery.

written interrogatories on the Plaintiffs collectively.

*Depositions*: Plaintiffs collectively shall be entitled to take up to ten (10) depositions of any Defendant pursuant to Fed. R. Civ. P 30 and ten (10) of third parties pursuant to Fed. R. Civ. P. 45. Defendants shall be entitled to take up to (10) depositions of each Plaintiff collectively pursuant to Fed. R. Civ. P 30 and each Defendant shall be entitled to take up to 10 depositions of third parties pursuant to Fed. R. Civ. P. 45 collectively. The limits on depositions may need to be revisited depending on discovery and class certification. Depositions shall last for a maximum of 7 hours of time on the record, except that a Rule 30(b)(6) corporate designee deposition may last for a period of no more than 14 hours of time on the record. Plaintiffs anticipate needing at least two 30(b)(6) depositions of each Defendants: one of relevant record custodians and one regarding the substance of the dispute.

Defendants' Position: Defendants disagree that the complexity of this action merits deviations from the Federal Rules of Civil Procedure. The Court has ordered discovery to proceed solely as to Counts I, II, III and VIII as to defendant TMUS and Count VIII as to Inteliquent. Depletion of customer services resources is also the sole injury successfully pled. Defendants propose that the parties abide by the Federal Rules of Civil Procedure with respect to numerical limits on discovery. If deviation from the standard limits becomes necessary, the parties will seek leave of court.

    b. Privilege Logs:

Plaintiffs' Position: Privilege logs shall be produced within 15 days of the production of the documents from which the privileged materials were withheld. Any privilege log must comply with the requirements of Fed. R. Civ. P. 26(b)(5)(A) and, at a minimum, identify: (a) the names of every party to the document or communication; (b) the date of that document or communication; (c) the specific privilege claimed to be applicable; (d) a description of the nature of the document or communication, adequate to enable the other Parties to assess the validity of the privilege claim; and (e) the Begin and End Bates of the document. Privilege logs should be updated/modified as warranted, but this provision shall not excuse a party from adequately describing the basis for any asserted privilege in the first instance. The parties are not required to log on their privilege logs documents exchanged between the parties, including in-house counsel, and outside litigation counsel related to this lawsuit that were created after the date of the original Complaint.

Defendants' Position: Defendants suggest that the parties' productions be made on a rolling basis. Defendants propose that the parties agree upon a date for the exchange of privilege logs that complies with the requirements of Fed R. Civ. P. 26(b)(5)(A) when document productions are substantially complete, and to seek the Court's guidance if the parties cannot come to agreement.

    D. **Trial**: Plaintiffs have requested a jury trial and estimate at this time that trial may take three to four weeks. Defendants do not currently have an estimate of the length of time a trial will take but do not believe it will take 3-4 weeks for a trial of claims that only relate to depletion of customer service resources. The parties agree that a final estimation of the length of trial cannot be accurately estimated now and propose that the parties revisit this question upon the resolution of class certification and dispositive motions.

III.    **Magistrate Judge**: The parties have not agreed to proceed before a Magistrate Judge.

IV.    **Settlement**: No active settlement discussions are underway at this time.

Submitted on this 15th day of March 2021.

    /s/   David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria Bruno (*pro hac vice*)
Womble Bond Dickinson (US) LLP
1200 19th Street, NW, Suite 500
Washington, DC 20036
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com
Email: victoria.bruno@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Facsimile: 919-755-6770
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*