THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC )<br><br>Plaintiffs, )<br><br>vs. )<br><br>T-MOBILE USA, INC.; and INTELIQUENT, INC. )<br><br>Defendants. ) | No. 1:19-cv-07190<br><br>Judge John Z. Lee |

## JOINT STATUS REPORT

Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells ("AdamsWells") and Consolidated Telephone Company d/b/a CTC ("CTC"), on behalf of themselves and a class of similarly-situated companies ("Plaintiffs"), and Defendants T-Mobile USA, Inc. ("T-Mobile") and Inteliquent, Inc. ("Inteliquent") ("Defendants"), pursuant to this Court's March 24, 2021 Notification of Docket Entry, submit their Joint Status Report on the progress of discovery, in addition to what the parties addressed in the June 7, 2021 Joint Status Report (ECF 125).[1]

**I.      Current Deadlines.**

Pursuant to the Court's March 24, 2021 Order (ECF 115) the current schedule is as follows:

| Date | Event |
|---|---|
| 8/1/21 | Deadline for Amendments |
| 9/10/21 | Joint Status Report Due |
| 12/15/21 | Fact Discovery Closes (not bifurcated) |

---

[1] Prior to the referral to Judge Gilbert for discovery supervision, Judge Lee, during the hearing following the parties' filing of an Initial Joint Status Report, instructed the parties to file Joint Status Reports to resolve discovery disputes, rather than motions. (*See* Ex. 1, 3/24/21 Tr. at 16:17 – 17:10.) Plaintiffs seek further instruction from Judge Gilbert on his preferences for Joint Status Reports versus Motions to seek resolution of discovery disputes.

1

II.     **Status of Discovery.**

    a.  **Plaintiffs' Statement.**

The following discovery has been served or exchanged:

| DATE | DESCRIPTION |
| --- | --- |
| 3/19/21 | Plaintiffs served First Requests for Production on T-Mobile and Inteliquent |
| 3/23/21 | All Parties served Initial Disclosures |
| 3/26/21 | T-Mobile served First Requests for Production on Plaintiffs CTC and AdamsWells |
| 4/19/21 | Inteliquent served First Requests for Production on Plaintiffs CTC and AdamsWells |
| 4/19/21 | T-Mobile and Inteliquent served Responses and Objections to Plaintiffs' First Requests for Production |
| 4/23/21 | Inteliquent served Amended Initial Disclosures |
| 4/23/21 | T-Mobile served Amended Initial Disclosures |
| 4/26/21 | Plaintiffs CTC and AdamsWells served Objections Responses to T-Mobile's First Request for Production with a production of 150 non-confidential documents |
| 5/19/21 | Plaintiffs CTC and AdamsWells served Responses and Objections to Inteliquent's First Request for Production |
| 5/27/21 | T-Mobile served Interrogatories on Plaintiffs CTC and AdamsWells |
| 6/7/21 | Plaintiffs' Subpoena to third party Wilkinson Barker Knauer LLP (T-Mobile counsel in the FCC Investigation) |
| 6/16/21 | Plaintiffs' Subpoena to third party Ribbon Communications (provider of server to Inteliquent capable of inserting LRBTs) |
| 6/22/21 | Plaintiffs' Subpoena to Fritz Hendricks (former CEO of Inteliquent) |
| 6/22/21 | Plaintiffs' Subpoena to Matthew Carter (former CEO of Inteliquent) |
| 6/22/21 | Wilkinson Barker Knauer LLP served Objections to Subpoena (without document production) |

To date, Plaintiffs have produced 150 documents and 2,720 pages of material. Plaintiffs have approximately 1,800 more documents ready to produce upon entry of a Confidentiality Order. These include documents concerning Plaintiffs' corporate structures, Plaintiffs' coverage maps, Plaintiffs' originating and terminating traffic totals, and meetings concerning rural call completion problems. The production also includes communications with the FCC regarding rural call completion issues, complaints logged in the FCC complaint portal, and documents concerning Plaintiffs' troubleshooting efforts and use of workaround solutions, such as porting numbers to Inteliquent, which charged them for doing so. Additionally, Plaintiffs have harvested and are in the process of reviewing over 100,000 other documents collected from the files of custodians that counsel has identified as containing potentially responsive information. Therefore, Plaintiffs are actively preparing to make rolling document productions to move this case forward.

Plaintiffs are unaware of Defendants' efforts to harvest potentially responsive documents and commence their review process. Defendants have not produced any documents, which appears due to the dispute over Defendants' scope of discovery objections and the other matters detailed in the June 7 Joint Status Report. In addition, Plaintiffs advised Judge Lee during the March 24, 2021 hearing that they intend to take records custodian depositions to facilitate discovery requests for complex technical information concerning, for example, Defendants' call detail records, documentation of their routing practices, documents related to the technology that inserted the fake ring tones, and other technical telecommunications records. Defendants' blanket position that discovery on these topics is outside the scope of permissible discovery is undermining Plaintiffs' effort to proceed with records custodian depositions that will be productive.

Plaintiffs request a discovery hearing at the Court's earliest convenience to resolve these disputes and the current stalemate that is preventing Plaintiffs from obtaining any discovery on their claims.

b. **Defendants' Statement.**

Since the Court's June 11, 2021 Order (ECF 126) referred this matter to Judge Gilbert for general discovery supervision and set September 10, 2021 as a new deadline for a joint status report, Defendants do not believe a joint status report is required at this time.

Nonetheless, because Plaintiffs insist on filing a status report, Defendants respond that Plaintiffs' statement above reargues discovery disputes that are set forth in the parties' June 7, 2021 joint report. ECF 125. Plaintiffs continue to ignore the impact of the Court's order that dismissed most of their complaint. The June 7 joint report contains all discovery disputes that are presently ripe for the Court's consideration, and is currently being considered by Judge Gilbert. *See* ECF 128. Plaintiffs' statement above misstates Defendants' discovery positions, which are set forth in ECF 125 at pages 18-35.

Submitted on this 25th day of June 2021.

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Womble Bond Dickinson (US) LLP

1200 19th Street, NW, Suite 500
Washington, DC 20036
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Facsimile: 919-755-6770
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

5