IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAIGVILLE TELEPHONE CO. d/b/a
ADAMSWELLS; and CONSOLIDATED
TELEPHONE COMPANY d/b/a CTC,

        Plaintiffs,

v.

T-MOBILE USA, INC.; and
INTELIQUENT, INC.,

        Defendants.

No. 19 C 7190

Jeffrey T. Gilbert
United States Magistrate Judge

## **ORDER**

After a careful review of the docket in this case, including the pleadings, past motion practice, Judge Lee's Memorandum Opinion and Order [ECF No. 91] concerning Defendants' first motions to dismiss [ECF Nos. 47, 54] Plaintiffs' First Amended Complaint [ECF No. 19], the parties' Joint Status Report to Resolve Discovery Disputes [ECF No. 125], and Judge Lee's Memorandum Opinion and Order entered on August 31, 2021 [ECF No. 147] concerning Defendants' partially renewed motions to dismiss [ECF Nos. 97, 100] Plaintiffs' Second Amended Complaint [ECF No. 94], the Court issues the following rulings and guidance concerning certain disputes presented in the parties' Joint Status Report to Resolve Discovery Disputes [ECF No. 125]:

    1.    On February 22, 2021 [ECF No. 110], Judge Lee ordered discovery to proceed on Counts I-III and VIII of Plaintiffs' Second Amended Complaint [ECF No. 94]. Judge Lee did not limit discovery to only those claims or theories that survived

Defendants' initial motions to dismiss [ECF Nos. 47, 54, 91]. Following another round of motions to dismiss [ECF Nos. 97, 100], Counts I, II, and III of Plaintiffs' Second Amended Complaint [ECF No. 94] survive against Defendant T-Mobile and Count VIII survives against Defendants T-Mobile and Intelliquent. [ECF No. 147].[1] To the extent the scope of discovery on Plaintiffs' surviving claims remains a disputed issue, the Court disagrees with Defendants' narrow characterization of the scope of discovery that Plaintiffs can take. Consistent with Judge Lee's Order [ECF No. 110], Plaintiffs can take any and all discovery permitted by Rule 26(b)(1) on the claims alleged in Counts I-III and VIII of their Second Amended Complaint that survive Defendants' two rounds of motions to dismiss. Defendants' attempt to limit or cabin that discovery only to matters relevant to the alleged depletion of Plaintiffs' customer service resources is too narrow a reading of the discovery Judge Lee allowed to go forward on the remaining counts of the Second Amended Complaint. Because Plaintiffs' claims against Inteliquent largely have been dismissed with prejudice [ECF No. 147], the Court's understanding is that this ruling mostly addresses the scope of discovery Plaintiffs can take as to Defendant T-Mobile unless the conspiracy

---

[1] Count VIII of the Second Amended Complaint alleges a conspiracy between Defendants T-Mobile and Inteliquent to engage in the scheme outlined in the preceding 132 pages of that Complaint [ECF No. 94]. Because all the earlier counts in which Inteliquent was named as a Defendant in that Complaint now have been dismissed with prejudice [ECF Nos. 146, 147], it is not clear whether the conspiracy claim alleged in Count VIII survives. Inteliquent, however, apparently did not move to dismiss Count VIII [ECF Nos. 97, 98] and that Count is not addressed in Judge Lee's last orders [ECF Nos. 146, 147]. Accordingly, for present purposes, this Court needs to assume that Inteliquent remains a Defendant in the case as to Count VIII though the Court understands that may not be a correct assumption.

claim against Defendant Inteliquent in Count VIII remains viable. (*See* footnote 1 *supra.*)

2.      The Court agrees with Defendants that an attorneys' eyes only ("AEO") designation might be appropriate in this case and it disagrees with Plaintiffs that such a designation never could be appropriate here.   Defendants say Plaintiffs do business with their direct competitors such as AT&T and Verizon, and Defendants may want to protect certain proprietary or sensitive information that they produce from being disclosed to Plaintiffs for that reason. It is not clear specifically what information would fall into that category, but the Court cannot say on the record before it now that an AEO designation could never be justified here as reasonable and necessary. In fact, Plaintiffs apparently were willing to agree to an AEO designation in a confidentiality order but only if Defendants were willing to allow Plaintiffs to share confidential information produced by Defendants with putative class members.  The Court appreciates that negotiating position, but it is not bound by the trade-off Plaintiffs offered to make.  The Court also understands Plaintiffs' concern with the potential over-use of an AEO designation by Defendants.  The AEO designation should not be used to shield information that does not need or deserve to be shielded by that added protection. If and to the extent the over-designation of documents or information as AEO by Defendants that Plaintiffs fear becomes a problem, Plaintiffs and the Court can address that issue, including by the Court reallocating attorneys' fees that Plaintiffs are required to expend to challenge improper AEO designations. If this problem arises, it should be raised sooner rather

than later to avoid unnecessary delay and expense. But the potential for abuse does not mean that Defendants should be precluded from making proper AEO designations when or if unecessary and appropriate in this case.

3.      The Court disagrees with Plaintiffs that they should be permitted to share confidential information produced by Defendants with putative class members even if they are existing clients of Plaintiffs' counsel in other matters. Defendants have made a sufficient showing at least within the confines of the Joint Status Report to Resolve Discovery Disputes [ECF No. 125] that the detriment to Defendants from Plaintiffs' potentially sharing Defendants' confidential information with non-parties (assuming the proper designation of such information within the context of a confidentiality order), something that is not generally allowed in litigation, outweighs whatever benefit Plaintiffs would derive from an order allowing them to share such information with putative class members. Plaintiffs present no more than a generalized desire to share Defendants' confidential information with putative class members, with no specifics, and that is not a sufficiently developed or articulated interest to outweigh Defendants' legitimate interest in not having their confidential information shared beyond the parties to the case.

4.      The Court does not have enough information now to resolve the parties' dispute concerning the sufficiency of Defendants' initial disclosures or their responses to Plaintiffs' written discovery requests. In addition, as Defendant T-Mobile notes, Plaintiffs do not now request that the Court order it to produce any documents or answer any specific interrogatories. Rather, Plaintiffs' complaint is more generalized

4

that Defendants are stonewalling discovery in large part because of their too narrow interpretation of Judge Lee's February 22, 2021 Order [ECF No. 110], which the Court addressed earlier in this Order. To the extent Defendants, or either of them, may need to reevaluate their initial disclosures or responses to written discovery requests given the Court's ruling in this Order on the permissible scope of discovery, or Judge Lee's recent Memorandum Opinion and Order [ECF. No. 147] concerning which of Plaintiffs' claims survive Defendants' second round of motions to dismiss, they should do so. Given that possibility, it may be premature for the Court to delve into the discovery disputes alluded to in the parties' Joint Status Report to Resolve Discovery Disputes [ECF No. 125] now. The Court notes parenthetically, however, that it is difficult for the Court to say whether Defendants' initial Rule 26(a) disclosures were appropriate given that the identity of witnesses and documents that Defendants may rely upon to respond to Plaintiffs' claims and to support their defenses is somewhat subjective. That said, if Defendants unduly limited their initial disclosures because of a too narrow characterization of what remains at issue in this case, then that would be improper. As of now, though, Defendants say their disclosures were proper when made and the Court would need more information before it would be in any position to hold that is not true. Finally, again, given the recent dismissal with prejudice of most of the claims in the Second Amended Complaint against Defendant Inteliquent, Plaintiffs' issues with its initial disclosures and discovery responses may be moot as to that named Defendant.

The parties are hereby ordered to proceed in accordance with the rulings and guidance contained in this Order. A telephone status hearing is set for September 15, 2021, at 10:30 a.m., to address any questions the parties may have about this Order, to discuss any updates on the state of discovery since the parties' Joint Status Report filed on June 25, 2021 [ECF No, 129], and to address matters consistent with the general discovery referral entered on June 11, 2021 [ECF No. 126] including scheduling issues. The Court is aware it still has two motions under advisement concerning a dispute about third-party confidentiality orders [ECF Nos. 135, 142].

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: September 1, 2021