IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) ) | |
| Defendants. | ) | |

### INTELIQUENT, INC.'S OPPOSITION TO PLAINTIFFS' PARTIAL CONSENT MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS AND JOIN PARTIES

The plaintiffs' motion to extend their deadlines against Inteliquent (ECF 160) should be denied.

First, there is no justifiable basis to extend. The sole remaining claim against Inteliquent should be dismissed with prejudice based on Inteliquent's pending Rule 12(c) motion. (ECF 154.) After two dismissal rulings, the Court has dismissed with prejudice every Count against Inteliquent save one. (ECF 91, 147.) For the reasons in Inteliquent's Rule 12(c) motion, the civil conspiracy claim should also be dismissed with prejudice.

Second, there is no basis to extend a date merely to let the plaintiffs conduct a fishing expedition. That is *precisely* what the plaintiffs are requesting. As they argue, they want to review discovery so that they can "assess whether they have grounds to amend the pleadings" and "review any responsive documents that may impact whether [they] will seek to amend[.]" (ECF 160 ¶¶ 6, 9.) But the plaintiffs needed a basis for their complaint *before* they filed it. They may not use discovery as a post-hoc effort to justify hauling Inteliquent into court. "[D]iscovery is not an

opportunity to fish for new claims." *Gravelle v. Avis Indus. Corp.*, 2021 WL 4204947, at *2 (7th Cir. Sept. 16, 2021) (unpublished). As a Michigan federal judge recently ruled, the plaintiffs "are not entitled to rely on the discovery process to mine for evidence that never existed in the first instance." *King v. Whitmer*, 2021 WL 3771875, at *29 (E.D. Mich. Aug. 25, 2021).

Third, on the current record, it is difficult to fathom how the plaintiffs could possibly have sued Inteliquent in the first place. For example, in a status report on discovery, the plaintiffs recently trumpeted their supposed document production to date. (ECF 150 at 3.) But the plaintiffs' production includes materials co-defendant T-Mobile USA produced to the FCC (which the plaintiffs obtained via a FOIA request). (*Id.* at 7-9.) Those documents on their face describe instances when Inteliquent "*resolved*" call-completion issues. The circumstances thus hardly warrant an extension of an amendment deadline.

## Conclusion

For these reasons, the plaintiffs' motion should be denied.

Dated: September 21, 2021

Respectfully submitted,

By: */s/ John. J. Hamill*
John J. Hamill
john.hamill@dlapiper.com
Michael S. Pullos
michael.pullos@us.dlapiper.com
Devin Carpenter
devin.carpenter@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.7036/2176
Fax: 312.251.5809/312.630.6350

*Attorneys for Inteliquent, Inc.*

**CERTIFICATE OF SERVICE**

      The undersigned attorney, on oath, certifies that on September 21, 2021 he served the foregoing **Inteliquent Inc.'s Opposition to Plaintiffs' Partial Consent Motion to Extend Deadline to Amend Pleadings and Add Parties** via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Northern District of Illinois.

      By: */s/ John J. Hamill*
           John J. Hamill