IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) ) | |
| Defendants. | ) | |

# AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning CONFIDENTIAL or HIGHLY CONFIDENTIAL information ("Confidential Information") as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Confidential Information designated under this Order shall not be used or disclosed for any purpose whatsoever other than in this litigation, including any appeal thereof.

2. **Confidential Information**. As used in this Order, "CONFIDENTIAL INFORMATION" means information designated as either "CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER–ATTORNEY'S EYES ONLY" by the producing party.

**(a)** CONFIDENTIAL Designation. A party may designate information as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER if it is within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identity information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (vii) personnel or employment records of a person who is not a party to the case.

**(b)** HIGHLY CONFIDENTIAL Designation. The HIGHLY CONFIDENTIAL designation should not be used to shield information that does not need or deserve to be shielded by that added protection. A party may designate as HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER-ATTORNEY'S EYES ONLY extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a genuine threat of competitive or other injury that could not be avoided by less restrictive means. By way of example only, the HIGHLY CONFIDENTIAL designation may include but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (c) research and development information, including know-how,

which have not been disclosed to the public; (d) customer lists; (e) proprietary software, systems, or processes; (f) margin, cost, and pricing information; (g) commercial agreements containing competitively sensitive information and the negotiations concerning such agreements, provided that the producing party has taken reasonable steps to keep the terms of such agreements and related negotiations out of the public domain; or (h) trade secrets.

**(c)** To the extent third parties believe that certain documents they are required to produce in this case are Confidential Information, they can follow the same approach to making confidentiality designations as set forth herein and this Order shall apply to any confidentiality designations made by third parties. Information or documents that are available to the public may not be designated as Confidential Information.

**3.** **Form of Designation for Documents and Tangible Things**.

**(a)** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER–ATTORNEY'S EYES ONLY" (a "Confidentiality Stamp") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The Confidentiality Stamp shall be applied prior to or at the time the documents are produced or disclosed. Applying the Confidentiality Stamp to a document does not mean

        that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked with a Confidentiality Stamp shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    **(b)**    The designation of a document as Confidential Information is a certification by an attorney (not by the client) or a party appearing pro se that the document contains Confidential Information as defined in this order based on a good faith determination.

    **4.**    **Form of Designation for Depositions**. Any party may designate all or part of a deposition as either CONFIDENTIAL or HIGHLY CONFIDENTIAL on the record during the deposition. Absent such designation, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of 14 days after the transcript is delivered to all parties. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Protection of Information Designated CONFIDENTIAL**.

    **(a)** **General Protections**. Information designated as CONFIDENTIAL shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) of this section for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, information designated as CONFIDENTIAL may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified.

    **(b)** **Limited Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(9) below. Subject to these requirements, the following categories of persons may be allowed to review information designated as CONFIDENTIAL:

        **(1)** Counsel. Law firms of record and their employees;

        **(2)** Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        **(3)** The Court and its personnel;

        **(4)** Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

        **(5)** Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

        **(6)** Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have

        completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(7)** Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing information designated CONFIDENTIAL, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as CONFIDENTIAL pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order;

    **(8)** Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    **(9)** Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information designated CONFIDENTIAL. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**6.** **Protections for Information Designated HIGHLY CONFIDENTIAL.**

**(a)** **General Protections.** Information designated as HIGHLY CONFIDENTIAL shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) of this section for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b)** **Limited Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated as HIGHLY CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(4) below. Subject to these

requirements, the following categories of persons may be allowed to review information designated as HIGHLY CONFIDENTIAL:

  **(1)** Law firms of record and their employees, as well as the specific in-house attorneys who have responsibility for this action;

  **(2)** Witnesses at depositions to the extent disclosure of HIGHLY CONFIDENTIAL information is reasonably necessary according to the good faith judgment of counsel for the receiving party and the witness or their employer is an author or recipient of the document, unless otherwise agreed by the parties. Witnesses shall not retain a copy of documents containing information designated HIGHLY CONFIDENTIAL, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as HIGHLY CONFIDENTIAL pursuant to the process set out in this Order may not be disclosed to anyone except as permitted under this Order;

  **(3)** Anyone identified in subparagraphs (3) through (6) and (8) through (9) of Paragraph 5(b), subject to all requirements or conditions set forth in those provisions.

  **(4)** In no event shall information designated HIGHLY CONFIDENTIAL be shared with parties, their employees (other than the specific in-house attorneys who have responsibility for this action in accordance with subparagraph 6(b)(1)), or any putative class member.

 **(c)** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of information designated HIGHLY CONFIDENTIAL. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

7. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the

document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

   8.  **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

   9.  **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

   10.  **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

     **(a)**  **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b)** **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file a Discovery Motion in accordance with Magistrate Judge Gilbert's standing preferences that identifies the challenged material and sets forth in detail the basis for the challenge. (*Available at* https://www.ilnd.uscourts.gov/judge-info.aspx?QZFvv1igiJ0=.) Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the Discovery Motion, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**11.** **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12.** **Use of Confidential Documents or Information at Trial or Hearing**. Nothing in this Order shall be construed to affect the admissibility or use of any document, material, or information at any trial or hearing in open court, provided that the following procedures are followed with respect to Confidential Information: A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention in their request for hearing, in a notice to the court,

by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial. Any requests for confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**14.     No Waiver of Privilege; Clawback Procedure.**

**(a)     *No Waiver of Privilege.*** Pursuant to Federal Rule of Evidence 502(d), disclosure (including production) of a document or information subject to a claim of attorney-client privilege, work product doctrine, joint defense or common interest privilege, or other applicable privilege or protection ("Privileged Material"), whether inadvertent or otherwise, is not a waiver of, or estoppel as to, privilege or protection from discovery in this litigation or in any other federal or state proceeding or private arbitration proceeding. The parties intend this Order to provide the maximum protection against waiver of privilege available under Rule 502(d).

**(b)     *Clawback Notification.*** Upon discovery by the producing party that it did or may have produced Privileged Material, the producing party shall, within fourteen (14) days of such discovery, request the return of such information in writing by identifying the Privileged Material and stating the basis on which the Privileged Material should be withheld from production.

**(c)     *Determination of Claims of Privilege.*** The parties agree that the "clawback" of inadvertently produced privileged or trial preparation materials shall be governed by the applicable provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, and that such inadvertent production and "clawback" shall not constitute any waiver of or estoppel as to such privileges, consistent with Federal Rule of Evidence 502.

**15.     Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16. **Obligations on Conclusion of Litigation**.

    (a) **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b) **Obligations at Conclusion of Litigation**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" under this Order, including copies as defined in paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

    (c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be

protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

**(d)** **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

**17.** **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18.** **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.** **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED.

Dated: 9/22/2021

Judge Jeffrey T. Gilbert
United States Magistrate Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) ) | |
| Defendants. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____, 2021 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
                                        Signature