# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Craigville Telephone Co., et al.

                              Plaintiff,

v.                                                    Case No.: 1:19–cv–07190
                                                      Honorable John Z. Lee

T–Mobile USA, Inc., et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 3, 2021:

        MINUTE entry before the Honorable Jeffrey T. Gilbert: Plaintiffs' Motion to
Compel Production of Rule 30(b)(6) Record Custodian(s) by December 20, 2021,
embedded in a Joint Brief Concerning Plaintiffs' Motion to Compel Production of Rule
30(b)(6) Record Custodian(s) by December 20, 2021 [185] is denied. In the Court's view,
and in the exercise of its discretion over the discovery process, Plaintiffs' proposal is
inefficient; uneconomical; unduly burdensome; is likely to lead to more disputes about
deposition topics and discovery generally, not less; and is not proportional to the needs of
this case. In short, the Court agrees with Defendants' positions as outlined in the Joint
Brief [184]. The issues raised in the Joint Brief [184] are closely related and in some
instances identical to some of the issues already before the Court in the context of
Defendants' motions for protective orders relating to Plaintiffs' Rule 30(b)(6) deposition
notices. Those notices contain 79 individual deposition topics for Defendant T–Mobile
and 58 individual topics for Defendant Intelliquent [176] [179]. Defendants' motions
currently are being briefed [178][185]. Plaintiffs say they want to go forward now with
records custodian depositions limited only to what they say are Rule 30(b)(6) topics as to
which Defendants already have agreed to produce a witness. Defendant T–Mobile,
however, points out in the Joint Brief that Plaintiffs' list of supposedly "agreed topics" is
not necessarily accurate as to T–Mobile which could lead to bickering about the proper
subjects for even a records custodian deposition. Joint Brief [185], at 11, fn. 5. The parties
inability, through counsel, to agree to much of anything of substance or as a matter of
procedure in this case to date also causes the Court to question whether deposition topics
that Plaintiffs say are agreed actually will turn out to be so once the rubber hits the road,
so to speak. Further, the Court agrees with Defendants that it is inefficient to convene a
Rule 30(b)(6) deposition now only to require, at least potentially, that deponent to come
back for another deposition depending upon the resolution of certain matters raised in
Defendants' pending motions for protective order [176][179]. Finally, Plaintiffs' push now
to convene depositions the parties have been arguing about for months and to require
those depositions to occur on or before 12/20/21, during the run–up to the coming
holidays, and during a pandemic imposes unnecessary burden and stress on the discovery
process. It makes more sense, in the Court's view, to convene the Rule 30(b)(6)
depositions, including depositions of records custodians, that Plaintiffs are requesting on a
combined 136 topics, or some subset thereof, once Defendants' pending motions for

protective order [176][179] are resolved. Accordingly, for all these reasons, Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Record Custodian(s) by December 20, 2021, embedded in the parties' Joint Brief Concerning Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Record Custodian(s) by December 20, 2021 [185] is denied. It is so ordered. Mailed notice(lp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.