IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) ) | Judge John Z. Lee<br>Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) | |

**MOTION TO SEAL SELECT TEXT FROM PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO OVERRULE T-MOBILE'S OBJECTIONS AND COMPEL PRODUCTION OF DOCUMENTS AND CERTAIN EXHIBITS THERETO**

Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly-situated companies (collectively, "Plaintiffs") and pursuant to Local Rule 26.2, respectfully move this Court to seal select text from Plaintiffs' Memorandum of Law in Support of their Motion to Overrule T-Mobile's Objections and Compel Production of Documents ("Motion to Compel") and certain exhibits thereto (Exhibits 4 (at attachment only), 7, 9-11).

Contemporaneous with the instant Motion, Plaintiffs are filing their Motion to Compel against Defendant T-Mobile USA, Inc. ("T-Mobile"), and Memorandum in support, asking the Court to overrule T-Mobile's objections and compel it to fully and completely respond to certain requests for production issued by Plaintiffs and related relief. One of T-Mobile's stated reasons for not responding to many of Plaintiffs' requests is its position that the documents sought are not relevant. To demonstrate the relevance of the discovery sought by Plaintiffs' requests, and to show

that the relevance objections lack credibility, Plaintiffs have cited and discussed several evidentiary documents produced by Defendants and a third party in their Memorandum in support and attached them as Exhibits 4 (at attachment only), 7, and 9-11 (the "Confidential Exhibits").

Pursuant to the Parties' Agreed Confidentiality Order (ECF No. 164), Defendants designated the Confidential Exhibits as "Confidential – Subject to Protective Order." The Confidentiality Order provides that:

> A party may designate information as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER if it is within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identity information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (vii) personnel or employment records of a person who is not a party to the case.

(*Id*. at ¶ 2(a).) Because Defendants designated the Confidential Exhibits as "Confidential", and the third party that produced Exhibit 7 also informally discussed Confidential treatment of its documents during meet and confer calls regarding its subpoena, Plaintiffs believe they cannot publicly file the exhibits or information contained therein wihtout risk of violating the protective order. (*See id*. at ¶¶ 5(b), 8). Although Plaintiffs do not believe any of these exhibits fit the definition of "Confidential Information" under paragraph 2(a) of the protective order (*id*. at ¶ 2(a)),[1] Plaintiffs must nevertheless file the Confidential Exhibits and the corresponding text discussing them under seal in order to rely on them in support of their Motion to Compel.

Pursuant to Local Rule 26.2(b), the "court may for good cause shown enter an order directing that one or more documents be filed under seal." Good cause exists for Plaintiffs to file

---

[1] Plaintiffs file this Motion to Seal without waiver to their right to formally challenge the designations of the Confidential Exhibits pursuant to paragraph 10 of the protective order at a later date. Rather, in the interests of efficiency and to avoid delay, they have not initiated the challenge process at this time.

these materials under seal because the Confidential Exhibits are protected from public disclosure by the protective order by virtue of the mere designation of them as Confidential by the producing parties. Therefore, Plaintiffs leave it in the hands of the Court to determine whether the Confidential Exhibits and corresponding text may remain under seal.

WHEREFORE, Plaintiffs, on behalf of themselves and a class of similarly situated companies, respectfully request that the Court grant Plaintiffs' Motion and order that Confidential Exhibits to and the redacted textual portions of their Motion to Compel be filed under seal and remain under seal until further order of this Court.

Submitted on this 30th day of December, 2021.

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: katie.gallagher@wbd-us.com
Email: jeremy.baker@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of December, 2021, I served the foregoing **Plaintiffs' Motion to Seal and Unsealed Copies of the Sealed Documents** via the ECF system and email on all parties that have consented to the same in accordance with applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

By: <u>/s/ David T.B. Audley</u>