**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO SEAL SELECT TEXT FROM PLAINTIFFS' REPLY IN**
**FURTHER SUPPORT OF THEIR MOTION TO COMPEL DOCUMENTS**
**FROM INTELIQUENT, INC. AND CERTAIN EXHIBITS THERETO**

Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly-situated companies (collectively, "Plaintiffs") and pursuant to Local Rule 26.2, respectfully move this Court to seal select text from Plaintiffs' Reply in Further Support of their Motion to Compel Documents from Inteliquent, Inc. ("Reply") and certain exhibits thereto.

Contemporaneous with the instant Motion, Plaintiffs are filing their Reply against Defendant Inteliquent, Inc. ("Inteliquent"). In their Reply, Plaintiffs have cited and discussed several evidentiary documents produced by Defendant T-Mobile, USA, Inc. ("T-Mobile"), as well as a list, prepared by Plaintiffs from information contained in documents produced in this case, of proposed additional custodians, who are likely to have responsive documents and electronically-stored information that Inteliquent did not search. These documents are attached to the Reply as Exhibits 37, 39-41, and 44-55 (the "Confidential Exhibits").

Pursuant to the Parties' Agreed Confidentiality Order (ECF 164), T-Mobile designated those Confidential Exhibits that it produced in this case as "Confidential – Subject to Protective Order." The Confidentiality Order provides that:

> A party may designate information as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER if it is within one or more of the following categories: (i) information prohibited from disclosure by statute; (ii) information that reveals trade secrets; (iii) research, technical, commercial or financial information that the party has maintained as confidential; (iv) medical information concerning any individual; (v) personal identity information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (vii) personnel or employment records of a person who is not a party to the case.

(*Id*. at ¶ 2(a).) Because T-Mobile designated these documents as "Confidential," Plaintiffs believe they cannot publicly file them or information contained therein without risk of violating the protective order. (*See id.* at ¶¶ 5(b), 8.) With respect to the list of proposed additional Inteliquent custodians, Plaintiffs did not mark it as "Confidential" because it does not satisfy the definition of "Confidential Information" under paragraph 2(a) of the protective order. (*See id*. at ¶ 2(a).) However, the list was derived from documents designated as such in this case, and in an abundance of caution, Plaintiffs has treated the list as confidential for now and have not filed it publicly. Although Plaintiffs do not believe any of the Confidential Exhibits fits the definition of "Confidential Information" under paragraph 2(a) of the protective order (*id*. at ¶ 2(a)),[1] Plaintiffs nevertheless must file the Confidential Exhibits and the corresponding text discussing them under seal in order to rely on them in their Reply in further support of their Motion to Compel.

Pursuant to Local Rule 26.2(b), the "court may for good cause shown enter an order directing that one or more documents be filed under seal." Good cause exists for Plaintiffs to file

---

[1] Plaintiffs file this Motion to Seal without waiver to their right to formally challenge the designations of the Confidential Exhibits pursuant to paragraph 10 of the protective order at a later date. Rather, in the interests of efficiency and to avoid delay, they have not initiated the challenge process at this time.

these materials under seal because the Confidential Exhibits are protected from public disclosure by the protective order by virtue of T-Mobile's designation of them as Confidential, and because the information in the list of proposed additional Inteliquent custodians was derived from documents designated by others in this case as Confidential Information. Therefore, Plaintiffs leave it in the hands of the Court to determine whether the Confidential Exhibits and corresponding text may remain under seal. In addition, the Court previously granted Plaintiffs' motion to seal portions of its Motion to Compel and supporting exhibits, as well as Inteliquent's motion to seal portions of its Opposition thereto and supporting exhibits. (*See* ECFs 226 and 233.)

WHEREFORE, Plaintiffs, on behalf of themselves and a class of similarly-situated companies, respectfully request that the Court grant Plaintiffs' Motion and order that the Confidential Exhibits to, and the redacted textual portions of, their Reply in further support of their Motion to Compel be filed under seal and remain under seal until further order of this Court. Submitted on this 11th day of March, 2022.

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029

3

Email:  cathy.hinger@wbd-us.com
Email:  david.carter@wbd-us.com
Email:  victoria.bruno@wbd-us.com
Email:  katie.gallagher@wbd-us.com
Email:  jeremy.baker@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone:  919-755-8163
Email:  kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

4

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 11th day of March, 2022, I served the foregoing **Plaintiffs'**

**Motion to Seal** via the ECF system on parties that have consented to the same in accordance with

applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the

Northern District of Illinois.


By:     */s/   David T.B. Audley*