IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) | |

**INTELIQUENT, INC.'S MOTION FOR LEAVE TO FILE A SURREPLY
TO ADDRESS (1) NEW MATTERS THE PLAINTIFFS RAISED IN THEIR REPLY;
(2) THE PLAINTIFFS' DISAVOWAL OF THEIR ONLY CLAIM AGAINST
INTELIQUENT; AND (3) THE PLAINTIFFS' ENDEMIC RULE 37.2 VIOLATIONS**

Defendant Inteliquent, Inc. ("Inteliquent") moves to strike the plaintiffs' improper "reply" arguments or, in the alternative, leave to file the surreply attached as Exhibit 1. Inteliquent states as follows:

1. On March 11, 2022, the plaintiffs served Inteliquent with their Reply in Further Support of Their Motion to Compel Documents from Inteliquent, Inc. (the "reply").

2. The plaintiffs' reply improperly raises new arguments and evidence nowhere in their motion to compel and in many cases directly contradictory to statements in their motion.

3. "It is well-established that a reply brief should not present new arguments or incorporate new evidence for arguments that were not properly supported in an opening brief." *Meek v. Archibald & Meek, Inc.*, 2021 WL 2036535, at *3 (N.D. Ill. May 21, 2021) (citing *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015)). "'A reply brief is for replying'—not for sandbagging." *Horvath v. Apria Healthcare, LLC*, 2019 WL

5725378, at *2 (N.D. Ill. Nov. 5, 2019) (quoting *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring)).

4. Arguments raised for the first time in a reply brief are waived and should not be considered. *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010). Arguments that are not developed in any meaningful way until the reply brief are likewise waived. *Boadenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006). Undeveloped arguments made in footnotes are especially improper and are waived. *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013); *Lecat's Ventriloscope v. MT Tool & Mfg.*, 2017 WL 1362036, at *7 (N.D. Ill. Jan. 6, 2017).

5. The plaintiffs' improperly raised arguments should therefore be stricken. *Horvath*, 2019 WL 5725378, at *2; *Meek*, 2021 WL 2036535, at *3; *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005).

6. In the alternative, Inteliquent seeks leave to file the surreply attached as Exhibit 1.

7. New arguments in a reply justify a surreply. *Meinders,* 800 F.3d at 858. "Providing specifics in a reply in support of a general argument in an [initial filing] counts as new matter in reply." *Murphy v. Vill. Of Hoffman Estates*, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999).

8. Surreplies are also justified to correct a reply's gross mischaracterizations. *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014).

9. The improper arguments in the plaintiffs' "reply" that justify a surreply include:

   a) The plaintiffs <u>newly</u> and incredibly argue that their claim against Inteliquent is not about an "agreement." (ECF 238 at 4.)

   b) The plaintiffs <u>newly</u> move from "Equinox" to "Empirix," which comes out of the blue and is non-sensical. (ECF 238 at 7-8, 8 n.3.)

    c) The plaintiffs offer *newly* submitted but incomplete exhibits that continue their pattern of half-truths and material omissions. (ECF 238 at 11.)

    d) The plaintiffs wrongly stated in their opening motion that Inteliquent did not provide its list of custodians (ECF 219 at 2, 5 n.2), but now *newly* argue (also wrongly) that those custodians are deficient (ECF 238 at 9-10).

    e) The plaintiffs wrongly stated in their motion that Inteliquent did not provide its search terms (ECF 219 at 5 n.2), but now *newly* argue (also wrongly) that those search terms are deficient (ECF 238 at 9-10).

    f) The plaintiffs *newly* argue that Inteliquent should produce parent emails we already told them we do not have. (*Id.* at 14.)

    g) The plaintiffs *newly* argue that Inteliquent violated the ESI Order because we did not designate 33 additional custodians. (*Id.* at 9.)

    h) The plaintiffs *newly* mischaracterize motion practice in an unrelated and irrelevant case that Inteliquent won on summary judgment. (*Id.* at 8 n.4.)

10. The requested surreply will vouchsafe Inteliquent's "right to be heard and provide[] the court with the information necessary to make an informed decision." *In re Sulfuric Acid*, 231 F.R.D. at 329.

11. Inteliquent therefore respectfully requests that the Court strike all of the plaintiffs' improper "reply" arguments described above or, in the alternative, grant leave to file the proposed surreply attached as Exhibit 1.

12. Rule 37.2 compliance: This is a continuation of the motion brought by the plaintiffs and related briefing at ECF 219, 230, and 238 already pending before the Court.

| | |
|---|---|
| Dated: March 16, 2022 | Respectfully submitted,<br><br>By: */s/ John J. Hamill*<br>John J. Hamill<br>john.hamill@dlapiper.com<br>Michael S. Pullos<br>michael.pullos@us.dlapiper.com<br>Devin Carpenter<br>devin.carpenter@us.dlapiper.com<br>DLA PIPER LLP (US)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 60606<br>Tel: 312.368.7036/2176<br>Fax: 312.251.5809/312.630.6350<br><br>*Attorneys for Inteliquent, Inc.* |

## **CERTIFICATE OF SERVICE**

      The undersigned attorney, on oath, certifies that on March 16, 2022 he served the foregoing **Motion for Leave to File a Surreply to Address (1) New Matters the Plaintiffs Raised In Their Reply; (2) the Plaintiffs' Disavowal Of Their Only Claim Against Inteliquent; and (3) the Plaintiffs' Endemic Rule 37.2 Violations** via the ECF system to all parties that have consented to same in accordance with applicable Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the Northern District of Illinois.

By: */s/ John J. Hamill*_____
     John J. Hamill