UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.4
Eastern Division

Craigville Telephone Co., et al.

                        Plaintiff,

v.                                               Case No.: 1:19−cv−07190
                                                      Honorable John Z. Lee

T−Mobile USA, Inc., et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, March 25, 2022:

      MINUTE entry before the Honorable Jeffrey T. Gilbert: Motion hearing held on 3/25/22 on the following motions: Joint Motion to Resolve Discovery Dispute [169]; Defendant T−Mobile's Motion for Entry of Protective Order Regarding Plaintiffs 9; Amended Notice of 30(b)(6) Records Custodian Deposition [176]; Defendant Inteliquent's Motion for Protective Order Regarding Plaintiffs' Notice of Records Custodian Deposition [179]; and Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Record Custodian(s) by 12/20/21 [184]. The parties are directed to the transcript of today's hearing for the full context of the Court's rulings on these motions. For the reasons stated on the record, the Joint Motion to Resolve Discovery Dispute [169] is granted in part and continued in part. In the Court's view, Defendant T−Mobile has shown good cause pursuant to Federal Rule of Civil Procedure 26(c) for entry of a protective order governing Plaintiffs' use of personally identifying information ("PII") for Defendant T−Mobile's customers captured in documents otherwise responsive to Plaintiffs' discovery requests and produced in discovery in this case. The Court, however, is not prepared to enter the protective order proposed by Defendant T−Mobile. To facilitate the process of determining what PII exists and the most efficient way to allow a party to communicate with customers who may have relevant information should they want to do so, the parties agree that Defendant T−Mobile will produce to Plaintiff certain unredacted customer information so the parties jointly can identify a list of customers who may have information relevant to the local ring back tone ("LRBT") and call completion issues at the heart of this litigation. Plaintiffs agree, and the Court orders, that neither Plaintiffs nor their counsel will contact customers whose PII is produced in unredacted form by Defendant T−Mobile, for purposes of obtaining information relevant to this case, absent further court order incorporating a procedure by which the Court allows them to do so. Similarly, Defendant T−Mobile agrees, and the Court orders, that neither Defendant T−Mobile nor its counsel will contact customers for whom Defendant T−Mobile has PII or for whom PII is produced in unredacted form by Plaintiffs in response to Defendant T−Mobile's discovery requests, for purposes of obtaining information relevant to this case, absent further court order incorporating a procedure by which the Court allows them to do so. Following production of the unredacted PII, the parties are encouraged to meet and confer pursuant to Local Rule 37.2 and attempt to agree on a process or procedure by which Plaintiffs and/or Defendant T−Mobile can contact certain customers who may have information relevant to this case,

as discussed on the record. The Court will revisit this matter once the parties have done so. The Court rules as follows on the three overlapping motions regarding Rule 30(b)(6) depositions and topics [176, 179, 184]. For the reasons stated on the record, Defendant T−Mobile's Motion for Entry of Protective Order Regarding Plaintiffs' Amended Notice of 30(b)(6) Records Custodian Deposition [176] is granted in part and denied in part. For the reasons stated on the record, Defendant Inteliquent's Motion for Protective Order Regarding Plaintiffs' Notice of Records Custodian Deposition [179] is granted in part and denied in part. Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Record Custodian(s) by 12/20/21 [184] is denied as moot. Because the parties confirmed that the earliest Defendant T−Mobile and Defendant Inteliquent can produce their respective records custodians for deposition is the first week of May 2022 (Joint Status Report [250] at 8), the Court withdraws its preliminary inclination to bifurcate the Rule 30(b)(6) "record custodian" depositions [241] since the Court's rationale for doing so no longer applies. Those depositions will continue to be subject to the time limitation in Judge Lee's prior order [115]. The parties confirmed the following topics for the Rule 30(b)(6) "record custodian" depositions are agreed at this time: topics 1−19, 35−36, 45−47, 49−57, and 62−68 from the T−Mobile Amended Notice, and topics 1−2, 3−9, 11−14, 16, 37−39, 40−43, 46−47, and 50−52 from the Inteliquent Notice. As discussed on the record, the Court is willing to allow Plaintiffs to cover an additional 5 topics with each Defendant's corporate designee. The parties shall meet and confer pursuant to Local Rule 37.2 and attempt to reach agreement on those additional topics consistent with the Court's guidance during today's hearing about relevant and proportional topics for the "record custodian" depositions being requested by Plaintiffs. By 4/6/22, if the parties cannot reach agreement on up to 5 additional topics for each Defendant, the parties shall file a joint report that identifies the topics Plaintiffs want to inquire about and the reason they believe those topics should be allowed and that also includes Defendants' reasons for objecting to those topics. Plaintiffs may submit to the Court up to 7 additional topics per Defendant, and proportionally less than that if the parties agree on some additional topics though less than the 5 additional topics the Court will permit for the Rule 30(b)(6) "record custodian" depositions. On or before 5/17/22, the parties jointly shall file a status report that updates the Court on the status of discovery taken and to be taken, including any depositions taken and/or scheduled, the status of their discussions concerning customer PII and customer contacts, and that identifies any outstanding disputes as to which the parties have completed the Local Rule 37.2 process that require court intervention. The status report can follow the form of the parties' last status report [250]. Mailed notice(ber, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.