**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Hon. John Z. Lee |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION TO EXTEND DEADLINE
TO AMEND PLEADINGS AND JOIN PARTIES**

COME NOW Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC ("Plaintiffs"), on behalf of themselves and a class of similarly-situated companies, respectfully submit this Motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to extend the current deadline for amending pleadings and joining parties by ninety (90) days from May 27, 2022 to August 26, 2022. Plaintiffs raised with counsel for Defendants that they would seek an extension of both deadlines via emails on May 16, 2022 in the context of preparing the May 17, 2022 Joint Status Report. Defendants T-Mobile USA, Inc. ("T-Mobile") and Inteliquent, Inc. ("Inteliquent") do not fully agree with the factual assertions set forth in the motion and specifically disagree with certain of those assertions, but they do not oppose the relief Plaintiffs request.

In support of this Motion, Plaintiffs state as follows:

1. On February 24, 2022, Magistrate Judge Gilbert granted the parties' joint request for a three month extension of the deadline to amend pleadings and join parties and extension of the discovery deadline to the current dates of May 27, 2022 and September 15, 2022,[1] respectively. *See* ECF 229.

2. Since that time, the parties have been working through multiple discovery disputes, including significantly the permissible scope of discovery and disputes concerning appropriate topics for records custodian depositions. *See* ECF 148, 252, 257. Following the Court's March 25, 2022 Hearing ("Hearing"), the parties promptly met and conferred further regarding potential customer contact protocols to address T-Mobile's motion for protective order regarding customer contact information. The parties plan to submit a Joint Brief for resolution of a protocol regarding the use of T-Mobile's customer contact information on or about May 25, 2022.

3. Following the Hearing, the parties completed depositions of Plaintiffs' records custodians on April 4 and April 7, 2022, and the depositions of Defendants' records custodians on May 4 and May 5, 2022. During these depositions, Plaintiffs and Defendants learned information about each other's documents and systems that they intend to use to inform further discovery. Plaintiffs will complete their second set of requests for production of documents and intend to serve other written discovery informed by the records custodians' testimony.

4. The Court also recently issued an Opinion and Order granting in small part and denying in large part Plaintiffs' Motion to Compel Documents from T-Mobile. *See* ECF 257. Plaintiffs understand the Court's Order as encouraging Plaintiffs to further meet and confer with

---

[1] Plaintiffs note that discovery is presently scheduled to close on September 15, 2022. Plaintiffs anticipate keeping the Court apprised of the progress of discovery and feasibility of completing discovery by that date as it approaches given that the Parties have only recently completed record custodian depositions, will need to obtain and analyze call detail records from the Defendants, and have yet to confer about deposition dates and availability of fact witnesses during the summer months is not yet known.

T-Mobile with respect to numerous requests to attempt to narrow the scope of them, as well as confirming that certain requests seek relevant information. *See*, *e.g.*, *id.* at 7 ("[s]o too does the request appear to be relevant and proportional to the needs of the case"); *id.* at 8 ("[c]ertainly, Plaintiffs have established that the "economics" of the TMUS-Inteliquent relationship generally is relevant to Plaintiffs' allegations as pled in the Second Amended Complaint"); *id.* at 17 ("[t]o be sure, the subject of these requests – calls that could have been impacted by or involved the LRBT parameters – is relevant to Plaintiffs'' claims"). Plaintiffs are in the process of preparing meet and confer proposals for T-Mobile in response to this Order. As a result, Plaintiffs' efforts to complete receipt of documents from T-Mobile in response to their First Requests for Production of Document remains ongoing.

5. Plaintiffs' Motion to Compel against Inteliquent remains pending and has not yet been resolved by the Court. ECF 216. Plaintiffs also have a motion to compel against third party Ericsson pending, which is also yet to be resolved. *See* Case No. 1:22-cv-01595, ECF 9, 10.

6. Given that document discovery is still very much in process, that Plaintiffs are diligently proceeding with discovery, and that there are material discovery disputes pending that impact Plaintiffs' ability to have fully evaluated at this time whether any further amendments or joinder of parties is appropriate or warranted, good cause exists to extend the deadline for amending pleading and joining parties in this matter. *See Jackson-El v. City of Markham*, 332 F.R.D. 583, 584 (N.D. Ill. 2019). *See also*, *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016)(good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.' "); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking

3

amendment."). Plaintiffs assert a ninety (90) day extension of this deadline is appropriate to allow time for resolution of the pending discovery motions and for the Parties to pursue further written discovery based on the new information learned through the recent records custodian depositions.

WHEREFORE, Plaintiffs respectfully request that the Court modify the Scheduling Order and extend the current deadline to amend pleadings and join parties by ninety (90) days from May 27, 2022 to August 26, 2022, and for any further relief this Court deems just and proper. As noted above, Defendants do not fully agree with the factual assertions set forth in the motion and specifically disagree with certain of those assertions, but they do not oppose the relief Plaintiffs request.

Dated: May 25, 2022

Respectfully submitted,

By: */s/ David T.B. Audley*
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL  60603-4080
Tel.  312-845-2971
Fax:  312-516-3971
Email:  audley@chapman.com
Email:  dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW Suite 400 South
Washington, DC  20006
Tel.:  202-857-4489
Fax:  202-261-0029
Email:  cathy.hinger@wbd-us.com
Email:  david.carter@wbd-us.com
Email:  victoria.bruno@wbd-us.com
Email:  katie.gallagher@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Facsimile: 919-755-6770
Email: kurt.weaver@wbd-us.com

Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
8350 Broad Street, Suite 1500
Tysons, VA 22102
Tel: 703-790-3310
Fax: 703-790-2623
Email: jeremy.baker@wbd-us.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of May, 2022, I served the foregoing Unopposed Motion to Extend the Deadline to Amend Pleadings and Join Parties via the Court's ECF system on all counsel of record.

By: */s/ Mia D. D'Andrea*

*Counsel for Plaintiffs*