**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-cv-07190 |
| | ) | |
| vs. | ) ) | Hon. John Z. Lee Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>UNOPPOSED MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS AND JOIN PARTIES, AND THE DISCOVERY DEADLINE</u>

COME NOW Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC ("Plaintiffs"), on behalf of themselves and a class of similarly-situated companies, to respectfully submit this Motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to extend the current deadline for amending pleadings and joining parties by four (4) months from August 26, 2022 to December 26, 2022, and to extend the discovery deadline an additional six (6) months from September 15, 2022 to March 15, 2023. Counsel for Plaintiffs and Defendant T-Mobile USA, Inc. ("T-Mobile") met and conferred about a potential extension of the schedule via video conference on July 26, 2022. T-Mobile and Defendant Inteliquent, Inc. ("Inteliquent" and, collectively with T-Mobile, "Defendants") do not oppose the requested extensions and agree they are appropriate, although counsel for Defendants have advised counsel for Plaintiffs that Defendants disagree with certain of the assertions set forth herein and that they will not consent to a further extension of the deadline for amending pleadings and joining parties.

In support of this Motion, Plaintiffs state as follows:

1.     On February 24, 2022, the Court granted the Plaintiffs' Unopposed Motion for a three month extension of the discovery deadline to its current date of September 15, 2022 (ECF 229).  On May 31, 2022, the Court extended Plaintiffs' deadline to amend the pleadings and join parties to August 26, 2022 (ECF 260).

2.     As set forth below, there are a number of unresolved discovery issues that are in process that cannot reasonably be completed within the current deadlines, despite the parties engaging in active discovery efforts and multiple ongoing meet and confers.

3.     On March 25, 2022, the Court held a hearing (ECF 241) regarding Plaintiffs' Motion to Compel Compliance with Subpoena to Non-Party Wilkinson Barker Knauer LLP (Case No. 1:21-cv-4549), the parties' Joint Motion to Resolve Discovery Dispute Regarding T-Mobile's Motion for Protective Order Concerning Customer Contact (ECF 169), Defendant T-Mobile's Amended Motion for Entry of Protective Order Regarding Plaintiffs' Amended Notice of 30(b)(6) Records Custodian Deposition (ECF 176), Defendant Inteliquent's Motion for Protective Order Regarding Plaintiffs' Notice of Records Custodian Deposition (ECF 179), and the parties' Joint Brief Concerning Plaintiffs' Motion to Compel Production of Rule 30(b)(6) Record Custodian(s) (ECF 184).   During that hearing, with regard to the joint submission regarding T-Mobile's Customer Contact Information, the Court instructed T-Mobile and Plaintiffs to meet and confer to develop an agreed protocol for Plaintiffs' contact with T-Mobile customers whose identity and contact information was made known to Plaintiffs as a result of Defendants' production of such information in discovery (ECF 252).  The parties commenced those efforts promptly following the Hearing with a meet and confer session on March 29, 2022.

4.      Around this time, the Court also received Plaintiffs' Motion to Compel Documents from third-party Ericsson, Inc. as a transfer from the Western District of North Carolina (*See* Case No.: 1:22−cv−01595).  This Motion was assigned to Judge Lee on April 11, 2022 (ECF 7, Case No.: 1:22−cv−01595), and was referred to Magistrate Judge Gilbert for resolution (ECF 16, Case No.: 1:22−cv−01595).  This motion is fully briefed and ripe for resolution.[1]

5.      On April 4, 2022, Defendant T-Mobile took the deposition of Plaintiff Craigville Telephone Co. d/b/a AdamsWells' record custodian, and took the deposition of Plaintiff Consolidated Telephone Company d/b/a CTC's record custodian on April 7, 2022.

6.      On May 4 and 5, 2022, Plaintiffs took the depositions of Defendant Inteliquent and Defendant T-Mobile's record custodians, respectively.

7.      On May 12, 2022, the Court issued an Order regarding Plaintiff's Motion to Compel Documents from T-Mobile (ECF 257).  Pursuant to that Order, the parties have also been engaging in an extensive and ongoing meet and confer process negotiating narrowed discovery requests and responses.

8.      The parties also engaged in an extensive meet and confer process concerning Plaintiffs' ability to contact T-Mobile's customers as potential witnesses.  While these efforts resulted in agreements as to many parameters of an agreed protocol for such contact, on June 10, 2022, the parties submitted their Second Joint Status Report Regarding T-Mobile's Motion for Protective Order Concerning Customer Contact (ECF 262), seeking final resolution from the Court before this contact process may proceed.

---

[1]      Through their ongoing meet and confer efforts, Plaintiffs have also found that resolution of this Motion to Compel Documents from Ericsson may impact the scope of some other discovery they have been seeking from T-Mobile.

9.     Plaintiffs' Motion to Compel Production of Documents from Inteliquent (ECF 219) is also fully briefed and remains pending.  Through the parties' ongoing meet and confer efforts it appears the resolution of this motion may also influence what discovery T-Mobile is willing to provide on certain topics without further motions practice.[2]

10.     Additionally, Plaintiffs have recently served written discovery requests on T-Mobile, much of which is in follow up to the records custodian deposition, information learned through T-Mobile's production of document thus far, and matters discussed in the meet and confer process following the May 12 discovery order.

11.     For all of these reasons, the case is not in a posture where the parties are prepared to proceed with depositions, let alone complete all necessary depositions, before the current discovery deadline on September 15, 2022.  Thus, an extension of six (6) months would be reasonable under the circumstances not only to allow time for the resolution of the parties' pending discovery motions and meet and confer processes, but to allow time for all parties to review the completed productions of documents, evaluate which witnesses each party will seek to depose, take each of those depositions, and analyze that deposition testimony. Thus a modest further extension of the discovery deadline is necessary to complete these efforts.

12.     Additionally, given the pending discovery issues and ongoing meet and confer efforts described herein, the outcome of these issues will also impact what if any additional parties Plaintiffs may find appropriate to add to this matter or changes which may be warranted to

---

[2]     During the parties' meet and confer video conferences T-Mobile has taken the position that it will not respond to certain categories of Plaintiffs' revised and narrowed Requests for Production of Documents until the Court has ruled on Plaintiffs' Motion to Compel Documents from Inteliquent because T-Mobile believes the topics were more fully briefed in that motion and thus the parties will benefit from further guidance from the Court on those issues.  Plaintiffs disagree with this position both in substance and that it is a permissible rationale for declining to respond to discovery particularly given the Court's instructions to the parties to engage in further meet and confer efforts (*see* ECF 257), and plan to raise this issue and others in a second Motion to Compel.

Plaintiffs' pleadings. Plaintiffs assert that resolution of the pending discovery disputes and follow up discovery thereon should precede Plaintiffs' final determination as to whether to amend or join any parties.

13.     The current status of discovery is not due to a lack of diligence, rather a number of discovery motions remain pending, and the parties are taking care to meet and confer to resolve ongoing discovery issues outside of motions practice, including, but not limited to ongoing efforts to negotiate narrowed discovery requests in response to the Court's May 12 Order (ECF 257). Despite these efforts, the fact remains that the outcome of these issues will impact how discovery progresses and when the parties are in a position to proceed with taking depositions. Because the parties' inability to complete discovery before September 15, 2022 has not been due to any fault of their own, good cause exists to extend the discovery deadline in this matter. *See Jackson-El v. City of Markham*, 332 F.R.D. 583, 584 (N.D. Ill. 2019). *See also*, *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016)(good cause requirement for modification of schedule is "a standard that 'primarily considers the diligence of the party seeking amendment.' "); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)("In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.").

14.     Given the significance of the pending discovery motions before the Court, the fact that the parties are engaging in ongoing meet and confer efforts on multiple issues, that written discovery requests are currently pending, and no further depositions have been scheduled as of the date of filing this Motion, there is good cause to extend the deadline to amend pleadings and join parties by four (4) months to December 26, 2022 and to extend the discovery deadline by six (6) months to March 15, 2023 under Federal Rule of Civil Procedure 16(b)(4).

WHEREFORE, Plaintiffs respectfully request that the Court modify the Scheduling Order and extend the current deadline to amend pleadings and join parties by four (4) months from August 26, 2022 to December  26, 2022, to extend the discovery deadline by six (6) months from September 15, 2022 to March 15, 2023, and for any further relief this Court deems just and proper. As noted above, T-Mobile and Inteliquent do not oppose this requested relief.

Dated:  August 8, 2022

Respectfully submitted,

By: */s/ David T.B. Audley*
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL  60603-4080
Tel.  312-845-2971
Fax:  312-516-3971
Email:  audley@chapman.com
Email:  dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW Suite 400 South
Washington, DC  20006
Tel.:  202-857-4489
Fax:  202-261-0029
Email:  cathy.hinger@wbd-us.com
Email:  david.carter@wbd-us.com
Email:  victoria.bruno@wbd-us.com
Email:  katie.gallagher@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone:  919-755-8163
Facsimile:  919-755-6770
Email:  kurt.weaver@wbd-us.com

Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
8350 Broad Street, Suite 1500
Tysons, VA 22102
Tel: 703-790-3310
Fax: 703-790-2623
Email: jeremy.baker@wbd-us.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2022, I served the foregoing Unopposed

Motion to Extend Deadline to Amend Pleadings and Join Parties, and the Discovery Deadline via

the Court's ECF system on all counsel of record.

By: */s/ Mia D. D'Andrea*

*Counsel for Plaintiffs*