THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge John Z. Lee |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells ("AdamsWells") and Consolidated Telephone Company d/b/a CTC ("CTC"), on behalf of themselves and a class of similarly-situated companies ("Plaintiffs"), and Defendants T-Mobile USA, Inc. ("T-Mobile" or "TMUS") and Inteliquent, Inc. ("Inteliquent" and, collectively with T-Mobile, "Defendants"), pursuant to this Court's August 3, 2022 Notification of Docket Entry [ECF 265], submit their Joint Status Report on the progress of discovery.

**I.     CURRENT DEADLINES.**

Pursuant to the Court's August 11, 2022 Order [ECF 267], the current schedule is as follows:

| Date | Event |
|---|---|
| 8/26/22[1] | Deadline to Amend Pleadings/Join Parties |
| 3/15/23 | Fact Discovery Closes (not bifurcated) |

---

[1] On August 11, 2022 Magistrate Judge Gilbert granted in part Plaintiffs' Unopposed Motion to Extend the Deadline to Amend Pleadings and Join Parties by extending the close of fact discovery to March 15, 2023, but his order deferred ruling on the portion of the motion seeking to extend the deadline to amend pleadings and join parties to the District Judge. [ECF 267.] However the District Judge has not yet rendered a ruling on this portion of Plaintiffs' unopposed motion.

## II. THE PROGRESS OF DISCOVERY.

**A. Party Discovery:** The following Party Discovery has been served or exchanged.

| DATE | DESCRIPTION |
|---|---|
| 3/19/21 | Plaintiffs served First Requests for Production on T-Mobile and Inteliquent |
| 3/23/21 | All Parties served Initial Disclosures |
| 3/26/21 | T-Mobile served First Requests for Production on Plaintiffs CTC and AdamsWells |
| 4/19/21 | Inteliquent served First Requests for Production on Plaintiffs CTC and AdamsWells |
| 4/19/21 | T-Mobile and Inteliquent served Responses and Objections to Plaintiffs' First Requests for Production |
| 4/23/21 | T-Mobile and Inteliquent served Amended Initial Disclosures |
| 4/26/21 | Plaintiffs CTC and Adams Wells served Objections and Responses to T-Mobile's First Request for Production with a production of 150 non-confidential documents |
| 5/19/21 | Plaintiffs CTC and AdamsWells served Responses and Objections to Inteliquent's First Request for Production |
| 5/27/21 | T-Mobile served Interrogatories on Plaintiffs CTC and AdamsWells |
| 6/28/21 | Plaintiffs CTC and AdamsWells served Objections and Responses to T-Mobile's First set of Interrogatories |
| 9/22/21 | T-Mobile and Inteliquent served Amended Initial Disclosures |
| 9/22/21 | T-Mobile served Amended Objections and Responses to Plaintiffs' First Request for Production |
| 10/17/21 | Plaintiffs served Notices of Record Custodian Deposition for T-Mobile and for Inteliquent |
| 12/20/21 | T-Mobile served Second Requests for Production on Plaintiffs CTC and AdamsWells |
| 12/20/21 | T-Mobile served First Requests for Admission on Plaintiffs CTC and AdamsWells |
| 1/19/22 | Plaintiffs CTC and AdamsWells served Responses and Objections to T-Mobile's Second Requests for Production |
| 1/19/22 | Plaintiffs CTC and AdamsWells served Responses and Objections to T-Mobile's First Requests for Admission |
| 2/9/22 | T-Mobile served Notices of Record Custodian Deposition for Plaintiffs CTC and AdamsWells |
| 4/4/22 | T-Mobile took the deposition of Plaintiff AdamsWells' Record Custodian |
| 4/7/22 | T-Mobile took the deposition of Plaintiff CTC's Record Custodian |
| 4/8/22 | Plaintiffs served Amended Notices of Record Custodian Deposition for Defendants T-Mobile and Inteliquent |
| 5/4/22 | Plaintiffs took the deposition of Inteliquent's Record Custodian |
| 5/5/22 | Plaintiffs took the deposition of T-Mobile's Record Custodian |
| 7/1/22 | Plaintiffs served First Requests for Admission on T-Mobile |
| 7/20/22 | Plaintiffs served Second Requests for Production on T-Mobile |

| | |
|---|---|
| 7/28/22 | Plaintiffs served First Set of Interrogatories on T-Mobile |
| 9/1/22 | Inteliquent served First Set of Interrogatories on the Plaintiffs |
| 9/1/22 | T-Mobile served Third Requests for Production on Plaintiffs CTC and AdamsWells |

    **B. Third Party Discovery.**

        **1. Plaintiffs' Statement Regarding Third Party Discovery.**

Plaintiffs have engaged in the following:

| DATE | DESCRIPTION |
|---|---|
| 6/7/21 | Plaintiffs issued Subpoena to Ericsson, Inc. (provider of equipment to Inteliquent capable of inserting LRBTs) |
| 6/7/21 | Plaintiffs issued Subpoena Ribbon Communications (provider of server to T-Mobile capable of inserting LRBTs) |
| 6/7/21 | Plaintiffs issued Subpoena to third party Wilkinson Barker Knauer LLP ("WBK") (T-Mobile counsel in the FCC Investigation) ("WBK Subpoena") |
| 6/18/21 | Ericsson served Objections and written Response to Subpoena (without document production) |
| 6/22/21 | Plaintiffs issued Subpoena to Fritz Hendricks (former CEO of Inteliquent) |
| 6/22/21 | Plaintiffs issued Subpoena to Matthew Carter (former CEO of Inteliquent) |
| 6/22/21 | WBK LLP served Objections to WBK Subpoena (without document production) |
| 7/2/21 | Plaintiffs re-issued Subpoena to Matthew Carter (former CEO of Inteliquent) |
| 7/7/21 | Fritz Hendricks served Objections and Responses to Subpoenas (without document production) |
| 7/9/21 | Ribbon Communications served Objections to Subpoena (without document production) |
| 7/9/21 | Plaintiffs issued Subpoena to FCC |
| 7/14/21 | Plaintiffs filed Motion to Compel against WBK in the U.S. District Court for the District of Columbia (subsequently transferred to NDIL, Case No. 1:21-cv-04569, assigned to Judge Feinerman) ("WBK Matter") |
| 7/16/21 | Matthew Carter served Objections and Responses to Subpoena (without document production, represented by same counsel as Inteliquent) |
| 7/28/21 | Ribbon Communications served Objections to Subpoena (without document production due to lack of protective order and subject to meet and confer agreement with Plaintiffs to extend time to serve objections and responses) |
| 7/28/21 | Plaintiffs filed Motion for Entry of Third Party Confidentiality Order re Ribbon Communications [ECF 135] |
| 8/4/21 | Plaintiffs filed Motion for Entry of Third Party Confidentiality Order re Ericsson, Inc., *et al*. [ECF 142] |
| 8/6/21 | FCC served preliminary objections to subpoena by email (without document production) |
| 8/9/21 | Defendants filed Opposition to Plaintiffs' Motion for Entry of Third-Party Confidentiality Orders [ECF 144] |

| | |
|---|---|
| 8/12/21 | Plaintiffs filed Reply in Support of Motions for Entry of Third Party Confidentiality Orders [ECF 145] |
| 8/12/21 | WBK filed Opposition to Motion to Compel (in U.S. District Court for the District of Columbia) |
| 8/26/21 | Petitioners (Plaintiffs) filed Reply in Support of Motion to Compel against WBK (in WBK Matter) |
| 9/28/21 | Ericsson, Inc. served its first production of documents in response to Plaintiffs' Third Party Subpoena |
| 10/26/21 | Ribbon Communications served a production of documents in response to Plaintiffs' Third Party Subpoena |
| 10/29/21 | WBK Matter referred to Magistrate Judge Gilbert for resolution as related matter to 1:19-cv-07190 |
| 11/9/21 | Plaintiffs' Motion to Compel to Third-Party WBK is taken under advisement |
| 11/23/21 | Plaintiffs issued Subpoena to Equinox Information Systems, Inc. (third party software vendor hired by Inteliquent who participated in meetings with T-Mobile Senior Manager for Revenue Assurance, Adrian Lazar Adler, T-Mobile's Revenue Assurance Team and representatives of Inteliquent during which Defendants discussed matters referenced by Mr. Adler's Declaration [ECF 94, Ex. 14 at ¶¶ 22, 24] |
| 12/22/21 | Counsel for Inteliquent served a production of documents in response to Plaintiffs' Third Party Subpoena to Fritz Hendricks |
| 12/22/21 | Ericsson served a supplemental production of 13 documents |
| 12/22/21 | Equinox began producing documents to Plaintiffs in response to their Subpoena and Plaintiffs believe their production is now substantially complete subject to review and verification which Plaintiffs have underway |
| 2/3/22 | Plaintiffs served bates labeled production from Equinox and original .pst files as provided by Equinox in response to Plaintiffs' subpoena |
| 2/22/22 | Plaintiffs filed Motion to Compel and Motion to Transfer against Ericsson in the U.S. District Court for the Western District of North Carolina (Case No. 3:22-MC-035-MOC-DCK) |
| 3/4/22 | U.S. District Court for the Western District of North Carolina ordered transfer of Motion to Compel against Ericsson to Northern District of Illinois |
| 4/13/22 | Plaintiffs filed Motion to Compel Subpoena Response against Non-Party Ericsson and Memorandum of Law in Support thereof |
| 4/25/22 | Non-Party Ericsson filed Opposition to Plaintiffs' Motion to Compel Subpoena Response; Non-Party Ericsson supplemented its Subpoena response |
| 4/26/22 | Defendant T-Mobile filed Motion for Leave to file an Opposition to Plaintiffs' Motion to Compel Subpoena Response against Non-Party Ericsson |
| 5/4/22 | Plaintiffs filed their Combined Reply in Support of their Motion to Compel Subpoena Response against Non-Party Ericsson |

Plaintiffs incorporate by reference their position that third party productions are substantially incomplete as set forth in the prior Joint Status Report. [ECF 258.]

2. **Defendants' Statement Regarding Third Party Discovery.**

      **a)**      **Defendant TMUS's Statement Regarding Third Party Discovery.**

TMUS incorporates its statements regarding Third Party Discovery in the Joint Status Report of September 10, 2021, October 22, 2021, January 19, 2022, March 23, 2022, and May 17, 2022. [ECF Nos. 150, 172, 210, 250, 258.]

      **b)**      **Defendant Inteliquent's Statement Regarding Third Party Discovery.**

Inteliquent incorporates its statements relating to third party discovery in the Joint Status Reports of September 10, 2021, October 22, 2021, January 19, 2022, March 23, 2022, and May 17, 2022. (ECF 150; ECF 172; ECF 210; ECF 250; ECF 258.)

  **C. Party Document Discovery.**

    **1. Plaintiffs' Position on Party Document Productions**

The Parties have made the following productions:

| DATE | PRODUCING PARTY | PRODUCTION VOLUME |
| --- | --- | --- |
| 4/26/21 | Plaintiffs | 150 documents, 2,720 pages |
| 9/23/21 | T-Mobile | 206 documents, 715 pages |
| 9/28/21 | Inteliquent | 25 documents, 61 pages |
| 9/29/21 | Plaintiffs | 1,791 documents, 18,392 pages |
| 10/8/21 | T-Mobile | 193 documents, 1,312 pages |
| 10/14/21 | Plaintiffs | 5,671 documents, 16,184 pages |
| 10/22/21 | Plaintiffs | 7,206 documents, 23,487 pages |
| 10/29/21 | T-Mobile | 198 documents, 1,585 pages |
| 10/29/21 | Inteliquent | 56 documents, 56 pages |
| 11/12/21 | Inteliquent | 246 documents, 671 pages |
| 11/30/21 | T-Mobile | 550 documents, 849 pages |
| 11/30/21 | Inteliquent | 6 documents, 227 pages |
| 12/17/21 | Inteliquent | 163 documents, 502 pages |
| 12/21/21 | T-Mobile | 271 documents, 552 pages |
| 1/4/22 | T-Mobile | 178 documents, 1,122 pages |
| 1/28/22 | T-Mobile | 434 documents, 1,090 pages |
| 3/10/22 | T-Mobile | 235 documents, 8,288 pages |
| 4/5/22 | T-Mobile | 563 documents, 9,786 pages[2] |
| 4/22/22 | T-Mobile | 584 documents, 944 pages |
| 6/30/22 | T-Mobile | 484 documents, 1,924 pages |
| 8/10/22 | T-Mobile | 93 documents, 1,647 pages |

---

[2] Unredacted reproduction of previously produced material.

| 8/29/22 | T-Mobile | 1 document, 1 voluminous excel spreadsheet |

Plaintiffs recently completed an extensive process of meet and confer efforts with T-Mobile that Plaintiffs initiated following the Court's Discovery Order. [ECF 257.] Pursuant to the Court's guidance in its Discovery Order, Plaintiffs proposed narrowly drafted versions of many of their previously served Requests for Production of Documents. Plaintiffs narrowed many of their requests to seek a small or finite numbers of documents which were informed by documents that have been produced since first serving their original requests. Despite over two months of negotiations concerning narrowed versions of some of Plaintiffs' requests, the parties remain at an impasse with respect to several categories of Plaintiffs' narrowed requests, which are the subject of Plaintiffs' forthcoming Renewed Motion to Compel Certain Documents.

In addition, Plaintiffs are evaluating T-Mobile's responses to their First Requests for Admission, and Second Set of Requests for Production, which were served on August 1 and 31, 2022 respectively. Approximately fifteen of Plaintiffs' Second Set of Requests for Production represent these narrowed versions of Plaintiffs' First Set of Requests for Production that have been the subject of the meet and confer negotiations pursuant to the Court's Discovery Order [ECF 257] described above. Plaintiffs included these narrowed requests in its Second Set of Requests for Production in order to avoid any argument that these narrowed requests were not properly served, however most of the narrowed requests are either in the process of being resolved or will be submitted to the Court in Plaintiffs' forthcoming motion to compel. Pursuant to agreement of the parties, Plaintiffs expect T-Mobile's responses to Plaintiffs' First Set of Interrogatories on September 14, 2022. Plaintiffs also expect to serve additional document requests on Inteliquent based on information revealed during the deposition of Inteliquent's records custodian, current negotiations that are ongoing concerning its call detail records, and other discovery developments.

## 2. Defendants' Statement Concerning Status of Discovery.

### a. Defendant TMUS's Statement Regarding Status of Discovery.

Following the Court's May 12, 2022 Order [ECF No. 257], Plaintiffs' served 30 modified discovery requests.[3] TMUS engaged in extensive meet and confer efforts with Plaintiffs to address these requests, following which TMUS produced additional documents and information. TMUS also agreed to a stipulation to resolve disputes concerning the production of documents in response to Plaintiffs' First Set of Requests for Production of Documents No. 33. The parties are at impasse with respect to eleven of Plaintiffs' modified requests, including four requests to which TMUS offered counterproposals that Plaintiffs did not accept.

TMUS also responded to or is in the process of responding to Plaintiffs' Second Set of Requests for Production, which includes 56 new requests; Plaintiffs' First Set of Requests for Admission; and Plaintiffs' First Set of Interrogatories. TMUS intends to produce documents responsive to Plaintiffs' Second Set of Requests for Production in due course.

As TMUS stated in the previous Joint Status Report of May 17, 2022 [ECF No. 258], TMUS believes Plaintiffs have not yet produced documents in response to TMUS's Second Set of Requests for Production of Documents, which includes 10 document requests. TMUS has been meeting and conferring with Plaintiffs over certain of these requests. On September 1, 2022, TMUS served its Third Set of Requests for Production of Documents to Plaintiffs, which includes 10 new document requests.

### b. Defendant Inteliquent's Statement Regarding Status of Discovery.

---

[3] Plaintiffs say these modified requests were "narrowly drafted versions of many of their previously served Requests for Production of Documents" "[p]ursuant to the Court's guidance in its Discovery Order." TMUS disagrees. Although the requests were *different* than the originals, many were far from "narrowly drafted."

Inteliquent joins in TMUS's statement. Inteliquent incorporates its statements relating to the status of discovery in the Joint Status Reports of September 10, 2021, October 22, 2021, January 19, 2022, March 23, 2022, and May 17, 2022. (ECF 150; ECF 172; ECF 210; ECF 250; ECF 258.)

### III. THE STATUS OF BRIEFING ON UNRESOLVED MOTIONS.

**A. Plaintiffs' Statement Concerning Pending Motions.**

During the March 25, 2022 video discovery hearing before Magistrate Judge Gilbert, the Court addressed T-Mobile's Motion for Protective Order concerning customer information [ECF 169], discussed the elements of a customer contact protocol that the Court expects, and directed the parties to confer again to attempt to reach an agreed proposal satisfying the criteria described by the Court. The Court also advised that the parties should give the Court a joint status report advising the Court on these efforts. [*See* ECF 252, 253 at 54-60, 76:9-14; ECF 252]. Despite the parties' meet and confer efforts, they have been unable to reach a consensus on such a protocol, though they did reach agreement on some elements of it, and submitted their competing proposals for resolution in a separate Joint Brief. [*See* ECF 262.]

Plaintiffs' Motion to Compel Documents from Inteliquent is fully briefed. [ECF 216.] Pursuant to ECF 268, this pending motion was stricken without prejudice and the movant was granted leave to refile after reassignment of the case. Plaintiffs' Motion to Compel Production from non-party Ericsson is also fully briefed and pending in Case No. 1:22-cv-01595. Plaintiffs are in the process of preparing and filing a Renewed Motion to Compel Certain Documents from T-Mobile regarding production of additional documents the Court found relevant pursuant to the Court's Opinion and Order [ECF 257], for which it will be necessary for the Court to set a briefing schedule.

8

### B. Defendants' Statement Concerning Pending Motions.

### 1. Defendant TMUS's Statement Concerning Pending Motions.

During the March 25, 2022 hearing before Magistrate Judge Gilbert, the Court addressed TMUS's protective order motion concerning customer information [ECF No. 169], proposed a protocol to govern initial contact with customers in order to preserve their privacy interests to which TMUS was amenable, ordered TMUS to produce to Plaintiffs certain unredacted customer information so the parties could identify a list of customers that Plaintiffs may contact, and encouraged the parties to meet and confer to agree on a process or procedure by which Plaintiffs and TMUS can contact the relevant customers [ECF Nos. 252, 253]. Despite the parties' meet and confer efforts after TMUS produced the requested information, they have been unable to reach a consensus on such a protocol, although they did reach agreement on some elements of it. Plaintiffs and TMUS submitted competing proposals for resolution in a separate Joint Brief. [*See* ECF 262.]

### 2. Defendant Inteliquent's Statement Concerning Pending Motions.

Inteliquent joins in TMUS's statement. Inteliquent adds that its motion for judgment on the pleadings to dismiss the sole remaining civil conspiracy claim against Inteliquent is fully briefed (ECF 153). Pursuant to ECF 268, the pending motion was stricken without prejudice and the movant was granted leave to refile after reassignment of the case.

## IV. WHETHER PARTIES HAVE ENGAGED OR ARE ENGAGING IN SETTLEMENT DISCUSSIONS AND THE STATUS OF THOSE DISCUSSIONS.

The Parties have not been engaged in any settlement discussions.

## V. FOR CASES WITHOUT ANY FUTURE COURT DATES, AN AGREED PROPOSED SCHEDULE.

Not applicable.

VI. **FOR CASES WITH FUTURE COURT DATES, IF THE PARTIES BELIEVE THERE IS GOOD CAUSE TO EXTEND THE CURRENT DEADLINES, A PROPOSED AMENDED SCHEDULE AND THE BASIS FOR THE REQUEST.**

**Plaintiffs' Position:** Plaintiffs respectfully request the Court grant their Unopposed Motion to Extend the Deadline to Amend Pleadings and Join Parties for all of the reasons set forth in their Unopposed Motion. [ECF 266.]

**Defendants' Position:** Defendants do not oppose Plaintiffs' Motion to Extend the Deadline to Amend Pleadings and Join Parties (ECF 266).

VII. **A REQUEST FOR ANY AGREED ACTION THAT THE COURT CAN TAKE WITHOUT A HEARING.**

Not applicable.

VIII. **WHETHER THE PARTIES BELIEVE A TELEPHONIC HEARING OR IN-PERSON HEARING IS NECESSARY WITHIN THE NEXT 60 DAYS, AND IF SO, THE ISSUE(S) THAT WARRANTS DISCUSSION AND THE PARTIES' RESPECTIVE POSITIONS.**

A. **Plaintiffs' Statement.** Plaintiffs believe telephonic hearings are necessary to resolve all of the outstanding discovery motions. *See* Sections II.C.1 and III.A above.

B. **Defendants' Statement.** Defendants take no position on the need for telephonic hearings and defer to the preferences and practices of the Court.

Submitted on this 8th day of September 2022.

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
Chapman and Cutler LLP
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice)*
Kathleen O. Gallagher (*pro hac vice)*
Womble Bond Dickinson (US) LLP
2001 K Street, NW Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: katie.gallagher@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Tel: 919-755-8163
Fax: 919-755-6770
Email: kurt.weaver@wbd-us.com

Jeremy L. Baker (pro hac vice)
Womble Bond Dickinson (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Tel: 703-790-3310
Fax: 703-790-2623
Email: jeremy.baker@wbd-us.com

*Counsel for Plaintiffs*

11