IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC,<br><br>    Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.; and INTELIQUENT, INC.<br><br>    Defendants. | No. 1:19-cv-07190<br><br>Judge Sharon Johnson Coleman<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFFS' MOTION FOR ORDER
SCHEDULING FIVE BUSINESS DAY MEET AND CONFER RESPONSE DEADLINES**

    Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly-situated companies (collectively, "Plaintiffs"), respectfully move this Court to enter an order requiring the parties to schedule and to participate in meet and confers within five business days of any party making such a request pursuant to Local Rule 37.2, or alternatively, another similar deadline the Court deems appropriate. Plaintiffs seek this relief to facilitate prompter resolution of the Local Rule 37.2 meet and confer phase of discovery disputes. Prompter resolution of meet and confers will prevent one party from delaying another from filing discovery motions with the Court sufficiently in advance of the close of discovery to allow meaningful resolutions and opportunity to make use of the discovery sought.

**LOCAL RULE 37.2 CERTIFICATION**

    Plaintiffs assert this Motion complies with Local Rule 37.2. Plaintiffs' counsel has on several occasions asked counsel for Defendants if they would enter into a mutual agreement to participate in meet and confers within five business days of a request due to disputes about the

time it takes to schedule meet and confers. For example, on April 27, 2022, Michael Mervis and Om Alladi, counsel for T-Mobile USA, Inc. ("TMUS"), and Cathy Hinger and Jeremy Baker, counsel for Plaintiffs, attended a meet and confer required by the Court following the March 25, 2022 hearing concerning a customer contact protocol. During that call, Ms. Hinger indicated Plaintiffs would like to have an agreement that parties meet and confer within five days of a request because it took weeks after the March 25 hearing to schedule the April 27 meet and confer. TMUS took the position it would not agree because it has a client, and it cannot guarantee the client will comply with such a deadline. Plaintiffs' counsel (who also has clients) responded that if there were a Court order, the clients would have to find a way to follow it. TMUS continued to take the position that it would not agree to a five day timetable for responding to requests for meet and confer.

On November 3, 2022, in an email documenting how long certain requests by Plaintiffs for meet and confers had been pending, Plaintiffs wrote:[1]

> This is precisely the sort of delay that has caused me to propose, several times, an agreement that the parties respond to meet and confer requests and schedule dates within five business days. I would like to revisit that proposal again on our next call, in addition to meeting and conferring about the Defendants' position on jointly requesting appointment of a Special Master to help facilitate resolution of discovery disputes.

In response, TMUS wrote:

> TMUS still does not agree to the proposal you already made. TMUS also does not believe there is any need for a special master. That said, we are, as always, willing to meet and confer.

Inteliquent's counsel was copied on the November 3, 2022 email, but as of this filing did not respond in any way to Plaintiffs' proposals. Plaintiffs raised the deadline issue with TMUS counsel Messrs. Mervis and Alladi again on a November 7, 2022 call and TMUS would not agree.

---

[1] This email is attached hereto as Exhibit 1.

2

\*         \*         \*

In Magistrate Judge Gilbert's September 15, 2021 Order (ECF 158), the Court expressed a preference for joint motions to resolve discovery disputes if possible and noted that if a party wanted to use a different procedure for discovery motions it should inform the Court. Given that the relief sought by this Motion is a definitive deadline rule, which TMUS opposes and that TMUS has expressed its opposition repeatedly with no counterproposal or compromise position, Plaintiffs believe there is nothing to be gained from the iterative process of a joint status report and that a Motion will lead to more efficient completion of briefing on the issues raised in this Motion.

WHEREFORE, Plaintiffs respectfully request that the Court grant the relief sought by Plaintiffs' Motion for Order Scheduling Five Business Day Meet and Confer Response Deadlines, the grounds for which are set forth in the accompanying memorandum of law.

Submitted November 28, 2022

/s/   David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL  60603-4080
Tel.  312-845-2971
Email:  audley@chapman.com
Email:  dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW, Suite 400 South
Washington, DC  20006
Tel.:  202-857-4489
Fax:  202-261-0029
Email:  cathy.hinger@wbd-us.com
Email:  david.carter@wbd-us.com
Email:  victoria.bruno@wbd-us.com
Email:  katie.gallagher@wbd-us.com
Email:  jeremy.baker@wbd-us.com
Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone:  919-755-8163
Email:  kurt.weaver@wbd-us.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 28th day of November, 2022, I served the foregoing **Plaintiffs' Motion for Order Scheduling Five Business Day Meet and Confer Response Deadlines and Memorandum in Support** via the ECF system on parties that have consented to the same in accordance with applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

                                                     By:    */s/ David T.B. Audley*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| v. | ) ) | Judge Sharon Johnson Coleman Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER
SCHEDULING FIVE BUSINESS DAY MEET AND CONFER RESPONSE DEADLINES**

Craigville Telephone Co., d/b/a AdamsWells, and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly situated companies (collectively, "Plaintiffs"), submit this Memorandum of Law in support of their Motion for Order Scheduling Five Business Day Meet and Confer Response Deadlines.

**I. The Court Has Already Ordered Five Business Day Deadlines To Respond To Discovery Disputes.**

On September 15, 2021, after months of meet and confer among the parties concerning a confidentiality order, the Court held a hearing at which it expressed a preference for joint motions on discovery disputes. (Ex. 2, 9/15/21 Tr. at 8:7.) In response, Plaintiffs suggested:

> [T]hat perhaps to help things along that we could have in that order some kind of timeframe in which one party responds to the other, so the party that raises the discovery disputes. Some of the challenges that we've had is we'll prepare . . . a proposed joint filing, and then there's no deadline by which the other side needs to respond with their position, and we are concerned about timing.
>
> So perhaps if there could be a five-day limit on the response by the party, or three days if you think that's appropriate, but something that keeps the process moving,

because otherwise sometimes I think the joint status report can drag on when we don't have any guideposts for that.

(*Id*. at 8:8-20.) In response the Court stated:

Three days is too short. Five days is potentially more reasonable. This is just emblematic of what I see in this case. I'm not opposed to doing that. I would also say, you know, I would say that if I'm going to impose a period of time to respond . . . we're all used to those in the sense of a confidentiality order and confidentiality designations and all of that. We're used to a time period to respond, so I would make it mutual.

So, for example, when the party raising the dispute feeds it over to the other side, absent agreement of the parties, the other side should respond in five days. Then I'd say . . . the first party has five days to respond to what they get from the other side, too, because what's good for the goose is good for the gander.

T-Mobile might say it's not necessary to micromanage this, but looking at your docket and the kinds of disputes that have been raised up until now, I think Ms. Hinger's suggestion, because of an inability to agree on anything in this case, is not a bad one. Mr. Mervis?

(*Id*. at 8:25-9:19.) TMUS acquiesced, stating in part:

I don't think we have a conceptual problem with the idea of time limitations. I do want to say that I don't believe that that has been an issue on our side at all, but I don't have a conceptual problem with time limitations. Understanding Your Honor's preference for joint reports, I think it might depend in part on what the nature of the dispute is in terms of what the time limitations should be, but conceptually we don't have an issue with that.

(*Id*. at 9:22-10:4.) Inteliquent agreed with TMUS. (*Id*. at 10:7-8.) The Court then ruled that the parties must respond to a request for input on a joint status report to resolve discovery disputes within five business days. (*See generally id*. at 11:12-13:2; *see also* ECF 158.)

**II. Discovery Disputes Are Taking Inordinately Long To Resolve – Deadlines Will Mitigate These Delays.**

Plaintiffs are mindful of the Court's prior admonishment that there had been a breakdown in the meet and confer process with respect to Plaintiffs' original Motion to Compel against TMUS and its desire not to "enter the fray and determine what occurred at the various Rule 37.2

2

conferences". (*See* ECF 257 at 5 n.1.) Plaintiffs assert it is not necessary for the Court to do so here either and that this Motion can be decided without the Court determining who, if anyone, is at fault for meet and confers not being timely scheduled. Rather, Plaintiffs provide several objective examples of how long meet and confers have taken on particular issues, whereas, if the parties had an order in place requiring them mutually to respond and participate in a requested meet and confer within five business days, months and months of delays addressing discovery disputes could have been avoided. Plaintiffs propose this simple, common sense remedy so that they can promptly bring discovery disputes to the Court for resolution, preserve their rights before discovery closes, and to help avoid perpetual requests for extensions of discovery due to unresolved disputes.

### A. Meet And Confers Following Court Orders Have Taken Inordinately Long.

At the March 25, 2022 hearing concerning a customer contact protocol, the Court issued guidance that required the parties to further meet and confer. (*See* ECF 252 at 1-2 ("[T]he parties are encouraged to meet and confer pursuant to Local Rule 37.2 and attempt to agree on a process or procedure by which Plaintiffs and/or Defendant T-Mobile can contact certain customers who may have information relevant to this case as discussed on the record. The Court will revisit this matter once the parties have done so.").) That meet and confer did not happen until April 27, 2022, during which Plaintiffs proposed entering an agreement that parties meet and confer within five days of a request because it took so many weeks after the March 25 hearing to schedule the meet and confer. TMUS took the position it would not agree because it cannot guarantee its client representatives will comply with such a deadline. This position ran contrary to TMUS's earlier representation that it did not disagree in concept with limitations on the time parties take to respond to joint status reports concerning discovery disputes. (*See* Ex. 2 at 9:22-10:4.) Then, Plaintiffs

3

reported in the parties' May 17, 2022 Joint Status Report that the parties could not reach an agreement on a date certain by which the parties would submit the Joint Status Report on the status of their post-hearing customer contact protocol negotiations and were having difficulty scheduling the next meet and confer. (*See* ECF 258 at 7-8.) TMUS took the position that it was "unable to commit a date certain due to the iterative nature of the Joint Brief process," even though the Court indicated in the September 15, 2021 hearing that, "the parties shall work together in good faith to finalize" joint discovery motions so that they "can be filed within seven days of an opposing party's response, absent agreement of the parties to a different schedule." (Ex. 2 at 12:6-10.) The revised Joint Status Report on Customer Contact issues did not get completed and filed until June 3, 2022, almost two and a half months after the March 25 hearing.

Similarly, as illustrated by the Rule 37.2 Certification in Plaintiffs' Renewed Motion to Compel and Exhibit 1 thereto (ECF 274), the meet and confer process following the Court's May 12, 2022 Discovery Order (ECF 257) could have been expedited by many weeks had there been a five business day deadline on scheduling meet and confer calls.

      **B.**      **Call Detail Record Meet And Confers First Requested By Plaintiffs In June 2022 Are Not Yet Complete – This Process Would Have Benefitted From Five Business Day Deadlines.**

Following receipt of the transcript of the May 4, 2022 records custodian depositions of Inteliquent, during which Plaintiffs learned information about Inteliquent's call detail records ("CDRs"), which Plaintiffs assert is key evidence necessary to their claims, Plaintiffs sent Inteliquent a letter initiating discussion about negotiating a CDR sampling plan and requesting a meet and confer on the issue. (Ex. 3, 6/8/22 Carter letter to Pullos.) Without burdening the Court with the details of the intervening meet and confer efforts, it was not until November 7, 2022 that Inteliquent participated in a meet and confer where it provided the information necessary to

4

formulate a potential CDR sampling and production plan. Unfortunately, the limitations that Inteliquent waited many months to disclose on the time it would take for it to produce even a sampling of CDRs is incompatible with the current March 15, 2023 close of discovery. Plaintiffs responded in detail to this new information within five business days, and Inteliquent respond nine business days later on November 23, 2022 asserting numerous disagreements that will require additional meet and confer, which Plaintiffs have already requested. (Ex. 4, 11/14/22 Hinger letter to Pullos; Ex. 5, 11/23/22 Pullos letter to Hinger.) A five day deadline would assure that this new development, that will impose severe and prejudicial compression on the current discovery schedule, will be more quickly ripe for resolution by the Court if the parties are unable to reach mutual resolution.

  **C.** **Plaintiffs And TMUS Have A Mounting Group Of Discovery Disputes Where Meet And Confers Are Not Happening For Weeks Following Meet And Confer Requests.**

Below, Plaintiffs summarize the time intervals between some requests for meet and confer they and TMUS have recently made, illustrating the necessity of deadlines for the meet and confer process to proceed fairly and efficiently.

| Party Requesting Meet and Confer | Event | Date of First Meet and Confer Request | Mode of Communicating Meet and Confer Request | Status of Scheduling Meet and Confer As Of 11/28/22 |
|---|---|---|---|---|
| Plaintiffs | TMUS's responses to Plaintiffs' Requests for Admissions | 10/21/22 | Deficiency letter and follow up emails | Scheduled for 12/1/22 or 12/2/22 |
| TMUS | Plaintiffs' damages disclosures and Plaintiffs' responses to TMUS 3rd requests for production | 10/31/22 | Email | Discussed by phone on 11/7/22 during meet and confer call scheduled to discuss |

5

| | | | | Inteliquent's CDR production |
|---|---|---|---|---|
| Plaintiffs | TMUS's Responses to Plaintiffs' Interrogatories | 11/4/22 | Deficiency letter and follow up emails | On 11/28/22, Plaintiffs asked TMUS to include in the 12/1/22 or 12/2/22 meet and confer |
| Plaintiffs | TMUS's Responses to Plaintiffs' 2nd RFPs | 11/4/22 | Deficiency letter and follow up emails | Scheduled for 12/1/22 or 12/2/22 |
| TMUS | Plaintiffs' damages disclosures and Plaintiffs' responses to TMUS 3rd requests for production | 11/8/22 | Email follow up to 11/7/22 call | Scheduled for 12/1/22 or 12/2/22 |

Attached hereto as Exhibits 1, 6 – 9 are the litany of recent correspondence memorializing these disputes and prolonged scheduling of meet and confer calls. (*See* Ex. 1, 6 – 9.) Plaintiffs do not ask the Court to delve into the merits of any of these disputes but proffer them to the Court as illustrative of the benefits, efficiencies, reduction of costs, and avoidance of unnecessary delays that would result from the simple remedy of deadlines requiring participation in a request for meet and confer within five business days. The sum result, as objectively shown by the time intervals discussed above, is that Plaintiffs have requested meet and confers on issues that have lingered for weeks, even in excess of a month, preventing them from being able to exhaust their pre-motion meet and confer obligations promptly. Therefore, they find themselves repeatedly delayed in bring discovery deficiencies to the Court's attention for resolution on the merits. If these delays are not mitigated, Plaintiffs may not have sufficient time before the close of discovery for the Court to meaningfully use discovery the Court may order either defendant to produce.

While Plaintiffs expect TMUS's opposition will cast aspersions on them and accuse Plaintiffs of raising too many discovery disputes[2], Plaintiffs assert the Court need not sort out any such finger-pointing (which Plaintiffs could spend pages more documenting and defending in rebuttal). However, what will be absent from the Defendants' opposition is any rational reason why Defendants will not agree to abide by the same rule this Court found reasonable and imposed with respect to Joint Status Reports on discovery disputes requiring a five business day response time. Plaintiffs are willing to abide by the rule they seek, so that discovery disputes can be resolved more expeditiously and so that Plaintiffs do not find themselves stymied from filing discovery motions by inordinately long meet and confer response times. The Defendants' opposition will be nothing more than an effort to preserve unilateral control over when and whether Plaintiffs can raise discovery disputes with the Court.

### III. Appointment of a Special Master Would Assist the Court in Resolution Of Discovery Disputes.

With discovery scheduled to close on March 15, 2023, Plaintiffs now likely having to negotiate more extensions to accommodate CDR discovery (*see* Exs. 4 & 5), and with mounting discovery disputes in addition to the several discovery motions already pending, Plaintiffs encourage the Court to consider exercising its discretion to appoint a special master to assist with the completion of the complex discovery involved in this case. *See, e.g., Cary*, 2021 WL 678872, at * 4 ("If the parties and their lawyers cannot work together in this area, then the Court may have no choice but to appoint a special master . . .")

---

[2] *See Cary v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 19 C 3014, 2021 WL 678872, at * 4 (N.D. Ill. Feb. 22, 2021) (noting in discovery order that a defendant's refusal to engage in certain meet and confer discussions was likely driving up the plaintiff's cost of prosecuting the case as illustrated by the motions practice and long letters counsel wrote to each other for months before the plaintiff's motion was filed).

7

"Federal Rule of Civil Procedure 53 authorizes a district court to appoint a master to 'address pretrial and post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.'" *E.E.O.C. v. Aaron Rents, Inc.*, No. 3:08-CV-683 MJR-DGW, 2009 WL 4068008, at *6 (S.D. Ill. Nov. 24, 2009) (quoting Fed. R. Civ. P. 53(a) (1)(C)).

> The rule, which previously required exceptional circumstances for appointment of a master, was significantly revised in 2003, to recognize the "changing practices" in using special masters, and to "confirm the authority to appoint-and to regulate the use of-pretrial masters." Fed R. Civ. P. 53 advisory committee's notes. As relevant here, the committee reported that "courts have gained experience with masters appointed to perform a variety of pretrial and post-trial functions." *Id.* See also *Cordoza v. Pacific States Steel Corp.*, 320 F.3d 989, 995 (9th Cir. 2003) (special masters may "perform a broad range of judicial functions," including supervising discovery).

*Id*.

TMUS opposes a special master (*see* Ex. 1), and Inteliquent has not recently weighed in on this suggestion by Plaintiffs. However, with the complexity of protracted CDR discovery and the mound of brewing discovery disputes on the horizon, understanding the Court's overburdened docket and the complexity of the technical evidence involved in this case, it appears to Plaintiffs that substantial efficiencies could be gained and costs could be saved if there were a special master to "ride herd" on discovery. (*See* Ex. 2 at 10:12-13); *see also e.g. In re Dealer Mgmt. Sys. Antitrust Litig.*, No. 18-cv-864, 2018 WL 6048262, at *5 (N.D. Ill. Nov. 19, 2018) ("If these parties continue to argue at length and in detail about search terms, the Court will appoint a special master to work with the parties in this area, resolve disputes, and make recommendations to the Court."); *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, ECF 491 (N.D. Ill. Oct, 2017) (appointing a special master in complex class action); *ASIS Internet Servs. v. Active Response Grp.*, No. 07-cv-

6211, 2008 WL 2129417, at *5–6 (N.D. Cal. May 20, 2008) (finding "[a] discovery master is necessary to avoid wasting judicial resources and preventing a timely resolution of this case.").

WHEREFORE, Plaintiffs respectfully request that the Court grant the relief sought by Plaintiffs' Motion and Order that any party receiving a request to meet and confer from another party pursuant to Local Rule 37.2 shall schedule and participate in a meeting with the requesting party within five business days of the request.

Dated: November 28, 2022

/s/ David T.B. Audley
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
G. David Carter (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: david.carter@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: katie.gallagher@wbd-us.com
Email: jeremy.baker@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

*Counsel for Plaintiffs*