# EXHIBIT 5



**DLA Piper LLP (US)**
444 W. Lake Street, Suite 900
Chicago, IL 60606-0089
www.dlapiper.com

Michael S. Pullos
Michael.pullos@us.dlapiper.com
T  312.368.3423
F  312.251.5809

November 23, 2022
*Via Email*

Cathy Hinger
Womble Bond Dickinson LLP
2001 K Street, NW
Suite 400 South
Washington, D.C. 20006
Cathy.Hinger@wbd-us.com

**Re:    Production of CDRs**

Dear Cathy:

We are not sure of the purpose of the three-page "protocol" letter you sent on November 14, 2022. It is not what we discussed on the call, and we respectfully decline to enter into the proposed terms. We stand by the points we made on our November 7th call.

To reiterate:  (1) we agree a reasonable and proportional CDR production is an appropriate discovery request under the Rules (though we may disagree with your bases for the request); (2) we will produce in monthly batches, not by isolated days; (3) we are going to start restoration with the first month (July 2015) that you selected and will then proceed with the restoration of months on an alternating basis, which will include additional months that the defendants select; (4) we have a specific and limited set of resources to provide CDRs and those resources have competing demands; (5) those resources must yield to government requests and this case may not always get priority on the use of those resources; and (6) we anticipate being able to begin restoration of July 2015 in January 2023.

We have one update, which we did not discuss on our call.  Prior to the production of CDRs, Inteliquent will need Womble Bond Dickinson LLP to sign an agreement to maintain CNPI in compliance with all laws, rules and regulations with respect to personal information.  We will send it separately.

As for the rest of your letter, we said what we said on our call and reject any contrary statement. We generally disagree with all of your substantive positions, but (as before) we are not going to engage in merits debates in discovery letters.

For the avoidance of confusion, we highlight a few points in your letter that require correction.



Cathy Hinger
November 23, 2022
Page Two

1. **Not our delay.** We have been ready to have a CDR discussion since discovery commenced. You waited very long to take a largely unnecessary records custodial deposition and even longer to serve a request for CDRs (October 7, 2022). (You first reached out to us regarding CDRs on August 4, 2022 to discuss sampling, nearly three years after you filed the lawsuit.)

2. **The CDR process.** It works as we have told you. Again, the one server at Inteliquent that restores CDRs is loaded and in demand through December 2022. Again, the restoration process for this case cannot begin until early 2023. Again, the process for restoring one month of CDRs (or one tape) takes up to a couple of weeks. There is no specific number of days that we can provide to restore a given period.

3. **CDRs not the only data.** We reject any implication that CDRs are the only relevant data for the case (or even the most important). For example, ASR and NER reports contain relevant information and cover a fuller set of months than CDRs will cover.

4. **Stipulation on expert analysis.** We do not agree to the proposed stipulation that purports to limit challenges to expert analysis and opinions.

5. **Court involvement.** A regular check-up strikes us as unnecessary. But we have no objection to it if Judge Gilbert and TMUS are okay with it.

6. **Discovery end date.** We are fine with moving the discovery end date back. We do not agree with the draft consent motion as currently worded. We also do not agree to embodying any CDR-related production dates in orders. Again, for reasons we discussed and as stated above, that is impracticable and unfeasible.

7. **Data involving other carriers.** We do not agree that data involving other carriers (apart from TMUS) is not usable in this case. Your footnote 1 is substantially incorrect.

8. **Depositions.** We disagree that CDRs are required for many depositions. We do not agree to a blanket limitation that no depositions can proceed before April 1, 2023.

9. **Schedule.** Again, the restoration process and its timing are uncontrollable. Once the parties have a complete set of months selected, we will put those months into the queue and then production can take place on a rolling basis. Your letter inaccurately proposes that only your side is proposing months, which is inconsistent with our discussion (as is



Cathy Hinger
November 23, 2022
Page Three

        your statement about 4 months per year). If Inteliquent gets dismissed from this case, we will agree to provide this information, but we will expect you to pay for it.

10.     **TMUS input.** We assume TMUS will also have CDR requests as well and we will coordinate with them.

Very truly yours,

*/s/ Michael Pullos*

Michael Pullos


cc: Counsel Service Distribution List