IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a/ CTC | |
| Plaintiffs, | No. 19 CV 7190 |
| v. | Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC. | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is Plaintiffs' Motion to Compel Subpoena Response from Non-Party Ericsson, Inc. ("Motion"). [ECF No. 10].[1] For the reasons discussed below, Plaintiffs' Motion is denied.

**BACKGROUND**

Federal Rule of Civil Procedure 45 allows a party to obtain relevant and proportional information from a non-party, provided the subpoena does not impose an undue burden. FED.R.CIV.P. 45(a)(1)(A)(iii), (d)(1); *see also* FED.R.CIV.P. 26(b)(1). It is within the Court's discretion to quash or modify any subpoena that subjects an entity to undue burden, a determination that asks the Court to weigh the relevance

---

[1] Plaintiffs' Motion [ECF No. 10] was originally filed in Case Number 22 CV 1595. That case was consolidated with the above-captioned matter, 19 CV 7190, and subsequently terminated. [ECF Nos. 32, 37]. All docket entries in this Memorandum Opinion and Order correspond with the fillings in 22 CV 1595.

of the requested material against the burden of producing it. FED.R.CIV.P. 45(c)(3)(A)(iv); *E.E.O.C. v. United Air Lines, Inc.,* 287 F.3d 643, 654 (7th Cir. 2002). "[N]on-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue" because non-parties have a "different set of expectations than parties." *United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at *4 (N.D. Ill. 2005); *Little v. JB Pritzker for Governor*, 2020 WL 1939358, at *2 (N.D. Ill. 2020) (quoting *HTG Capital Partners, LLC v. Doe(s),* 2015 WL 5611333, at *3 (N.D. Ill. 2015)). "While parties to a lawsuit must accept the invasive nature of discovery, non-parties experience an unwanted burden." *Little*, 2020 WL 1939358, at *2. "It is one thing to subject parties to the trials and tribulations of discovery – rightly regarded as 'the bane of modern litigation,'" but non-parties do not "have a horse in [the] race." *Robinson v. Stanley,* 2010 WL 1005736, at *3 (N.D. Ill. 2010) (quoting *Rossetto v. Pabst Brewing Co., Inc.,* 217 F.3d 539, 542 (7th Cir. 2000)).

In addition to non-party status, courts also consider the relevance of the requested information, the subpoenaing party's need for the documents, the breadth and particularity of the request, whether the time period the request covers is reasonable, and whether compliance with the request would, in fact, impose a burden. *Am. Soc. of Media Photographers, Inc. v. Google, Inc.,* 2013 WL 1883204, at *2 (N.D. Ill. 2013). The Court also may limit discovery pursuant to Rule 26(b)(2)(C) if the information sought is cumulative or duplicative of other discovery, can be obtained from a more convenient or less burdensome source, or the requesting party had ample

opportunity to obtain the information through the normal discovery process. FED.R.CIV.P. 26(b)(2)(C).

## ANALYSIS

Non-party Ericsson develops and manages telecommunication networks by providing hardware, software, and services. T-Mobile ("TMUS") is one of Ericsson's customers and at TMUS's direction, Ericsson implemented local ring back tones ("LRBT") on its Mobile Switching Centers from 2013 through 2017. Plaintiffs issued a subpoena to Ericsson on June 7, 2021 for information related to Ericsson's implementation of the aforementioned LRBT. [ECF No. 11-4] at 10–20. At minimum, Plaintiffs want to discover the details of how and why Ericsson developed and implemented LRBT in TMUS's long distance traffic. But even more so, Plaintiffs seek to discover the extent of Ericsson's involvement in implementing LRBT at TMUS's direction in 2013, and then whether, and with what knowledge, Ericsson helped TMUS do so in 2015 after the Federal Communications Commission ("FCC") banned the practice.

Ericsson produced fourteen documents in response to Plaintiffs' subpoena, [ECF No. 11] at 8, with another eight documents forthcoming after Plaintiffs filed their Motion. [ECF No. 21] at 16. This production, Ericsson says, comprises all the documents it could reasonably locate in response to the subpoena. Ericsson does not maintain documents from the time period Plaintiffs seek (2013 to 2017) during the regular course of its business. [ECF No. 21] at 22–23, ¶¶ 3–5, 7. In order for LRBT-related records to have been preserved from that time frame, the individual employee

3

working on that project would have had to manually save documents to his or her computer. *Id.* at ¶ 5. Ericsson does not keep former employees' records post-separation, so only documents maintained by current employees would be reasonably accessible to Ericsson. *Id.* at ¶ 5.

With Plaintiffs' help, Ericsson identified five current employees who potentially saved information responsive to Plaintiffs' subpoena. *Id.* at ¶ 6. Those employees searched their laptops and email archives by work code and for keywords "T-Mobile," "FCC," and "Foster" in various combinations.[2] *Id.* The key words were chosen by Ericsson, not by Plaintiffs. Three of the five employees did not locate any data, and the documents located by the other two individuals were produced to Plaintiffs. *Id.* This process, according to Ericsson, is the only feasible or reliable method to search for information from the time period Plaintiffs request. *Id.* at ¶ 7.

Some of the information Plaintiffs request in their subpoena is generally relevant to this litigation within the meaning of Rule 26(b)(1), which applies "with equal force to nonparty discovery under Rule 45." *DeLeon-Reyes v. Guevara*, 2020 WL 3050230, at *3 (N.D. Ill. 2020); [ECF No. 11-4] at 17–18, ¶¶ 1, 7, 10, 11, 14, 16. But many of the requests are overly broad and disproportionate in that they seek, from a non-party, vast swaths of information described in superlatives such as, "*all* communications with…*any* other third-party *referring or relating to*…T-Mobile's efforts in the Inteliquent Litigation to quash subpoenas issued to TMobile or to seal

---

[2] Kathleen Foster is a TMUS employee who submitted a declaration to the FCC on September 8, 2017, in connection with the LRBT issues that are the subject of Plaintiffs' subpoena. *See* Subpoena Rider, Exhibit A to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Compel Subpoena Response from Non-Party Ericsson, Inc. [ECF No. 11-4] at ¶ 14.

4

information regarding the FCC's investigation that led to the Consent Decree or the Consent Decree." [ECF No. 11-4] at 17–18, ¶ 2(g). As the Court has previously admonished, even if the general subject matter of a request "arguably might be relevant to the claims or defenses in this case, either in whole or in part," requests that "cover too much territory with language requiring [an entity] to produce 'all documents' 'that refer or relate to' a particular topic, or 'all communications' to the same effect" are facially overbroad. *Craigville Tel. Co. v. T-Mobile USA, Inc.,* 2022 WL 1499908, at \*1 (N.D. Ill. 2022). It is not the Court's job to "right size" Plaintiffs' broad requests on its own, and it again declines to do so. *Id.*; *see also, Art Akiane LLC v. Art & SoulWorks LLC,* 2021 WL 5163288, \*3 (N.D. Ill. 2021) (quoting FED.R.CIV.P. 26(b)(1)); *Maui Jim, Inc. v. SmartBuy Guru Enterprises,* 2018 WL 4356594, at \*3 (N.D. Ill. 2018).

In addition, certain of Plaintiffs' requests exceed the scope of Plaintiffs' complaint as pled and those requests therefore are not proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1). *See, e.g.,* [ECF No. 11-4] at 17–18, ¶¶ 2–6, 9, 12, 13, 15. Plaintiffs cast aspersions against Ericsson both in their operative complaint[3] and the instant Motion, characterizing

---

[3] Second Amended Complaint [ECF No. 94] at ¶ 282 ("The November 6, 2019 FOIA Production also reveals that T-Mobile informed the Commission that fake ring tones were implemented by Ericsson on Ericsson Mobile Switching Centers at T-Mobile's direction. See Declaration of Kathleen Foster (Exhibit 19), ¶ 7. The Foster Declaration does not explain: (1) why Ericsson would agree to implement fake ringtones in October 2013, the same time that the FCC announced it was prepared to adopt an order, which would ultimately codify the prohibition of using fake ringtones; (2) whether Ericsson was aware of T-Mobile's continued use of the fake ring tones after the FCC's 2013 Rural Call Completion Order became effective; and (3) whether Ericsson had any role in the expanded use of fake ringtones in September 2015. Ericsson may also be a co-conspirator, or one of the Doe Defendants, which Plaintiffs

Ericsson as a potential co-conspirator and "Doe Defendant" in this case.[4] The inference is that Plaintiffs may intend to sue Ericsson and their subpoena is a precursor to that effort. When the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, however, or to support claims beyond those outlined in the complaint, the Court should exercise its "extremely broad discretion" in managing discovery. *Jones v. City of Elkhart, Ind.,* 737 F.3d 1107, 1115 (7th Cir. 2013); *Hunt v. DaVita, Inc.,* 680 F.3d 775, 780 (7th Cir. 2012) (citations omitted) ("District courts have broad discretion in supervising discovery…for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion.").

Ericsson is not currently a party to this case, so it cannot be called to answer discovery in the same way a party would. *Robinson*, 2010 WL 1005736, at *3. As of now, Plaintiffs' discovery is, consistent with Rule 26(b)(1), limited by the claims and defenses in this case – namely, TMUS's alleged knowing implementation of LRBT before and after the FCC banned the practice in 2015. Information that establishes the who, what, where, when, why, and how of TMUS's direction to Ericsson to

---

will investigate further in discovery and reserve the right to accordingly amend their pleadings."); *Id.* at ¶¶ 296, 378.

[4] [ECF No. 24] at 6–7 ("Ericsson is very much an interested third party whose lack of cooperation should be presumed to be influenced by the looming specter of Plaintiffs identifying Doe defendants who participated in the Count VIII conspiracy to insert illegal ring tones."); *Id.* at 13 ("The SAC expressly identifies Ericsson as being so closely tied to the misconduct central to the fake ring tone scheme that it is among the potential co-conspirators who may be Doe Defendants…The robust allegations about Ericsson in the SAC and exhibits thereto showing it actively and willingly facilitated T-Mobile's illegal practices render Ericsson one of the most interested third parties connected to T-Mobile's scheme.").

6

implement LRBT falls within the scope of the complaint and is relevant and proportional to the needs of this case. Much broader discovery into Ericsson's motivations[5] or comprising, for example, "[a]ll communications between [Ericsson] and Inteliquent regarding the Consent Decree or TMobile's use of fake ring tones," is not because it strains the relevance concept and is not proportional within the context of this third-party subpoena. [ECF No. 11-4] at 17–18, ¶ 15. Ericsson said it has searched the data sources that are reasonably accessible to it for responsive information and produced what it found. The Court is not inclined to order Ericsson to do more than it has done at this point in light of Plaintiffs' overly broad document requests and Ericsson's non-party status.

Ericsson also has shown the relief Plaintiffs request – that Ericsson should go back to the drawing board, identify potential custodians and data sources beyond those it has identified to date, image all data files from those custodians and data sources, and then work with Plaintiffs to develop a new list of search terms likely to locate Ericsson's responsive documents in places that Ericsson has not yet looked – is an undue burden. Plaintiffs' alternative proposal, which would subject Ericsson to a three-hour Federal Rule of Civil Procedure 30(b)(6) deposition about its record keeping, similarly imposes an outsized burden on Ericsson given its status as a non-party. [ECF No. 24] at 6; *Gross v. Chapman*, 2020 WL 4336062, at *2 (N.D. Ill. 2020)

---

[5] *See, e.g.,* [ECF No. 24] at 7 ("This is likely why, notably absent from the Declaration, is an explanation for why Ericsson is also not bothering to search records of any departments or custodians that would show Ericsson knew and understood the technology it was providing and facilitating for its business partner T-Mobile was illegal, or any documents explaining its "inter-networking" problems that T-Mobile's Kathleen Foster cited as an excuse for using fake ring tones.")

(cautioning against the "rabbit hole of discovery on discovery") (citing *Grant v. Witherspoon*, 2019 WL 7067088, at *1 (S.D.N.Y. 2019) ("Where, as here, a party seeks "discovery on discovery," that party "must provide an 'adequate factual basis' to justify the discovery, and the Court must closely scrutinize the request 'in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.'")). The Court is not convinced the additional work Plaintiffs want Ericsson to do would result in the production of appreciably more information than already has been produced. Plaintiffs say the amount of additional time and expense of what they want Ericsson to do is not large considering that Ericsson is a very large company with substantial revenues. Burden is a relative concept, however. It involves considerations of cost but also utility and proportionality. In the Court's view, Ericsson need not undertake any additional burden now to comply with Plaintiffs' overly broad, disproportionate, and burdensome subpoena under the circumstances of this case. [ECF No. 21] at 25, ¶¶ 10–12.

Ericsson has represented to this Court, by way of a sworn affidavit, that it does not maintain the data Plaintiffs are seeking from 2013 to 2017 in the regular course of business. [ECF No. 21] at 22–23, ¶¶ 3–5, 7. The only accessible sources of potentially relevant data are the laptops or emails of current employees who worked on the LRBT project from 2013 to 2017. *Id.* Ericsson searched those data sources and produced responsive documents. Plaintiffs' speculation, without substantiation, that Ericsson is lying about its data retention system, or otherwise withholding potentially relevant and proportional discovery, is not enough for this Court to compel Ericsson

8

to endure the time and expense of, among other things, mirror imaging the laptops of current employees and conducting extensive ESI searches for a four-year period with new search terms yet to be developed. [ECF No. 21] at 24–25, ¶¶ 10–11.

The process Ericsson went through as outlined in its response and affidavit – conducting keyword searches of the laptops and emails of current employees who participated in the LRBT project during the relevant time period – is adequate under the circumstances of this case. While it would have been preferable for Ericsson to have disclosed to Plaintiffs the process it used to mine the documents it produced from accessible data sources much sooner than it did, the Court agrees that the "remedy" Plaintiffs propose is disproportional to the needs of this case and unduly burdensome on Ericsson as a non-party responding to a subpoena. Nothing in this Memorandum Opinion and Order though precludes Plaintiffs from significantly narrowing the scope of their subpoena and exploring with Ericsson additional search terms narrowly tailored to the claims and defenses in this case in a way that does not impose an outsized burden of compliance.

Finally, it is significant here that much of the relevant and proportional information Plaintiffs seek is readily available from a more convenient or less burdensome source: TMUS, a party that does not share Ericsson's more protected non-party status. FED.R.CIV.P. 26(b)(2)(c). TMUS equally possesses its own communications with Ericsson related to LRBT, the FCC's Letter of Inquiry, or the Consent Decree, [ECF No. 11-4] at 17–18, ¶¶ 1–2, communications with Ericsson about the 2013 activation of LRBT on Ericsson servers, ¶ 10, communications with

9

Ericsson about any 2015 expansion of LRBT, ¶ 11, and communications with Ericsson about the FCC's LRBT ban. ¶ 12. The Court is not inclined to subject a nonparty to unduly burdensome discovery for information that is, for the most part, readily available from a party. *Tresona Multimedia, LLC v. Legg,* 2015 WL 4911093, at *3 (N.D. Ill. 2015); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) (quashing the plaintiff's subpoena served upon a non-party because either the documents sought were duplicative of discovery requests directed to the defendant or the requests were invalid as overly broad, burdensome, irrelevant or previously could have been the subject of discovery); *Ameritox, Ltd. v. Millennium Labs, Inc.,* 2012 WL 6568226, at *2–3 (N.D. Ill. 2012) (granting a motion to quash nonparty subpoenas "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation"); *In re Heartland Inst.,* 2011 WL 1839482, at *4 (N.D. Ill. 2011) (granting third-parties' motion to quash a subpoena because other reasonable sources existed for the plaintiff to obtain the information via document requests to the defendants in the underlying action for the same information went unanswered). TMUS has in its possession, custody, and control documents responsive to the subpoena now propounded on Ericsson, and TMUS has, in fact, already produced certain of those documents to Plaintiffs. [ECF No. 24] at 12, 18.

    In sum, Plaintiffs served an overly broad subpoena on a non-party and have not made a convincing case for the Court to order Ericsson to run additional, broad-based ESI searches either on the computers of current employees Ericsson has identified or in other databases, or to do anything else at this juncture. Nor have

10

Plaintiffs persuaded the Court that their request for a Rule 30(b)(6) deposition or depositions of Ericsson designees is appropriate given Ericsson's status as a non-party, especially considering the relevance, proportionality, and overbreadth of Plaintiffs' requests, other available sources of the information being requested, and Ericsson's sworn representations about its data retention policies during the requested period.

Accordingly, for all the reasons outlined herein, Plaintiffs' Motion to Compel Subpoena Response from Non-Party Ericsson, Inc. [ECF No. 10] is denied without prejudice.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 16, 2022