IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a/ CTC<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.; and INTELIQUENT, INC.<br><br>Defendants. | No. 19 CV 7190<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ORDER REGARDING CUSTOMER CONTACT**

The Court has considered the parties' Second Joint Status Report Regarding T-Mobile's Motion for Protective Order Concerning Customer Contact [ECF Nos. 170, 262] and balanced the parties' respective arguments, including the privacy concerns T-Mobile ("TMUS") raised with Plaintiffs making initial contact with certain of their customers by text message or telephone and Plaintiffs' counterpoint that individuals realistically are less likely to respond to contact by mail. On balance and in its discretion, the Court concludes that Plaintiffs' proposal to contact TMUS customers by text or telephone, at least initially, is more intrusive and fraught with potential problems than initial contact by mail under the circumstances of this case. It is therefore not proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1). To address a likely lower response rate if contact is by mail, the Court has expanded the number of customers Plaintiffs will be permitted

to contact beyond the number requested by either party. The initial form of contact, however, will be limited to mail, at least as of now. Plaintiffs, however, may petition the Court to revisit the approved method of communication if contact by mail proves wholly ineffective at reaching potential witnesses in this case.

The following protocols shall apply to Plaintiffs' initial contact with customers whose personally identifying information is produced in unredacted form by TMUS:

(1) TMUS will produce the mailing addresses and names associated with numbers of the customers identified in TMUS's document productions.

(2) Plaintiffs may contact, by letter, up to one hundred (100) TMUS customers identified by the documents produced by TMUS. A customer must meet the following criteria:

   a. The customer was a TMUS subscriber between October 1, 2013 and April 16, 2018; and

   b. The customer attempted to make a call to a landline recipient; and

   c. A document produced by TMUS shows that either (i) the customer, the intended or actual recipient of a call from the customer, the LEC serving the intended or actual recipient of a call from the customer, or the FCC, complained to one or both Defendants, or the FCC, about a call; or (2) there is a trouble ticket generated regarding the customer's attempt to make a call to a landline recipient; and

   d. The complaint falls into one of the following four additional criteria:

2

    i. TMUS disclosed the customer's complaint to the FCC in the course of its investigation and as listed in the FCC's FOIA Production Response to Request 4, produced at FOIA _000422-504, where the document includes evidence of a local ring back tone (i.e., the caller heard ringing but the recipient did not hear their phone ringing) or a call completion problem; or,

    ii. Customers whose telephone number was included in a document produced by TMUS where the document includes evidence that the FCC referred a complaint related to that customer to TMUS or Inteliquent as a Rural Call Completion Complaint; or,

    iii. Customers of TMUS whose telephone number was included in a document produced by TMUS where the document includes evidence that that customer heard local ring back tones between October 1, 2013 and April 16, 2018; or,

    iv. Customers of TMUS whose telephone number was included in a document produced by TMUS where the document includes evidence that that customer had issues with being able to complete calls to a landline served by a rural LEC or a LEC serving a high-cost locality.

(3) Before calling any customer, Plaintiffs must obtain consent of the customer to be contacted. Plaintiffs may obtain such consent by sending a letter to the customer that states the following:

This letter is being sent to you by the lawyers for Plaintiffs in the lawsuit *Craigville Telephone Co., et al. v. T-Mobile USA, Inc., et al.* ("the Lawsuit"), pending in the United States District Court for the Northern District of Illinois under the authority of an order issued by that Court. The Plaintiffs in the Lawsuit are telephone carriers ("Local Exchange Carriers"), not individual consumers. This is not a solicitation for legal services. You are receiving this letter because your phone number has been identified as one which may have experienced difficulties calling certain landline phone numbers served by rural Local Exchange Carriers between October 2013 and April 2018. Information about your experience may be relevant to the Lawsuit and the lawyers for Plaintiffs would like to talk to you about your experience. Plaintiffs in the Lawsuit are not seeking compensation on behalf of individuals who placed or received calls with certain landline phone numbers served by rural Local Exchange Carriers. You are not required to respond or take any action in response to this letter if you do not want to do so.

If you agree to speak with a lawyer for Plaintiffs in the Lawsuit, please email or call the contact information below to set up a call.

[Contact information]

(4) Plaintiffs may only contact by telephone those customers who consent to further contact by responding to the letter.

(5) When contacting a customer by phone, Plaintiffs shall make the following statement at the start of the phone call:

Hello, my name is [X] and I am an attorney representing the Plaintiffs in the matter of *Craigville Telephone Co., et al. v. T-Mobile USA, Inc., et al.* calling in response to your email or telephone call in which you agreed to speak with us about whether you may have information relevant to this lawsuit. Before we talk about the potentially relevant information, we are required by order of the United States District Court for the Northern District of Illinois to read you the following statement:

4

Plaintiffs' allegations in the lawsuit are just that – allegations. They have not yet been proven in a court of law. Additionally, the Court has not yet approved this action to proceed as a class action composed of telephone carriers. T-Mobile was required to produce confidential information, including contact information of some current and former customers, in this litigation. Its production of customer contact information was done to comply with Court rules and rulings and was not done for any improper or unethical purpose. At this time, your confidential information is protected by a confidentiality order issued by the Court which requires all parties to keep the information T-Mobile produced about you confidential.

(6) Plaintiffs may seek leave to contact additional customers following these same protocols after the production of additional documents, if any, that reveal potential witnesses who satisfy the criteria set forth in this protocol not known to Plaintiffs as of the date this Order was issued.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   December 19, 2022