IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) ) | Judge Sharon Johnson Coleman Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC.; and INTELIQUENT, INC., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' PARTIAL CONSENT MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS AND JOIN PARTIES**

COME NOW Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC ("Plaintiffs"), on behalf of themselves and a class of similarly situated companies, and respectfully submit this motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to extend the current deadline to amend pleadings and/or join parties by sixty (60) days from December 26, 2022 to February 24, 2023. Defendant Inteliquent, Inc. ("Inteliquent") is not opposed to the relief sought by this motion, but does not agree with the reasons Plaintiffs seek the extension. (Ex. 1, 12/19/22 Pullos Email.) T-Mobile, USA, Inc. ("TMUS"), however, opposes the Motion. (Ex. 2, 12/20/22 Mervis Email.)

Plaintiffs have been diligently pursuing the class and liability discovery necessary to evaluate whether further amendments to the Second Amended Complaint (ECF 94), including potential joinder of additional parties, may be necessary to preserve and represent the interests of the class. However, numerous discovery circumstances that are beyond Plaintiffs' control are prejudicing Plaintiffs' ability to fairly consider amendments or joinder of parties at this time.

These circumstances include pending discovery motions, ongoing and incomplete document production by Defendants, and many outstanding and unresolved written discovery disputes that are not ripe for motions to compel at this time due to ongoing meet and confer processes.

Within the last week the Court also issued two new discovery orders that bear on potential amendments: (1) a December 16, 2022 Order (ECF 325) finding that Plaintiffs are entitled to discovery of the "who, what, where, when, why and how of TMUS's direction to Ericsson to implement LRBT," and that Plaintiffs should obtain such information from TMUS, validating Plaintiffs' attempts to obtain such information from TMUS, which bears on whether Ericsson is a potential Doe defendant or co-conspirator; and (2) an Order (ECF 326) authorizing Plaintiffs to begin contacting up to 100 of TMUS's customers to seek discovery concerning their reactions to fake ring tones, which is material to rebutting Defendants' assertions that fake ring tones did not cause calling parties to prematurely terminate calls. Grounds for amendments to Plaintiffs' causation allegations could reasonably be expected to arise from this newly authorized area of fact investigation.

There is further good cause to extend the deadline because it will precede Plaintiffs' receipt of any call detail records ("CDRs")[1] from the Defendants. Plaintiffs have been attempting to negotiate a CDR sampling plan with Defendants since June 2022,[2] but the negotiations of that plan are incomplete. On May 5, 2022, Plaintiffs learned from the deposition of TMUS's records custodian that TMUS has not preserved its CDRs for the relevant time period. But on May 4,

---

[1] CDRs are electronic records that capture various information and data about a call, including signaling information, time stamps, the originating caller, the intended called party, etc. Plaintiffs expect to use samplings of CDRs to identify calls impacted by fake ring tones, analyze call completion and call routing information relevant to Counts II, III and VIII, and to quantify the putative class's damages. These records are key evidence.

[2] Plaintiffs will append the voluminous communications between the parties about a CDR sampling plan that led to the present circumstances to their Memorandum in support if the Court orders briefing at the presentment hearing.

2

2022, Inteliquent's records custodian testified that Inteliquent has retained its CDRs. From June 2022 to the present, Plaintiffs have engaged in multiple written and telephonic communications with Inteliquent concerning discovery of its CDRs. Just days ago, on December 19, 2022, Defendants revealed that in addition to eight months of CDRs Plaintiffs identified to be restored, Defendants plan to restore eight more months of CDRs. (*See* Ex. 1.) According to Inteliquent, it will take approximately two weeks to restore each month of CDRs, meaning it will take at least thirty-two weeks to restore and produce the CDRs currently sought by all parties. This new proposal runs up against the current March 15, 2023 close of fact and class discovery and is incompatible with Plaintiffs' expectations concerning completion of discovery. However, the negotiations of the CDR production plan are incomplete; Plaintiffs have not yet met and conferred with Inteliquent about the new information in its December 19, 2022 proposal, so a motion to extend the discovery deadline is not yet ripe. This is why Plaintiffs proposed only a 60-day extension of next week's deadline to allow the CDR production plan negotiations to run their course. (*See* Ex. 2.) TMUS is opposing, claiming Plaintiffs have had enough time for discovery. (*Id.*) Its position is incompatible with its CDR proposal three days earlier. TMUS will experience no prejudice by the requested extension of the deadline. Conversely, Plaintiffs would be severely prejudiced by the deadline to amend expiring before a single CDR is produced. Plaintiffs reasonably expect CDRs will be key evidence to identification of the putative class members, causation, Inteliquent's routing practices at issue in Counts II, III and VIII, and damages. TMUS's position is particularly unreasonable given that it failed to preserve any of its CDRs for the relevant time period and that it will inevitably require another extension of discovery to accommodate its proposed CDR discovery.

      Plaintiffs will be prepared to submit a Memorandum in support of the relief sought by this

Motion, with additional supporting exhibits, in accordance with a briefing schedule to be set by the Court at the presentment hearing.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' Partial Consent Motion to Extend Deadline to Amend Pleadings and Join Parties and order any other relief the Court deems just and proper.

## LOCAL RULE 37.2 CERTIFICATION

This Motion complies with Local Rule 37.2. On November 7, 2022, Plaintiffs' counsel participated in a video call with counsel for Defendants to discuss Inteliquent's plan for production of a sampling of CDRs. On November 14, 2022, Plaintiffs sent Inteliquent a letter confirming the proposal for CDR production, identifying a list of eight months of CDRs Plaintiffs would like restored, and asserting that Inteliquent's proposal would require extensions of the schedule. (Ex. 3, 11/14/22 Hinger Letter.) The letter specifically proposed extension of the deadline to amend pleadings and join parties. (*Id*.) On December 1, 2022, undersigned counsel Cathy Hinger participated in a video conference meet and confer with counsel for Defendants to discuss the matters in her letter and the Defendants' responses to it. During that call, counsel for Inteliquent expressed amenability to extensions, but Michael Mervis, counsel for TMUS, advised that TMUS had not authorized him to agree to extensions of any deadlines. Plaintiffs also raised during this call that the amount of time Inteliquent was proposing to take to restore and produce CDRs was incompatible with the deadlines in the current schedule. Defendants did not disclose the additional number of months of CDRs they would like to restore until December 19, 2022. (*See* Ex. 1.) In response, counsel for Plaintiffs raised again extending the December 26, 2022 deadline while the CDR production negotiations continue. (*See* Ex. 2.) Inteliquent consented to the relief sought (*see* Ex. 1), but TMUS opposed despite several email communications made between the parties concerning the matter (*see* Ex. 2).

| | |
|---|---|
| Submitted December 22, 2022 | /s/   *David T.B. Audley*<br>David T.B. Audley (Bar No. 6190602)<br>Mia D. D'Andrea (Bar No. 6307966)<br>**CHAPMAN AND CUTLER LLP**<br>111 West Monroe Street<br>Chicago, IL  60603-4080<br>Tel. 312-845-2971<br>Email:  audley@chapman.com<br>Email:  dandrea@chapman.com<br><br>Cathy A. Hinger (*pro hac vice*)<br>G. David Carter (*pro hac vice*)<br>Victoria A. Bruno (*pro hac vice*)<br>Kathleen O. Gallagher (*pro hac vice*)<br>Jeremy L. Baker (*pro hac vice*)<br>**WOMBLE BOND DICKINSON (US) LLP**<br>2001 K Street, NW Suite 400 South<br>Washington, DC  20006<br>Tel.:  202-857-4489<br>Fax:  202-261-0029<br>Email:  cathy.hinger@wbd-us.com<br>Email:  david.carter@wbd-us.com<br>Email:  victoria.bruno@wbd-us.com<br>Email:  katie.gallagher@wbd-us.com<br>Email:  jeremy.baker@wbd-us.com<br><br>Kurt D. Weaver (*pro hac vice*)<br>**WOMBLE BOND DICKINSON (US) LLP**<br>555 Fayetteville Street, Suite 1100<br>Raleigh, NC  27601<br>Telephone:  919-755-8163<br>Email:  kurt.weaver@wbd-us.com<br><br>*Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2022, I served the foregoing Plaintiffs' Partial Consent Motion to Extend Deadline to Amend Pleadings and Join Parties via the Court's ECF system on all counsel of record.

By: */s/ Mia D. D'Andrea*
*Counsel for Plaintiffs*