IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a/ CTC  Plaintiffs,  v.  T-MOBILE USA, INC.; and INTELIQUENT, INC.  Defendants. | No. 19 CV 7190  Magistrate Judge Jeffrey T. Gilbert |

# ORDER

Plaintiffs' Motion to Consider Whether to Seal Select Text Within, and Exhibits Attached to, Plaintiffs' Memorandum of Law in Support of Their Renewed Motion to Compel Production of Certain Documents from T-Mobile USA, Inc. [ECF No. 278] and Plaintiffs' Motion to Consider Whether to Seal Select Text Within, and Exhibit Attached to, Plaintiffs' Response to Inteliquent, Inc.'s Surreply in Opposition to Plaintiffs' Motion to Compel Documents from Inteliquent, Inc. [ECF No. 303] are denied without prejudice.

Plaintiffs move to unseal certain text and exhibits related to their own Renewed Motion to Compel T-Mobile USA, Inc. ("TMUS") [ECF No. 274] and their own Motion to Compel Inteliquent [ECF No. 216] because they do not believe those documents merit sealing under current Seventh Circuit law. *See generally, Union Oil Co. of California v. Leavell,* 220 F.3d 562, 567 (7th Cir. 2000); *Citizens First National*

*Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The documents and text are sealed, at least as of now, because Defendants TMUS and Inteliquent produced them with confidentiality designations during the course of discovery and pursuant to the Agreed Confidentiality Order [ECF No. 164] entered in this case. So, given those confidentiality designations, Plaintiffs had no choice but to file them under seal if they wanted to refer to them in their briefs filed in support of their motions to compel.

Plaintiffs disavow any intention to challenge the confidentiality designation of the documents and text in question under the Confidentiality Order. Instead, they ask the Court essentially to ignore that Order and focus instead only on whether the documents should be sealed consistent with applicable Seventh Circuit precedent regarding the propriety of sealing court documents to which the public has a presumptive right of access. Under Federal Rule of Civil Procedure 26(c)(1)(G), the Court may, "for good cause," enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." But courts in this Circuit weigh carefully whether documents on the judicial record should be sealed, given the general rule that litigation in the courts of the United States is open to the public. *Union Oil Co.*, 220 F.3d at 567. Materials in the court record "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). In order to determine whether

good cause to file a document or portion of a document under seal exists, the Court and the parties must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l*, 297 F.3d at 548. Plaintiffs and Defendants do so to some extent in their briefing of the instant motions, but not to the degree necessary for the Court to substantively determine the nature of the purportedly confidential information at issue, how its disclosure would cause harm, and why that harm warrants secrecy. *Id.* at 547.

As is frequently the case in this litigation, the parties talk past each other in litigating the instant motions. Plaintiffs assert their position in the context of a motion to seal or unseal and largely ignore the import of the Confidentiality Order, perhaps implicitly arguing that the standard for sealing is more exacting than the threshold for designating material produced in discovery as confidential under the Confidentiality Order. Defendants respond only in the context of a motion to de-designate as confidential the information at issue and largely ignore controlling Seventh Circuit law regarding sealing documents on the public record. So neither party directly confronts the arguments of the other, nor do the parties crystallize for the Court precisely what text is at issue, who asserted confidentiality over what information, the nature of that confidentiality (whether the information constitutes trade secrets, commercial information with genuine competitive or commercial significance, personal information) under the Confidentiality Order and controlling Seventh Circuit law, the harm that would result from the disclosure of that information, and why that sort of harm is a legal justification for secrecy in this

3

litigation. The parties appear unable to agree even as to the nature and extent of the confidentiality designations at issue.[1] As a result, the Court does not have enough information to make the determinations Plaintiffs want it to make without more help from the parties.

More importantly, in a case where the parties agreed to a specific process by which the confidentiality of information produced in discovery could be challenged in the first instance, resolving the present dispute in the manner Plaintiffs request, while permissible, is not the most efficient way in this case to decide whether documents produced by a party as confidential during the course of discovery should retain that designation and be shielded from public view. Asking the Court, in the first instance, to painstakingly review the text of depositions or documents filed in the judicial record and decide whether that material should remain under seal or be open to the public, when Plaintiffs apparently have ignored the orderly and collaborative de-designation process to which they previously agreed in the Confidentiality Order, "diverts time and attention from the merits of the case and forces the parties and the court to devote time and resources to tangential issues that

---

[1] *See, e.g.,* [ECF No. 308] at 8 ("The plaintiffs state that "Inteliquent designated [Exhibit 60]" as confidential. (Mot. at 4). This is incorrect. Inteliquent only designated a portion of text from one of the four pages (page 21) in Exhibit 60 as confidential. Inteliquent did not designate any text from transcript pages 89-91 as confidential."); [ECF No. 311] at 2 ("Plaintiffs state in the title and the body of their Motion that it concerns "one exhibit attached to the response [ECF 301]," as well as "selected text" in that response. Mot. at 1 (emphasis added). However, the "selected text" identified in their redacted briefing quotes and describes the content of TMUS's confidential documents (see, e.g., ECF 301 at 9-10), which Plaintiffs have not, in their Motion, identified or sought to challenge. And Plaintiffs only identify one "Subject Exhibit" in their Motion which they are challenging: deposition testimony designated as confidential by Inteliquent, not TMUS. Mot. at 2 (defining only one "Subject Exhibit").").

4

do not contribute to the resolution of the case." *Formax Inc. v. Alkar-Rapidpak-MP Equip., Inc.,* 2014 WL 792086, at *2 (E.D. Wis. 2014). The satellite litigation Plaintiffs want the Court to conduct each time they need to file under seal a document that a Defendant has preliminarily designated as confidential in discovery threatens to derail "the just, speedy, and efficient determination [of this proceeding]" contrary to the Court's and the parties' obligations under Federal Rule of Civil Procedure 1.

Because the practical effect of unsealing the documents and text in the manner Plaintiffs request would be to de-designate those documents as confidential, the Court will not sidestep the procedure outlined in the Agreed Confidentiality Order [ECF No. 164]. The parties negotiated – and the Court put in place after several hearings on the issue – a process by which documents can be de-designated as confidential if appropriate. *Id.* at ¶¶ 2(a), 10(b); *see also,* [ECF Nos. 148, 149, 163]. That process has not run its course, nor would the briefing on the instant motions as it stands now allow the Court to make a reasoned judgment as to whether the documents and text at issue should remain sealed under prevailing Seventh Circuit law in any event.

For all these reasons, the Court, in the exercise of its discretion, denies Plaintiffs' Motions [ECF Nos. 278, 303]. Going forward, the parties are encouraged to exercise restraint in designating discovery material as confidential (and in maintaining that designation when it is legitimately challenged), exhaust the agreed upon process for challenging confidentiality designations in the Confidentiality Order, and give careful consideration to the need for filing material designated as confidential in connection with motion practice. If this issue and conflict persists, the

Court will need to give serious consideration to a process or procedure to avoid the unnecessary filing of documents under seal on the public docket of this case including, without limitiation, the possible use of a special master to assess the need for doing so and, relatedly, the apparently extensive confidentiality designations Defendants have utilized in discovery.[2]

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: January 23, 2023

---

[2] *See* Memorandum in Support of Plaintiffs' Motion for Appointment by the District Judge of a Pretrial Master for Discovery [ECF No. 340] at 2 ("Defendants [have designated] 34,746 out of 34,932 pages produced in this case as 'confidential.'").