# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, ) ) ) ) | |
| Plaintiffs, ) ) | No. 1:19-cv-07190 |
| vs. ) ) | Judge Sharon Johnson Coleman |
| ) | Magistrate Judge Jeffrey T. Gilbert |
| T-MOBILE USA, INC., ) ) | |
| Defendant. ) | |

**T-MOBILE USA, INC.'S MOTION TO STRIKE, OR FOR LEAVE TO FILE A LIMITED SURREPLY TO ADDRESS, NEW ARGUMENTS MADE FOR THE FIST TIME IN PLAINTIFFS' REPLY IN SUPPORT OF THEIR <u>MOTION FOR APPOINTMENT OF A PRETRIAL MASTER FOR DISCOVERY</u>**

T-Mobile USA, Inc. ("TMUS") moves to strike improper arguments made for the first time in plaintiffs' *Reply In Support of Plaintiffs' Motion for Appointment of a Pretrial Master for Discovery* (ECF No. 378) ("Reply"), or in the alternative, for leave to file a surreply to address them.

Plaintiffs' *Motion for Appointment by the District Judge of a Pretrial Master for Discovery* (ECF No. 347) ("Motion") was premised largely on plaintiffs' forecasting of several potential discovery disputes that might ripen into motions before the Court. The Motion did not detail or address the merits of any of those anticipated disputes, nor argue that a special master was specifically warranted to address any one of them individually. Plaintiffs' Reply, however, diverges from the arguments made in the Motion and in TMUS's opposition thereto (ECF No. 359), and makes new arguments not previously raised by either side. Plaintiffs specifically advocate for a special master to oversee "CDR discovery," with pages of substantive arguments and false and misleading characterizations of matters supposedly related to the production of CDRs not included in their Motion. Reply at 2-8. Plaintiffs' new arguments are irrelevant and do not support the appointment of a special master, especially given the agreement of Inteliquent, Inc. ("Inteliquent") to produce CDRs pursuant to subpoenas served by both parties. But, to the extent the Court finds the new arguments relevant, TMUS was improperly denied the opportunity to respond to them because they were made for the first time in plaintiffs' Reply. Plaintiffs' new arguments are improper and should be stricken, or in the alternative, leave should be granted to permit TMUS to respond to them. TMUS's proposed surreply brief is annexed hereto as Exhibit B.

It is improper to make new arguments or assert new facts for the first time in reply. *Meek v. Archibald & Meek, Inc.*, No. 21-CV-02397, 2021 WL 2036535, at *3 (N.D. Ill. May 21, 2021)

1

(citing *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015)); *Shlay v. Montogomery*, 802 F.2d 918, 922 n.2 (7th Cir. 1986). This includes "[p]roviding specifics in a reply in support of a general argument in an [initial filing]." *Murphy v. Vill. of Hoffman Estates*, No. 95-cv-5192, 1999 WL 160305, at *2 (N.D. Ill. Mar. 17, 1999), *aff'd*, 234 F.3d 1273 (7th Cir. 2000). One of the reasons for this well-recognized rule is that "'[w]hen an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration.'" *Tokarz v. Ventaire Corp.*, 03-CV-149, 2006 WL 1793602, at *4 (N.D. Ind. June 26, 2006) (quoting *Aircraft Gear Corp. v. Marsh,* No. 02 C 50338, 2004 WL 2222262, at *2 (N.D. Ill. Sept. 30, 2004)). Accordingly, when parties engage in this practice, courts may disregard or strike the new material, or use their discretion to permit the responding party to file a surreply to both provide the court with information necessary to make any informed decision and to correct gross mischaracterizations. *Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 329 (N.D. Ill. 2005) (recognizing court may strike new material or permit surreply to address it). *See also Franek v. Walmart Stores, Inc.*, No. 08-CV-0058, 2009 WL 674269, at *19 n.14 (N.D. Ill. Mar. 13, 2009) (noting that a surreply is appropriate "when a moving party 'sandbags' an adversary by raising new arguments in a reply brief. . . .") *aff'd sub nom.*, *Jay Franco & Sons, Inc. v. Franek,* 615 F.3d 855 (7th Cir. 2019); *Meek*, 2021 WL 2036535, at *3 (striking exhibits not included with original motion and not considering any corresponding statements in reply brief).

      Plaintiffs' improper new arguments that should be stricken, or in the alternative, provide grounds for TMUS to file a surreply, include:

- New arguments that plaintiffs had to overcome numerous discovery objections and conduct a records custodian deposition before issuing document requests for CDRs. Reply at 3.

- New arguments relying on mischaracterizations of the timing and details of the negotiations regarding production of CDRs (*id.* at 4-5), despite acknowledging in their initial moving brief that Inteliquent "intend[s] to produce massive amounts of CDRs" (ECF No. 347 at 7).

- New arguments regarding Inteliquent's supposed reluctance to follow through on its agreement to produce CDRs. Reply at 4.

- New arguments about the supposed complexity of CDR data and analysis, and further discovery that may result from CDR production (*id.* at 5), despite plaintiffs' position in their moving brief that with appropriate fields populated (which Inteliquent has agreed to provide), CDRs should permit plaintiffs to identify the information they claim to need (ECF No. 347 at 8).

- New arguments concerning TMUS's purported duty to maintain CDRs (Reply at 3, 4)—which arguments are completely wrong—even though plaintiffs' moving brief only generally referenced a "possible" motion on this subject (ECF No. 347 at 7) and TMUS's opposition did not state anything at all regarding the purported duty to maintain CDRs.

- New arguments that records TMUS did preserve and produce—its Form 480s—were inaccurate. Reply at 4. This too is a mischaracterization of the facts and was not mentioned in either the Motion or TMUS's opposition.

- New arguments regarding TMUS's anticipated motion to compel concerning plaintiffs' Rule 26 disclosures. *Id*. at 7-8.

Plaintiffs' improper injection of these arguments in the Reply is compounded by plaintiffs' conduct concerning the Joint Status Report filed on March 6, 2023 ("JSR"). ECF No. 373. Plaintiffs had included much of the position they stake out in the Reply regarding CDR discovery in their initial draft of the JSR. When TMUS provided its response to plaintiffs' position, plaintiffs requested that the parties instead agree on a more neutral joint statement regarding CDR discovery. TMUS agreed. Ex. A. A week after filing the JSR, plaintiffs rely on the same mischaracterization of the facts, and new ones, that they agreed to take out of the JSR, improperly depriving TMUS of the opportunity to respond. This type of sandbagging is impermissible. *Murphy*, 1999 WL

3

160305, at *2 ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply").

TMUS therefore respectfully requests that the Court strike all plaintiffs' improper "reply" arguments described above or, in the alternative, grant leave to file a limited surreply addressing them.

Dated: March 20, 2023

Respectfully submitted,

*/s/ Nigel F. Telman*
Nigel F. Telman
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3550
(312) 962-3551 (fax)
ntelman@proskauer.com

Bradley I. Ruskin (admitted pro hac vice)
Michael T. Mervis (admitted pro hac vice)
Baldassare Vinti (admitted pro hac vice)
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3249
(212) 969-2900
bruskin@proskauer.com
mmervis@proskauer.com
bvinti@proskauer.com

4

**CERTIFICATE OF SERVICE**

      I, Nigel F. Telman, one of the attorneys for Defendant T-Mobile USA, Inc., certify that I caused a copy of the attached T-MOBILE USA, INC.'S MOTION TO STRIKE, OR FOR LEAVE TO FILE A LIMITED SURREPLY TO ADDRESS, NEW ARGUMENTS MADE FOR THE FIST TIME IN PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF A PRETRIAL MASTER FOR DISCOVERY to be served by email via the Court's ECF System, upon all counsel of record this twentieth day of March, 2023.

                                                                                   /s/Nigel F. Telman