UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> Defendant. | Case No. 19-cv-07190 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Upon this Court's February 9, 2023 ruling granting defendant Inteliquent, Inc.'s ("Inteliqent") motion for judgment on the pleadings and dismissing the civil conspiracy count pending against them, defendant T-Mobile USA, Inc. ("T-Mobile") filed their own motion for judgment on the pleadings. T-Mobile argues that plaintiffs Craigville Telephone Co. d/b/a/ Adamswells and Consolidated Telephone Co. d/b/a CTC's civil conspiracy count should be dismissed against it, as well, and that plaintiffs' claim for punitive damages should subsequently be dismissed. For the following reasons, the Court grants T-Mobile's motion [366].

**Background**

The Court incorporates by reference the background provided in the Court's February 9, 2023 Opinion (the "February 2023 Opinion"). In January 2020, defendants brought their first motions to dismiss before Judge Lee, in which they moved to dismiss all counts—including the civil conspiracy count—of plaintiffs' first amended complaint. In their briefing and in Judge Lee's November 2020 Opinion, both the parties and Judge Lee analyzed the civil conspiracy claim under Illinois law. Judge Lee denied the defendants' motions as to this claim. After plaintiffs filed their second amended complaint, defendants answered the civil conspiracy claim but moved to dismiss

1

other counts. Around the same time, the parties initiated discovery, which was later referred to Magistrate Judge Gilbert. In August 2021, Judge Lee granted the parties' second motion to dismiss with prejudice such that only the Communications Act claims against T-Mobile and the civil conspiracy claim against both T-Mobile and Inteliquent survived.

In September 2021, Inteliquent filed a motion for judgment on the pleadings. Inteliquent argued that the only remaining claim against them—the civil conspiracy claim—should be dismissed. They claimed that choice of law analysis requires the Court to apply the law of the state where plaintiffs operate (Minnesota or Indiana) to the claims, because that is where the injury occurred. Under Minnesota or Indiana law, Inteliquent argued, a civil conspiracy claim is not sustainable when the only other claims are Communications Act violations. Thus, Inteliquent argued the civil conspiracy claim should be dismissed. This motion was briefed and remained pending for over sixteen months, during which the parties continued discovery and the case was ultimately transferred to the undersigned. By the Court's count, the deadline to amend the pleadings was extended seven times during this time frame.

In its February 2023 Opinion, this Court agreed with Inteliquent's logic and granted its motion for judgment on the pleadings. Conducting choice of law analysis, the Court rejected plaintiffs' argument that Illinois had the most significant relationship to the case. Applying Minnesota or Indiana law, the Court found plaintiffs failed to state a civil conspiracy claim. Because T-Mobile did not join the motion, the Court only dismissed the claim as to Inteliquent.

**Legal Standard**

Rule 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The "only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mutual Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). "To survive a motion for

judgment on the pleadings, 'a complaint must state a claim to relief that is plausible on its face.'" *Bishop v. Air Line Pilots Assoc., Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (citation omitted). When determining if a complaint states a plausible claim for relief, courts draw all facts and reasonable inferences in favor of the non-moving party. *See ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017).

**Discussion**

T-Mobile now contends that the Court should dismiss the civil conspiracy claim against T-Mobile for the same reasons outlined in the February 2023 Opinion. Plaintiffs maintain that T-Mobile waived the right to bring a choice of law argument at this stage in the case. In the alternative, plaintiffs request that the Court grant plaintiffs leave to amend their complaint to bolster their civil conspiracy claim in light of ongoing and future discovery.

The Court first addresses plaintiffs' waiver argument. Plaintiffs claim that choice of law is an affirmative defense and T-Mobile's failure to timely raise the defense caused plaintiffs harm and supports waiver. *See Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005) (finding that failure to raise an affirmative defense in the pleadings results in waiver if the plaintiff was harmed from this action). They maintain that T-Mobile never raised the choice of law issue and consistently acted as though Illinois law applied. Therefore, they argue T-Mobile's conduct amounts to waiver.

The Court similarly questions T-Mobile's decision not to join Inteliquent's prior motion—indeed, this choice led to both the Court and the parties expending additional time and resources on the civil conspiracy issue. Nevertheless, the Court does not find that T-Mobile waived the right to bring this argument now. Courts have found that parties waive choice of law arguments when a party "explicitly submitted" to the forum state's law or when the party was "unduly delayed" in raising the argument. *Dolmage v. Combined Insurance Co. of America*, No. 14 C 3809, 2017 WL 5178792, at *4 (N.D. Ill. Nov. 8, 2017) (Castillo, J). Even though the case originated in 2019, it is still in the

3

discovery stage and thus the Court does not find that T-Mobile was unduly delayed in bringing this argument. Furthermore, the Court does not find that prior conduct in this case, specifically the parties' application of Illinois law in the first motion to dismiss, amounts to "explicit submission" to Illinois law.[1] Plaintiffs have also been on notice of the choice of law issue since September 2021, when Inteliquent filed its motion for judgment on the pleadings. They could have used discovery to date and the multiple extensions provided to add additional allegations demonstrating why Illinois law should govern the case. Given these circumstances, the Court declines to find that T-Mobile waived its right to bring this motion.

Considering the motion on the merits, the Court will grant this motion for the same reasons outlined in its February 2023 Order. *See Jarrard v. CDI Telecomms., Inc.*, 408 F.3d 905, 911–12 (7th Cir. 2005) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988)) (discussing how the law of the case doctrine supports continuity in applying a rule of law throughout the case). Plaintiffs preserve their choice of law arguments from the prior motion, but do not relitigate them. The Court sees no basis for reconsidering its prior Opinion and thus finds that the second amended complaint similarly does not state a civil conspiracy claim against T-Mobile under the applicable state law. The Court thus grants T-Mobile's motion for judgment on the pleadings on the civil conspiracy claim.

T-Mobile next argues that plaintiffs' punitive damages claim should be dismissed because the remaining Communications Act counts do not permit punitive damages. Defendant argues that

---

[1] The Court recognizes that in *Lott v. Levitt*, 556 F.3d 564 (7th Cir. 2009), the Seventh Circuit found that a party waived the choice of law argument when he "explicitly submitted to Illinois law and relied solely on it" in its first motion to dismiss and then requested new choice of law analysis in a motion for reconsideration. *Id.* at 568. The present case is distinguishable. In *Lott*, the plaintiff had explicitly agreed that Illinois law governed the dispute when defendants raised the choice of law argument in the original motion to dismiss. Here, the choice of law issue was not raised in the original motion. Furthermore, the circumstances in the present case have changed, where claims have been dismissed with prejudice since the parties briefed the original motion to dismiss. The Court thus does not find that *Lott* mandates waiver in this case.

although the Seventh Circuit has not directly addressed the issue, the Seventh Circuit mentioned in passing that "plaintiffs [can] obtain damages and a reasonable attorney's fee, though not punitive damages" under § 206 of the Communications Act, *Cahnmann v. Sprint Corp.*, 133 F.3d 484, 491 (7th Cir. 1998), and other courts to have considered the issue found punitive damages unavailable in Communications Act cases, *see, e.g., Telecom Intern. America, Ltd. v. AT&T Corp.*, 67 F. Supp. 2d 189, 214–15 (S.D. N.Y. 1999) (finding that claims brought under Sections 201 and 202 of the Communications Act are not entitled to exemplary, or punitive, damages). Plaintiffs do not contest these points and acknowledge that their remaining request for punitive damages is based on the civil conspiracy claim. The Court finds T-Mobile's argument persuasive. Because there is no remaining claim upon which punitive damages can be granted, and the Court is dismissing the civil conspiracy count, plaintiffs' request for punitive damages is stricken.

Despite that finding, the Court is not yet finished. Plaintiffs ask the Court grant them leave to amend the civil conspiracy claim against T-Mobile to address the deficiencies identified in the February 2023 Opinion.[2] Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires."[3] The Court can deny leave to amend when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (internal citation omitted). Here, the Court does not find that justice requires

---

[2] In the alternative, plaintiffs ask the Court to stay execution of this Opinion pending discovery. Plaintiffs provide no authority for staying execution of the Opinion and the Court declines to do so.

[3] The Court notes that generally, when the time to amend pleadings has passed, courts should consider Rule 16 and the "good cause" standard when assessing whether to grant leave to amend. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719–20 (7th Cir. 2011). Although both parties mention "good cause" generally, neither engages with the Rule or its requirements. Thus, the Court focuses on the Rule 15 analysis argued by the parties.

leave to amend because of plaintiffs' delay in amending the complaint and the likely futility of any amendment.

Plaintiffs maintain that leave to amend should be liberally granted and that they should have at least one chance to rectify problems identified in its complaint. The Court acknowledges the unusual procedural posture of this case, where the civil conspiracy claims were not dismissed in Judge Lee's first order on the motion to dismiss and where defendants then answered this claim. But plaintiffs have had the chance to amend their complaint. Due to reasons both in and out of the parties' control—including the COVID-19 pandemic, Judge Lee's transition to the Seventh Circuit, and prolonged discovery disputes—this case has been pending for several years and remains in the discovery stage. Plaintiffs engaged in discovery which they could have used to amend their complaint; indeed, plaintiffs reference the already-obtained discovery they could have used to amend their complaint in the present briefing. Upon request of the parties, the Court extended amendment deadlines seven times in this case, and plaintiffs have been on notice of the choice of law issue since September 2021. Therefore, plaintiffs' delay in amending their complaint cuts against granting them leave to amend at this juncture.[4]

Plaintiffs also argue that Judge Gilbert's recent discovery deadline extension, which gives them more time to collect information that could be used to amend their pleadings, justifies granting leave to amend. The Court finds this argument similarly unavailing. In its February 2023 Opinion, the Court determined that Illinois law does not govern because Illinois does not have the most significant relationship to this claim. Instead, Minnesota or Indiana law—the place of injury— governed. Plaintiffs' cited discovery revelations, submitted under seal, do not change this analysis

---

[4] The Court recognizes the tension between finding plaintiffs were delayed in seeking to amend their complaint and finding that T-Mobile did not waive the choice of law argument in this case. Nonetheless, the Court finds that the unique circumstances present in this case, where Inteliquent's meritorious argument applies with equal force to T-Mobile and where the plaintiffs were on notice of the claim since September 2021, compels this result.

because they do not suggest that the place of injury itself has changed. Plaintiffs again reference harm that may have occurred in Wisconsin and argue that a civil conspiracy claim based on Communications Act claims is permissible under Wisconsin Law. Nevertheless, they do not suggest that they intend to add those individuals as named plaintiffs. They also allege that the punitive class members' harm occurred across various states and that deciding the choice of law issue before determining the extent of harm in these other jurisdictions is improper. They cite *Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, in which the Court found that it was wrong to make a choice of law determination impacting whether to strike class certification arguments before certification discovery was complete. 522 F. Supp. 3d 402, 409–11 (N.D. Ill. 2021) (Gottschall, J.). This Court finds that *Texas Hill* does not compel waiting to decide the choice of law issue until after discovery has completed in the present case, as *Texas Hill* focused on class determination issues that are not yet argued in this case. In sum, plaintiffs have not shown how discovery to date or future discovery would alter the choice of law analysis in this case, suggesting amendment would be futile.

**Conclusion**

For the above reasons, the Court grants T-Mobile's motion for judgment on the pleadings and denies plaintiffs' request for leave to amend the complaint [366]. As Judge Gilbert stated, "at some point in the gestation of this case the pleadings must be closed." (Dkt. 330.) At least for the civil conspiracy claim, that time has come.


IT IS SO ORDERED.

Date: 5/30/2023

Entered:

_____

SHARON JOHNSON COLEMAN
United States District Judge