IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO., INC., *et al.*, Individually and on behalf of a class of similarly situated companies,<br><br>*Plaintiffs*,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>*Defendant*. | Case No. 1:19-cv-07190<br><br>Magistrate Judge Jeffrey T. Gilbert |

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rules of Civil Procedure 53(a)(1)(C), Maura R. Grossman to serve as Special Master in Case No. 1:19-cv-07190 until further order of this Court. The Court has received representations from Dr. Grossman disclosing whether there are any grounds for disqualification under 28 U.S.C. § 455. *See* Fed. R. Civ. P. 53(a)(2), (b)(3)(A) and has provided that information to all parties. Consistent with Federal Rule of Civil Procedure 53(b)(1), all parties have had the opportunity to be heard on the appointment of Dr. Grossman. The Court has also considered the fairness of imposing the likely expenses on the parties and has taken steps to protect against unreasonable expense or delay, as required by Federal Rule of Civil Procedure 53(a)(3). Finding that no grounds for disqualification of Dr. Grossman exist, for the reasons explained in open court on August 11, 2023, and finding that these matters cannot be effectively and timely addressed by a district or magistrate judge in this district, the Court hereby appoints Dr. Grossman to serve as Special Master.

IT IS FURTHER ORDERED THAT:

1. The Special Master is appointed to address and resolve all discovery issues other than Plaintiffs' Motion to Compel Supplemental Responses to Certain Interrogatories [ECF 440]. The parties and the Special Master will meet and confer to formulate a process for the Special Master's work. The Special Master is directed to proceed with all reasonable diligence in the performance of her duties. Fed. R. Civ. P. 53(b)(2).

2. The Special Master may communicate *ex parte* with the Court for any reason. Absent consent of the parties, the Special Master may not communicate *ex parte* with the parties except with respect to scheduling and billing matters. The restriction on *ex parte* communications does not prohibit the submission of documents to the Special Master *in camera* for resolution of privilege disputes, or with consent of the parties. Fed. R. Civ. P. 53(b)(2)(B).

3. The Special Master shall preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties or the Court, any transcripts of hearings before the Special Master, and any evidence considered in making or recommending findings of fact. Fed. R. Civ. P. 53(b)(2)(C). Upon request of the Court or of any party, the Special Master shall file these records with the Clerk of the Court. The Special Master shall file any report, order, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). Docketing an order, report, or recommendation via the CM/ECF system shall constitute proper service of process on all parties.

4. The Plaintiffs or Defendant may file an objection to—or a motion to adopt or modify—the Special Master's order, report, or recommendations no later than twenty-one (21) days after a copy of such order, report, or recommendations is served. Fed. R. Civ. P. 53(f)(2). The party filing an objection or motion must also file the relevant record if not filed by the

Special Master with her order, report, or recommendations. Unless a different schedule is set by the Court, the responding party must file any written response within fourteen (14) days after the objection or motion is filed.

5. Legal conclusions made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(4). Findings of fact made by the Special Master will be reviewed by the Court *de novo*. Fed. R. Civ. P. 53(f)(3)(A). Rulings on procedural matters made by the Special Master will be reviewed by the Court for abuse of discretion. Fed. R. Civ. P. 53(f)(5). Any order, report, or recommendation of the Special Master, unless it involves a finding of fact or conclusion of law, will be deemed a ruling on a procedural matter.

6. The Special Master shall be bound by the terms of the Agreed Confidentiality Order [Dkt. 164]. In particular, and without limiting the foregoing, the Special Master must comply with the Agreed Confidentiality Order with respect to the maintenance, transmission, service, and filing of Confidential or Highly Confidential Information (as defined by the Agreed Confidentiality Order) received by the Special Master or reflected in any order, report, or recommendation of the Special Master.

7. The Special Master is granted the full rights, powers, and duties afforded by Federal Rule of Civil Procedure 53(c) and may adopt such procedures as are not inconsistent with that Rule, or with this Order or other Orders of the Court. The Special Master may recommend that the Court impose against a party any noncontempt sanction provided by Federal Rule of Civil Procedure 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty. Fed. R. Civ. P. 53(c)(2). The Court will decide *de novo* all objections to any such recommendations.

8. Disclosure of privileged or protected information connected with the litigation

to the Special Master shall not constitute a waiver of any privilege or immunity or of a right to seek protection in this case, and such disclosure also does not constitute a waiver in any other federal or state proceeding; accordingly, a claim of privilege or protection may not be raised as a basis to resist such a disclosure ordered by the Special Master.

9. The Special Master's compensation, including reasonable costs or expenses incurred, shall be borne equally, with 50% paid by the Plaintiffs and 50% paid by Defendant, but this interim allocation may be amended by the Court to reflect a decision on the merits. Fed. R. Civ. P. 53(g); Fed. R. Civ. P. 37. If the Special Master finds that she needs the assistance of a secretary, paralegal, or similar adjunct, the expense of such adjunct will be billed by the Special Master at cost. The Special Master shall submit a monthly invoice to both parties, with a copy to the Court. Objections to the Special Master's invoices must be raised promptly, first to the Special Master. If the parties and Special Master find they cannot resolve the objection, the Court will resolve the objection. If there are no objections, the parties shall pay the Special Master's invoice within 60 days of receipt. The Special Master shall be compensated at a rate of $900.00 per hour. For cause or when fairness dictates, the Special Master may recommend that the Court shift or reallocate between the parties the costs of and expenses related to her services. Fed. R. Civ. P. 53(g)(3). In addition, if it becomes obvious that one side or the other is more responsible for the fees and expenses incurred by the Special Master, the Special Master, in the first instance, and ultimately the Court, can upon a motion reallocate those expenses as may be warranted.

10. Counsel for Defendant T-Mobile USA, Inc. shall institute an ethical screen walling off Proskauer Rose employee Sandra Metallo-Barragan from this case unless the Court orders otherwise in the future.

11. This Order may be amended after notice to the parties and an opportunity to

be heard. Fed. R. Civ. P. 53(b)(4).

**IT IS SO ORDERED.**

Dated: 8/15/23

_____
Jeffrey T. Gilbert
United States Magistrate Judge