IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC,<br><br>    Plaintiffs,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>    Defendant. | No. 1:19-cv-07190<br><br>Hon. Lindsay C. Jenkins<br>Magistrate Judge Jeffrey T. Gilbert |

## JOINT STATUS REPORT

Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells ("AdamsWells") and Consolidated Telephone Company d/b/a CTC ("CTC"), on behalf of themselves and a class of similarly situated companies ("Plaintiffs"), and Defendant T-Mobile USA, Inc. ("TMUS"), pursuant to ECF 506, the Court's April 18, 2024 Minute Order submit the following Joint Status Report regarding their progress with discovery.

**I.  Current Scheduling Deadlines and Fact Discovery Deadline.**

The current deadlines are as follows:

| Deadline Category | Current Deadline |
|---|---|
| **Close of Fact Discovery** | **May 30, 2024** |
| **Plaintiffs' Expert Witness Disclosure** (including Rule 26(a)(2) disclosures) | **July 15, 2024** |
| **Defendant's Expert Witness Disclosure** (including Rule 26(a)(2) disclosures) | **August 29, 2024** |
| **Rebuttal Expert Reports** | **October 14, 2024** |
| **Plaintiffs' and Defendant's Experts' Depositions**, including any Rule 26(a)(2)(C) witnesses | No later than **45 days after** service of all expert reports, |

| | |
|---|---|
| | including rebuttal expert reports. |
| **Class Certification Motion** | |
| **Plaintiffs' Motion and Supporting Brief** | **December 30, 2024, or 30 days following the close of expert discovery,** whichever is later |
| **Defendant's Brief in Opposition** | No later than **60 days after** the Plaintiffs' brief |
| **Plaintiffs' Reply Brief** | No later than **30 days after** the Defendant files its opposition |
| **Motion for Summary Judgment** | |
| **Any Motion for Summary Judgment** | No later than **120 days after** the ruling on class certification |
| **Any Opposition to a Motion for Summary Judgment** | **30 days after** the initiating motion is filed |
| **Any Reply in Support of a Motion for Summary Judgment in Response to an Opposition to Summary Judgment** | **21 days** after the opposition is filed |

On February 24, 2024, the parties submitted to the Special Master a joint communication presenting "an agreed path towards completion of fact discovery and remaining depositions" taking into account that there were outstanding motions the Special Master would not likely be able to resolve in time for the parties to complete fact discovery before March 18, 2024, the prior deadline for close of fact discovery. *See* Ex. 1, Feb. 24, 2024 Joint Email Communication ("Discovery Agreement"). As stated in the Discovery Agreement, the parties agreed that, absent good cause, no additional written discovery may be served and no depositions may be taken out of time that had not already been noticed or disclosed by the parties to one another, *id*.[1] The parties

---

[1] The one exception being the limited depositions Magistrate Judge Gilbert ordered could be taken after the close of fact discovery so long as they are completed no later than thirty days before the final pretrial order is due. ECF 507.

also "reserved their rights to raise any new discovery disputes which may arise out of any ongoing discovery."  Ex. 1.

### A. Plaintiffs' Statement Regarding Current Fact Discovery Deadline:

From Plaintiffs' perspective, the only potential hindrance to completing the discovery remaining per the Discovery Agreement is the Plaintiffs' unresolved Motion to Compel the Rule 30(b)(6) Deposition of former party, Inteliquent, Inc. ("Inteliquent"), and depositions of several Inteliquent fact witnesses.  As set forth in the parties' Joint Motion to Amend the Scheduling Order (ECF 500), Plaintiffs have sought a Rule 30(b)(6) deposition of Inteliquent since October 30, 2023.  Plaintiffs also served deposition subpoenas on Inteliquent's counsel for Inteliquent employees, Tim Schneberger and Mary Hochheimer, and Inteliquent's former Chief Operating Officer, John Bullock.  Inteliquent did not serve formal objections to these deposition subpoenas, nor did Inteliquent file a motion for protective order.  Plaintiffs and Inteliquent's counsel have engaged in numerous meet and confers between November 16, 2023 and March 19, 2024, regarding these Inteliquent deposition subpoenas.  Plaintiffs' Motion to Compel is fully briefed and ripe for ruling by the Special Master, who indicated at an April 16, 2024 hearing that she will take up this motion next.  As previously stated in the parties January 18, 2024 Joint Status Report (ECF 492-1), until Plaintiffs' Motion to Compel Rule 30(b)(6) Testimony from Inteliquent is resolved, Plaintiffs will not know how many depositions will be necessary to cover the scope of the Inteliquent Rule 30(b)(6) Topics, which witnesses Inteliquent is designating or their availabilities to schedule the depositions.  Therefore, Plaintiffs cannot confirm whether these depositions, once ordered by the Special Master, can be completed by May 30th.

Plaintiffs learned in the process of exchanging drafts of this Joint Status Report that TMUS may seek additional discovery, including depositions, regarding Plaintiffs' forthcoming Amended

3

Damages Disclosure,[2] which was not previously disclosed or identified by TMUS when the parties' negotiated the Discovery Agreement. The parties spent significant time, extending into a weekend, negotiating the Discovery Agreement, and in those negotiations TMUS did not indicate any desire to take further depositions on Plaintiffs' damages despite the fact that its Motion to Compel Supplemental Damages Disclosure was pending and had been pending for several months. Plaintiffs object to TMUS's change in position, and generally object to TMUS seeking new discovery inconsistent with the Discovery Agreement. Plaintiffs also disagree with TMUS's characterization of damages discovery in Section I.B. below.

**B. TMUS's Statement Regarding Current Fact Discovery Deadline:**

As described in Section III below, there are eight motions that remain pending before the Special Master. Of these motions, the four brought by TMUS seek to compel Plaintiffs to provide Rule 30(b)(6) deposition testimony, discovery responses, and additional deposition time. The amount of time that will be needed to complete the discovery TMUS seeks will depend on the resolution of TMUS's motions.

Recently, on April 16, 2024, the Special Master granted TMUS's Motion to Compel 26(a) Damages Information (ECF 432, 433), which had been pending since the end of June 2023. *See* ECF 505. The Special Master ordered Plaintiffs to amend their Initial Disclosures to include a description of their damages methodology, which Plaintiffs agreed to do by May 3, with the understanding that they may need to update the description of their methodology after they depose Inteliquent's witness(es). Consistent with the Discovery Agreement, TMUS anticipates it may have "good cause" to take further fact discovery concerning Plaintiffs' damages methodology after it is disclosed on May 3, including potential depositions. TMUS anticipates the "good cause"

---

[2] *See infra* Section I.B.

standard can be met because Plaintiffs had not provided their methodology at the time the Discovery Agreement was negotiated, and they still have not, therefore TMUS did not know, and still does not know, what, if any, additional discovery it may seek to conduct after Plaintiffs provide their amended Initial Disclosures this Friday. Moreover, the possibility of additional discovery regarding damages has long been known to Plaintiffs. TMUS repeatedly made clear in its briefing on its Motion to Compel 26(a) Damages Information that it was seeking Plaintiffs' damages methodology so that it could take fact discovery concerning their damages claims (*see, e.g.*, ECF 433 at 1-2, 6, 7, 10; ECF 461 at 1-3, 4, 8). This has always been TMUS's position. TMUS does not agree with Plaintiffs' characterization of the discussions leading up to the Discovery Agreement, but what was and wasn't discussed is irrelevant given that the terms of the Discovery Agreement are clear.

TMUS also has raised issues with Plaintiffs about their responses and objections to TMUS's interrogatories. To the extent the parties are not able to resolve these issues through the meet and confer process, TMUS may need to move to compel responses to its interrogatories.

In light of the foregoing, TMUS cannot confirm it is on track to complete fact discovery by the May 30 deadline. That said, it is TMUS's sincere hope that the parties will be able to do so and, if they are unable to, that fact discovery be completed as expeditiously as possible.

## II. Fact Discovery Completed to Date and Remaining Discovery.

### A. Discovery Completed to Date:

Over the past three years, the parties have exchanged the following written discovery:

- Plaintiffs' responses and objections to TMUS's First, Second, Third, Fourth and Fifth Sets of Requests for Production of Documents ("RFPs");
- Plaintiffs' responses and objections to TMUS's First Set of Interrogatories;
- Plaintiff Craigville's responses and objections to TMUS's Second and Third Set of Interrogatories;

- Plaintiff CTC's responses and objections to TMUS's Second, Third, and Fourth Sets of Interrogatories;
- Plaintiffs' responses and objections to then-Defendant Inteliquent's First Set of RFPs;
- Plaintiffs' responses and objections to then-Defendant Inteliquent's First Set of Interrogatories;
- Plaintiffs' responses and objections to TMUS's First Set of Requests for Admission;
- TMUS's responses and objections to Plaintiffs' First, Second, Third, and Fourth Sets of RFPs;
- TMUS's responses and objections to Plaintiffs' First Set of Requests for Admission;
- TMUS's responses and objections to Plaintiffs' First and Second Sets of Interrogatories; and
- Initial Disclosures. Plaintiffs served their Fourth Amended Initial Disclosures on February 20, 2024. TMUS served its Fourth Amended Initial Disclosures on December 15, 2023.

The parties have exchanged document productions and produced privilege logs, which are the subject of ongoing negotiations. In addition, at least nine non-parties also produced documents, including Inteliquent's production of terabytes of call detail records ("CDRs").

The parties have taken the following depositions:

- Plaintiffs' records custodian depositions of TMUS's Rule 30(b)(6) witness Ellen Blanchard and Inteliquent's 30(b)(6) witness Brett Scorza;
- Plaintiffs' and TMUS's deposition of Inteliquent's former CEO Fritz Hendricks in his individual capacity;
- Plaintiffs' depositions of TMUS employees Indra Chalk, Dinko Dinkov, Kathleen Foster, William Rowe, Sukhi Nehra, and Satish Pachalla in their individual capacities;
- Plaintiffs' depositions of TMUS's Rule 30(b)(6) witnesses Kathleen Foster, William Rowe, Sukhi Nehra, and Thomas Johnson;
- TMUS's records custodian depositions of Craigville Rule 30(b)(6) witness Lee VonGunten and CTC Rule 30(b)(6) witness Ryan Rosenwald;
- TMUS's depositions of Craigville Rule 30(b)(6) witnesses Kurt Oliver and Lee VonGunten on TMUS Rule 30(b)(6) Topics 1-7, 8(a), 9-16;
- TMUS's depositions of CTC Rule 30(b)(6) witnesses Kristi Westbrock, Greg Springer, and Ryan Rosenwald on TMUS Rule 30(b)(6) Topics 1-8, 9(a), 10-17;
- TMUS's deposition of CTC's former CEO Kevin Larson in his individual capacity;
- Plaintiffs' deposition of Ericsson, Inc.'s Rule 30(b)(6) witness Ivanco Nikolovski;
- TMUS's deposition of Lakeland Communications employee Derek Ayd in his individual capacity;
- TMUS's deposition of Peoples Telecommunications, LLC employee Jennifer Leach in her individual capacity; and
- TMUS's deposition of CTC's former CFO Mark Roach in his individual capacity.

6

**B. Remaining Discovery to be Completed.**

In addition to the Inteliquent depositions, the parties have scheduled depositions for the remaining TMUS fact witnesses and Rule 30(b)(6) designees as follows:

- Satish Pachalla on April 30, 2024;
- Manoj Kumar on May 8, 2024;
- Rusty Huntsman and William Rowe on May 15, 2024; and
- Tom Cast (not yet scheduled; awaiting dates of availability).

Depending on the outcome of the Special Master's rulings on the pending and potentially forthcoming[3] motions before her, and for good cause shown, there could be follow up discovery, but the parties do not anticipate any further depositions other than those identified in the Discovery Agreement and described above.

**III. Summary of Unresolved Matters Pending Before the Special Master.**

There are currently eight pending Motions before the Special Master. At the Special Master's request, on March 4, 2024 the parties submitted lists and positions with respect to the order of priorities for outstanding motions, including those not yet briefed. *See* Ex. 2, Mar. 4, 2024 Email and attached Plaintiffs' Proposed Priority Listing of Pending Motions; Ex. 3, Mar. 4, 2024 TMUS Email and attached Proposed Priority Listing of Pending Motions. As of the date of this Joint Status Report, all Motions listed in Exs. 2 and 3 remain pending before the Special Master (or are potentially forthcoming), with the exception of Plaintiffs' Motion to Restore Rule 30(b)(6) Time and to Compel TMUS to Reproduce Prepared Rule 30(b)(6) Witnesses on Matters 12(a) and 41, and TMUS's Motion to Compel Rule 26(a) Damages Information. On March 18, 2024, TMUS

---

[3] The parties are engaging in ongoing meet and confers and at present do not know whether there will be a need to submit any new discovery motions, including the "forthcoming" motions listed in Exs. 2 and 3.

withdrew its Opposition to the Plaintiffs' Motion to Restore Rule 30(b)(6) Time and agreed to restore all time sought by Plaintiffs' Motion. *See* Ex. 4, Mar. 18, 2024 TMUS Email to Special Master. On April 16, 2024, the Special Master held a video conference hearing on TMUS's Motion to Compel Supplemental Rule 26(a)(1) Damages Disclosure, and Plaintiffs will submit their Fifth Amended Initial Disclosures on or before May 3, 2024, in accordance with the Special Master's ruling and guidance from the April 16 hearing.

Submitted on this 29th day of April, 2024.

/s/ *David T.B. Audley*
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
**CHAPMAN AND CUTLER LLP**
111 West Monroe Street
Chicago, IL 60603-4080
Tel. 312-845-2971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Lela M. Ames (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Jeremy L. Baker (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: lela.ames@wbd-us.com
Email: katie.gallagher@wbd-us.com
Email: jeremy.baker@wbd-us.com

Kurt D. Weaver (*pro hac vice*)
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: 919-755-8163
Email: kurt.weaver@wbd-us.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 29th day of April, 2024, I served the foregoing **Joint Status Report** via the ECF system on parties that have consented to the same in accordance with applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

      By:    /s/ David T.B. Audley