# EXHIBIT 3

| | |
|---|---|
| **From:** | Roche, Jennifer L. |
| **To:** | Maura Grossman; Gallagher, Katie |
| **Cc:** | Hinger, Cathy; Weaver, Kurt; Bruno, Victoria; Ames, Lela; Baker, Jeremy; Mervis, Michael T.; Vinti, Baldassare; Alladi, Om V.; Gordon, Amy B. |
| **Subject:** | RE: TMUS"s Proposed Priority Listing of Outstanding Motions to Complete Discovery |
| **Date:** | Monday, March 4, 2024 10:37:06 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | TMUS Proposed List of Discovery Motions in Priority.docx |

External (jroche@proskauer.com)

Report This Email   FAQ

Dear Dr. Grossman:

Attached is TMUS's proposal regarding prioritization of the currently pending and anticipated discovery motions. TMUS strongly urges you to consider its motion to compel Rule 26(a) damages information first, which is consistent with your prior agreement to take it up as the next dispute after plaintiffs' supplemental reply brief was filed on February 13, 2024. *See* Jan. 11. 2024 email re "Request to Submit Supplemental Brief iso Motion to Compel Rule 26(a)(1)(A)(iii) Damages Information."  Indeed, this motion was first filed in **June 2023** and resolution is needed for TMUS to proceed with and complete damages fact discovery.

Plaintiffs' position that this motion cannot be heard because of a supposed question about TMUS's interrogatory answers concerning total call volumes is a red herring.  First, plaintiffs' characterization of Mr. Nehra's and Mr. Pachalla's testimony is quite misleading—but that is the subject of other pending motions and we do not believe it should be argued in this email exchange. Even assuming their argument about TMUS's interrogatory answers were correct, TMUS's motion makes clear that it is seeking information about plaintiffs' methodology for determining its alleged damages—not the precise number. There is no reason you cannot rule on whether TMUS is entitled to such information at this time.

Plaintiffs' assertions concerning TMUS's retention of CDRs are inflammatory and unnecessary.  As plaintiffs have known for nearly two years that TMUS

does not have CDRs from the relevant period, this fact cannot be a reason why plaintiffs should not be compelled to disclose their damages methodology now. For the same reason, TMUS's motion for discovery on plaintiffs' damages methodology is independent from plaintiffs' alleged spoliation motion. Whether TMUS owed a duty to plaintiffs to maintain CDRs (it did not) cannot affect plaintiffs' damages methodology as no ruling on the spoliation motion will restore CDRs that do not exist. Indeed, when you agreed to take up TMUS's Rule 26 motion as the next dispute, plaintiffs did not then complain that it supposedly goes "hand in hand" with their spoliation motion. It does not.

Other than the disputes concerning when TMUS's Rule 26(a) motion should be heard, the parties generally agree on the order in which the disputes should be resolved. As to your specific question regarding maximizing the ability to get the most discovery done by March 18, we do not believe that scheduling any motions to be heard before TMUS's Rule 26(a) motion is likely to allow other contemplated discovery, if permitted, to completed by that date. We have included in our chart, however, a description of the discovery that would follow if TMUS's pending motions are granted.

**Jennifer L. Roche**
Senior Counsel

[Proskauer](#)
2029 Century Park East
Suite 2400
Los Angeles, CA 90067-3010
d 310.284.5635; tel:+13102845635
f 310.557.2193
jroche@proskauer.com

---

**From:** Maura Grossman <maura.grossman@uwaterloo.ca>
**Sent:** Monday, March 4, 2024 6:21 PM
**To:** Gallagher, Katie <Katie.Gallagher@wbd-us.com>
**Cc:** Hinger, Cathy <Cathy.Hinger@wbd-us.com>; Weaver, Kurt <Kurt.Weaver@wbd-us.com>; Bruno, Victoria <Victoria.Bruno@wbd-us.com>; Ames, Lela <Lela.Ames@wbd-us.com>; Baker, Jeremy <Jeremy.Baker@wbd-us.com>; Mervis, Michael T. <MMervis@proskauer.com>; Vinti, Baldassare <BVinti@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>; Alladi, Om V.

<OAlladi@proskauer.com>; Gordon, Amy B. <AGordon@proskauer.com>
**Subject:** RE: Plaintiffs Proposed Priority Listing of Outstanding Motions to Complete Discovery

*This email sent by maura.grossman@uwaterloo.ca originated from outside the Firm.*

Received.

Thank you.

**From:** Gallagher, Katie <Katie.Gallagher@wbd-us.com>
**Sent:** Monday, March 4, 2024 9:12 PM
**To:** Maura Grossman <maura.grossman@uwaterloo.ca>
**Cc:** Hinger, Cathy <Cathy.Hinger@wbd-us.com>; Weaver, Kurt <Kurt.Weaver@wbd-us.com>; Bruno, Victoria <Victoria.Bruno@wbd-us.com>; Ames, Lela <Lela.Ames@wbd-us.com>; Baker, Jeremy <Jeremy.Baker@wbd-us.com>; Mervis, Michael T. <MMervis@proskauer.com>; Vinti, Baldassare <BVinti@proskauer.com>; Roche, Jennifer L. <jroche@proskauer.com>; Alladi, Om V. <OAlladi@proskauer.com>; Gordon, Amy B. <AGordon@proskauer.com>
**Subject:** Plaintiffs Proposed Priority Listing of Outstanding Motions to Complete Discovery

Dear Dr. Grossman,

As Ms. Hinger is currently traveling, I am writing to present Plaintiffs' position on the order of priorities for outstanding motions, which are set forth in the attached summary document prepared by Ms. Hinger. Ms. Hinger provided this list to TMUS on Sunday March 3, 2024, and Mr. Michael Mervis for TMUS and Ms. Hinger for Plaintiffs met and conferred about it by phone. TMUS will provide its list of proposed order of priorities separately. The following is a cover email for Plaintiffs' list prepared by Ms. Hinger:

The primary area of disagreement is whether TMUS's Motion to Compel Plaintiffs to Amend their Initial Disclosures concerning damages should be addressed first as TMUS asserts, or deferred until after all other deposition related motions are resolved and in connection with Plaintiffs' spoliation motion, as Plaintiffs assert. Plaintiffs assert TMUS's motion should not be considered first for the following reasons, which Plaintiffs discussed with TMUS:

1. Plaintiffs have served 4 subpoenas on Inteliquent for depositions the week of March 11th to preserve their rights to complete discovery within the current deadline (Rule 30(b)(6), John Bullock,

Tim Schneberger, Mary Hochheimer). Assuming Inteliquent will seek additional time to schedule these depositions after a ruling on Plaintiffs' Motion to Compel against Inteliquent, these depositions are a primary impediment to Plaintiffs' completion of fact discovery depositions. The sooner we can resolve the scope of these necessary depositions and schedule them, the sooner we can ascertain a firm close of discovery date.

2. As Plaintiffs have explained to TMUS, Plaintiffs require discovery from Inteliquent concerning certain information before they can determine the damages methodologies Plaintiffs' experts will use to calculate the aggregated class wide damages for terminating access charges and other types of damages. Plaintiffs require, among other things, clarifying testimony from Inteliquent about what certain signaling codes in its CDRs mean, information about Average Length of Call ("ALOC") information found within Inteliquent documents, information about the volume and percentages of TMUS direct long distance traffic Inteliquent carried at different points in time during its migration, and other information that may help Plaintiffs' experts with their methodologies. Inteliquent is refusing to produce any witnesses on anything without being ordered to do so by the Special Master.

3. Next, had TMUS not destroyed its CDRs, as explained in Plaintiffs' pending spoliation motion, Plaintiffs likely could have developed their damages methodologies with less burden and delay. If we had TMUS CDRs, Plaintiffs would not have had to engage in the type of piecemeal fact gathering they have been undertaking in search of substitute data sources to account for the calls *not* captured by Inteliquent's CDRs due to the traffic TMUS handed off to other providers. Further to this point, Plaintiffs served Interrogatories on TMUS last fall asking it to identify its total call volumes and call volumes it handed off to intermediate providers other than Inteliquent to help fill this gap resulting from TMUS not preserving its CDRs. TMUS's sworn interrogatory responses repeatedly asserted that TMUS does not have data that would enable it to determine that information. However, in the recent depositions of TMUS employees Sukhi Nehra and Satish Pachalla

(Mr. Pachalla's deposition was just last Friday, 3/1/24), both employees confirmed that certain documents in TMUS's production could be used to estimate certain scopes of call volumes carried by other intermediate providers, and in particular the volume of domestic long distance calls TMUS handed off to all intermediate providers other than Inteliquent in 2016, rendering TMUS's interrogatory responses inaccurate. Plaintiffs' counsel, Ms. Hinger discussed this point specifically with TMUS counsel, Mr. Mervis in a meet and confer on 3/3/24, asserting that TMUS's inaccurate information in its interrogatory responses makes it impossible for Plaintiffs to establish a methodology for its aggregated class wide damages for loss of terminating access charges until the fact discovery concerning the call volumes carried by other intermediate providers is complete.

4. Thus, the Inteliquent discovery and resolution of disputes, if any, over TMUS's inaccurate interrogatory responses about call volumes are necessary predicates to Plaintiffs' development of the very damages methodology TMUS's preferred first motion seeks to compel Plaintiffs to provide without the benefit of the factual information they need to develop a methodology.

Finally, TMUS's representations in the document it is sending to you that it has "not been able to obtain discovery about the basis for Plaintiffs' damages claims" is not true. TMUS has deposed Plaintiffs' 30(b)(6) witnesses and employees at length about factual information known to them about their damages, Plaintiffs have already amended their initial disclosures to describe the damages sought, TMUS recently served another set of interrogatories in response to which Plaintiffs will be producing additional factual information, and Ms. Hinger told Mr. Mervis in their 3/3/24 meet and confer that Plaintiffs would be producing more factual evidence concerning damages associated with their porting of numbers, which caused them to lose terminating access charges. TMUS is also deposing a former CTC employee next week who is expected to have additional information about CTC's damages. Therefore, TMUS has not been deprived of any discovery on damages, what has not been disclosed is the firm and final methodology for calculation of aggregated class wide terminating access charge

damages, which would be impossible for Plaintiffs to do now anyway due to the predicate fact discovery concerning potential elements of the methodology not yet being complete.  Rather, as Plaintiffs' list proposes, TMUS's motion should be considered in tandem with Plaintiffs' spoliation motion because they go hand in hand.

Best Regards,

Katie Gallagher

**Katie Gallagher**
She/Her
Of Counsel
Womble Bond Dickinson (US) LLP

**d:** 202-857-4451
**m:** 301-520-2878
**e:** Katie.Gallagher@wbd-us.com

2001 K Street, NW
Suite 400 South
Washington, DC  20006



**womblebonddickinson.com**
  

This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**********************************************************************
*********************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
**********************************************************************
*********************************************************************

**TMUS' Proposed Priority Listing of Outstanding Motions to Complete Fact Discovery**

| Motion | Time Motion Has Been Pending | Impact of a Decision on the Status of Discovery that Can Be Taken Before March 18, 2024 |
|---|---|---|
| TMUS's Opposed Motion to Compel Rule 26(a)(1)(A)(III) Damages Information and Supplement | On January 11, 2024, the Special Master said once the supplemental briefing was completed, she would turn to this motion as the next dispute up.<br><br>Motion pending since June 30, 2023.<br><br>Because the motion was still pending, on January 10, 2024, T-Mobile filed a supplemental brief informing the Special Master of new information which contradicted plaintiffs' representations in their opposition. Plaintiffs requested and received over a month to respond, and supplemental briefing was completed on February 13, 2024. | TMUS has not been able to obtain discovery about the basis for Plaintiffs' damages claims because Plaintiffs have refused to disclose adequate damages information. Decision on this motion is needed so that TMUS can proceed and conclude damages discovery. |
| Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony from Inteliquent, Inc. | Motion pending since: January 31, 2024 | |
| TMUS's Motion to Compel Rule 30(b)(6) Deposition Testimony from Plaintiff Craigville Telephone Co. d/b/a AdamsWells on Topic 7 | Motion pending since: February 2, 2024 | If this motion is resolved, TMUS can schedule and take the deposition of Craigville's 30(b)(6) witness on Topic 7. |
| TMUS's Motion for Additional Time to Depose Craigville | Motion pending since: February 16, 2024 | If this motion is resolved, TMUS can schedule and take the deposition of Craigville's |

| | | |
|---|---|---|
| | | 30(b)(6) witness on Topic 7 and revised Topics 21-22. |
| Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition Testimony from TMUS (remaining Matter 64 – Authenticity and Admissibility of Documents Produced by Parties) | Motion to Compel briefing completed on October 13, 2023. Remaining disputes pending since initial hearing on Motion to Compel: December 4, 2023. Supplemental Hearing: February 9, 2024. Relevant email exchanges on February 14-19, 2024. | |
| Plaintiffs' Motion to Restore Rule 30(b)(6) Time and to Compel TMUS to Reproduce Prepared Rule 30(b)(6) Witnesses on Matters 12(a) and 41 | Briefing will close on March 12, 2024. | |
| TMUS's Motion to Compel Plaintiffs to Designate a Witness to Testify about Topics 8(b), 18, 19, 21, 22 Based on the Special Master's rulings, T-Mobile submitted: (1) revised Topics 21 and 22 and (2) interrogatories in lieu of depositions on Topics 18 and 19. Disputes regarding these Topics remain. | Motion to Compel briefing completed on October 13, 2023. Remaining disputes pending since hearing on Motion to Compel: January 19, 2024. Additional briefing regarding plaintiffs' objections to revised Topics 21 and 22 was completed on February 16, 2024. Additional briefing or submissions are forthcoming this week regarding plaintiffs' objections to TMUS's interrogatories in lieu of depositions on Topics 18 and 19. (The parties intend to email the Special Master with an update on this dispute on March 4, 2024). | If disputes relating to TMUS's motion to compel are resolved, TMUS can schedule and take the deposition of CTC's 30(b)(6) witness on revised Topics 21-22, and obtain plaintiffs' responses to the interrogatories it served in lieu of deposition Topics 18-19. |
| Plaintiffs' Forthcoming Motion to Compel Supplemental Responses to | Not yet briefed. Plaintiffs will initiate meet and confer this week. | |

| | | |
|---|---|---|
| Second Set of Interrogatories regarding Call Volumes | | |
| Plaintiffs' Forthcoming Motion on Privilege Issues | Not yet briefed. Meet and confers ongoing. | |
| TMUS's Forthcoming Motion to Compel Further Amendments to Initial Disclosures | Not yet briefed. Meet and confers ongoing. | TMUS has requested Plaintiffs narrow their list of 114 witnesses so that TMUS can determine which witnesses plaintiffs plan to call at trial so that TMUS can take the necessary discovery. |
| Plaintiffs' Spoliation Sanctions Motion | Plaintiffs submitted their Reply on February 16, 2024. TMUS submitted a Surreply on February 29, 2024. Plaintiffs will submit Opp. to Surreply on March 11, 2024 | |
| Plaintiffs' Motion to De-Designate Confidentiality of William Rowe Deposition Transcript | Motion pending since: January 4, 2024. | |