# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-07190 |
| vs. | ) ) | Judge Lindsay C. Jenkins |
| T-MOBILE USA, INC., | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendant. | ) ) | |

## STIPULATION REGARDING DOCUMENTS

Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly situated companies, and Non-Party Inteliquent, Inc. ("Inteliquent"), have met and conferred and hereby stipulate as follows (the "Stipulation"):

1. This Stipulation is intended to cover documents, as defined by Federal Rule of Civil Procedure 34(a)(1)(A) and (B), produced by Inteliquent in this litigation.

2. Each document Inteliquent produced in this litigation from its files bearing an Inteliquent bates number, is deemed an authentic and genuine copy of a document found in Inteliquent's files in satisfaction of the requirement of authentication and identification under Rule 901 of the Federal Rules of Evidence, unless there are issues relating to the completeness of the document (e.g., missing or incomplete pages) ("Incomplete Document"). Incomplete Documents shall presumptively be deemed authentic, but Inteliquent will have the right to seek to rebut the foregoing presumption if it has a good faith basis to believe that such document does not satisfy either the authentication or identification requirements of Rule 901.

3.  In addition to the foregoing presumption, not later than 30 days after the close of expert discovery, Plaintiffs may, but are not required to, send to Inteliquent a list of the Incomplete Documents it proposes that Inteliquent stipulates satisfies the authentication and identification requirements of FRE 901. Within 21 days of serving this list, Inteliquent shall: (1) notify the Plaintiffs of the Incomplete Documents it agrees to stipulate satisfy the requirements of Rule 901 and the Plaintiffs and Inteliquent shall enter into a new stipulation memorializing those agreements; (2) provide the good faith basis for contesting the authenticity of any identified documents which Inteliquent disputes; and (3) meet and confer by video conference with Plaintiffs regarding the documents to which Inteliquent will not so stipulate to discuss their respective positions. If the Plaintiffs and Inteliquent cannot agree, the Plaintiffs shall have the right to address authenticity and identification issues with respect to the Incomplete Documents that remain in dispute in the Rule 30(b)(6) deposition described in paragraph 6 below (the "Post-Discovery Deposition").

4.  Not later than 30 days after the close of expert discovery, Plaintiffs shall send to Inteliquent a list of documents identified by bates numbers produced by Inteliquent that Plaintiffs propose that Inteliquent stipulates satisfy all the requirements of FRE 803(6). Within 21 days of Plaintiffs identifying the list of documents, Inteliquent shall: (1) notify Plaintiffs of the documents it agrees to stipulate satisfy the requirements of Rule 803(6) and the Plaintiffs and Inteliquent shall enter into a new stipulation memorializing those agreements; and (2) meet and confer by video conference with Plaintiffs regarding the documents to which it will not so stipulate to discuss their respective positions. If the Plaintiffs and Inteliquent cannot agree certain documents satisfy the requirements of Rule 803(6), the Plaintiffs shall have the right to address the status of such documents in the Post-Discovery Deposition.

5.     The Post-Discovery Deposition shall be a remote Rule 30(b)(6) deposition of Inteliquent, not to exceed 3 hours, concerning only authenticity or identification of documents pursuant to Rule 901, or business record status of documents pursuant to Rule 803(6).  The Post-Discovery Deposition must be conducted 90 days prior to the deadline for filing motions for summary judgment or trial, whichever is sooner.

6.     Plaintiffs stipulate that where a document was produced by both TMUS and by Inteliquent, and TMUS has already stipulated the document satisfies the requirements of authentication and identification of FRE 901 and the business records exception of FRE 803(6) pursuant to Plaintiffs' separate stipulation with TMUS, Plaintiffs will not pursue further stipulations or deposition testimony from Inteliquent concerning the same document or a substantially similar version of the same document if TMUS has already stipulated to authenticity and business records status of the portion of the document Plaintiffs intend to use.

7.     Nothing in this stipulation is intended to waive any exclusion or bar to admissibility under the Federal Rules of Evidence 401-403.  All objections under such Rules are preserved and retained, and nothing herein shall be construed to restrict or limit a Party's ability to interpose objections to Documents pursuant to such Rules.

*/s/ Cathy A. Hinger*
David T.B. Audley (Bar No. 6190602)
Mia D. D'Andrea (Bar No. 6307966)
Chapman and Cutler LLP
320 South Canal Street
Chicago, IL 60606
Tel. 312-845-2971
Fax: 312-516-3971
Email: audley@chapman.com
Email: dandrea@chapman.com

Cathy A. Hinger (*pro hac vice*)
Victoria A. Bruno (*pro hac vice*)
Kathleen O. Gallagher (*pro hac vice*)
Womble Bond Dickinson (US) LLP
2001 K Street, NW Suite 400 South
Washington, DC 20006
Tel.: 202-857-4489
Fax: 202-261-0029
Email: cathy.hinger@wbd-us.com
Email: victoria.bruno@wbd-us.com
Email: katie.gallagher@wbd-us.com

*Counsel for Plaintiffs*

By: */s/ Michael S. Pullos*
John J. Hamill
john.hamill@dlapiper.com
Michael S. Pullos
michael.pullos@us.dlapiper.com
Devin J. Carpenter
devin.carpenter@us.dlapiper.com
DLA PIPER LLP (US)
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312.368.7036/2176
Fax: 312.251.5809/312.630.6350

*Attorneys for Non-party Inteliquent, Inc.*

4

IT IS SO ORDERED:

September 3, 2024

                                        *Maura R. Grossman*
                                        Maura R. Grossman, J.D., Ph.D.
                                        Special Master