IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIGVILLE TELEPHONE CO. d/b/a ADAMSWELLS; and CONSOLIDATED TELEPHONE COMPANY d/b/a CTC ) ) ) ) | |
| Plaintiffs, ) | No. 1:19-cv-07190 |
| ) | |
| v. ) ) | Hon. Lindsay C. Jenkins Magistrate Judge Daniel P. McLaughlin |
| T-MOBILE USA, INC. ) ) ) | |
| Defendant. ) | |

**CONSENT MOTION TO STAY PROCEEDINGS PENDING MEDIATION**

Plaintiffs, Craigville Telephone Co. d/b/a AdamsWells and Consolidated Telephone Company d/b/a CTC, on behalf of themselves and a class of similarly situated companies ("Plaintiffs"), and Defendant T-Mobile USA, Inc. ("TMUS" and, together with Plaintiffs, the "Parties"), respectfully move this Court for a stay of all proceedings, including all remaining expert discovery deadlines and outstanding motions pending before the Special Master,[1] in order for the Parties to conduct a private mediation.

In support thereof, the Parties state as follows:

1. On August 31, 2024, fact discovery closed.

2. On November 4, 2024, Plaintiffs served their expert reports in accordance with the deadline set forth in the Court's October 7, 2024 Minute Order (ECF 519) (the "Minute Order").

---

[1] By Orders dated August 2, 2023 (ECF 469) and August 11, 2023 (ECF 470), Magistrate Judge Gilbert appointed Professor Maura Grossman to act as a Special Master in this case and empowered her to "address and resolve pretrial discovery issues and disputes between the parties in relation to all written and oral discovery." There are currently several discovery-related motions pending before her.

3. Following the close of fact discovery and Plaintiffs' service of their expert reports, counsel for the Parties engaged in a Rule 408 discussion concerning participating in a private mediation to take place prior to Defendants' expert disclosures. Per the Minute Order, TMUS's expert disclosures are currently due on January 7, 2025.

4. On November 18, 2024, counsel for the Parties memorialized their agreement to mediate in an email to the Special Master in which they also requested that the Special Master preliminarily pause any work she was undertaking while the Parties worked through the logistics of identifying potential mediators and assessing availabilities.

5. The Parties are actively interviewing mediators. Based on the Parties' communications with potential mediators, it appears that January 2025 is the earliest a mediation could begin. The Parties currently anticipate selecting a mediator and scheduling a mediation session shortly after the Thanksgiving holiday weekend, with an agreed goal of identifying and agreeing upon a mediator by no later than December 13, 2024.

6. Each of the Parties represents that they will engage in mediation in good faith and toward the goal of fully and finally resolving all outstanding claims raised in the pending litigation.

7. The relief sought by this motion is intended to maintain the status quo, including with respect to the time TMUS has to prepare and serve expert reports and the matters pending before the Special Master. The Parties join in this motion without waiving any rights they may currently have under law, including with respect to any motions they may be contemplating making but have not yet made. The Parties also request a stay so that they can fully focus their efforts on the mediation. The Parties have agreed not to file any new motions during the requested stay to facilitate these efforts and have further agreed that the period during which proceedings are stayed

will not be used as a basis to argue delay or prejudice in connection with any motion that may be made after the stay has ended.

8. The Parties agree that if the mediation is not successful, they will propose a revised case schedule to the Court. The revised schedule will reflect the Parties' agreement that TMUS be given 50 days[2] to submit its expert reports from the time the Parties agree the mediation was not successful.

9. To the extent the Court wishes to hear from counsel for the Parties on this motion, counsel for the Parties will be available at the Court's convenience.

WHEREFORE the Parties respectfully request the Court grant this motion.

Submitted on this 27th day of November, 2024.

---

[2] Fifty days is the amount of time TMUS had remaining to prepare its expert reports from the date on which the Parties first memorialized their agreement to mediate. *See supra* ¶ 4.

*/s/ Nigel F. Telman*
Nigel F. Telman
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602
(312) 962-3550 (312) 962-3551 (fax)
ntelman@proskauer.com

Bradley I. Ruskin (admitted *pro hac vice*)
Michael T. Mervis (admitted *pro hac vice*)
Baldassare Vinti (admitted *pro hac vice*)
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3249
(212) 969-2900
bruskin@proskauer.com
mmervis@proskauer.com
bvinti@proskauer.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of November, 2024, I served the foregoing **Consent Motion to Stay Proceedings Pending Mediation** via the ECF system on parties that have consented to the same in accordance with applicable Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois.

By: /s/ Nigel F. Telman